IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____
LEXINGTON INSURANCE COMPANY,  :  CIVIL ACTION
:
    Plaintiff,  :
:
v.  :  NO. 02-CV-4435
:
DAVID FORREST AND  :
T. BEAUCLERC ROGERS IV,  :
:
    Defendants.  :
_____:

**FORREST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR,
ALTERNATIVELY, STAY THE INSTANT PROCEEDINGS PENDING
CONCLUSION OF PARALLEL PROCEEDINGS IN ENGLAND**

    Defendant, David Forrest, by and through his undersigned counsel, hereby moves this Court as follows:

1.     Pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the complaint of plaintiff Lexington Insurance Company ("Lexington") for lack of in personam jurisdiction over Mr. Forrest on the grounds that:

    a.     Mr. Forrest, a citizen of England, lacks sufficient minimum contacts with Pennsylvania in that, at all times relevant hereto, his only contact with Pennsylvania consisted of telephone and telefax communications with co-defendant T. Beauclerc Rogers, IV, a resident of this district;

    b.     Lexington has pled no facts in support of its conclusory allegations that Mr. Forrest played a role in the alleged misconduct;

    c.     this Court's interest in protecting its citizens is not applicable here in that Lexington alleges no harm in Pennsylvania; and

    d.     the exercise of personal jurisdiction over Mr. Forrest would not comport with traditional notions of fair play and substantial justice because:

        1)     nearly all, if not all of the relevant documents are in the possession of an administrative tribunal in England, and it would be as

        convenient for Lexington, an international company with a London office, to litigate the same issues there where it has already accepted that Court's jurisdiction, as it would here;

   2) obtaining compulsory process over nearly all defense witnesses, nearly all of whom reside in England, would be difficult and unfairly burden Mr. Forrest; and

   3) the proceedings in England involve essentially the same parties and same issues, excepting the RICO claims.

2. Alternatively, if the Court determines that it can properly exercise personal jurisdiction over Mr. Forrest, it should dismiss Lexington's claims against Mr. Forrest pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over Lexington's claims because Lexington's alleged damages are contingent on the outcome of parallel litigation pending in England, with the result that

   a. Lexington's claims are not ripe for adjudication; and

   b. Lexington's alleged damages are speculative, unclear, and indefinite so that Lexington lacks standing to bring this action.

3. Alternatively, if the Court determines that it can properly exercise personal jurisdiction over Mr. Forrest and subject matter jurisdiction over this matter, it should either:

   a. dismiss the Complaint based on the doctrine of *forum non conveniens* because:

      1) nearly all the operative events alleged took place in England between and among residents of that jurisdiction;

      2) nearly all of the relevant evidence is located in England; and

      3) other relevant public and private interests support adjudication in England; or

   b. dismiss or stay the above-captioned matter based on principles of international comity and judicial efficiency in light of the pendency of two parallel English proceedings which may either render Lexington's claims moot or substantially narrow the issues for this Court to adjudicate.

4. If this Court finds that personal jurisdiction and subject matter jurisdiction are proper and declines to dismiss or stay these proceedings, this Court should:

   a. dismiss Counts I through IV of the Complaint as to Mr. Forrest pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted; and

   b. dismiss Counts I through IV of the Complaint with respect to the "Award" and "Regent I" film financing transactions as to Forrest because they fail to plead fraud with sufficient particularity pursuant to Fed. R. Civ. P. 9(b).

5. Mr. Forrest further moves the Court to grant such other and further relief as it may, in its discretion deem just and appropriate, including an award of costs and counsel fees, if the Court were to find that:

   a. Lexington has filed its Complaint to harass defendants and to cause needless increase in the cost of the litigation; or

   b. Lexington's claims and other legal contentions are not warranted by law; or

   c. there is no factual support, nor is there likely to be any after a reasonable opportunity for further investigation for Lexington's allegations and other factual contentions.

The grounds in support of this Motion are more fully set forth in the accompanying Memorandum of Law which Mr. Forrest incorporates by reference.

**DUANE MORRIS LLP**

By:_____
Edward M. Dunham, Jr.
Identification No. 21550
One Liberty Place
Philadelphia, PA 19103-7396
215.979.1148

Counsel for Defendant David Forrest

Dated: November 4, 2002