## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-CV-4435 |
| | : | |
| DAVID FORREST AND | : | |
| T. BEAUCLERC ROGERS IV, | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DAVID FORREST
## TO THE AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant David Forrest ("Forrest"), by and through his undersigned counsel, Duane Morris LLP, for his Answer and Affirmative Defenses to the Amended and Supplemental Complaint (the "Complaint") of Lexington Insurance Company ("Lexington") hereby responds to the corresponding paragraphs of the Complaint as follows:

1.     Admitted in part; denied in part.  It is admitted that Lexington purports to assert in the Complaint causes of action pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  The remaining allegations of this paragraph are denied.

2.     Admitted in part; denied in part.  It is admitted that Flashpoint Limited ("Flashpoint Jersey") solicited investments to finance the production of motion pictures, television series, and related undertakings in the multi-media and entertainment industry, as well as investment in film production and distribution facilities.  It is further admitted that Lexington and other insurers issued financial guaranty insurance policies in connection with those investments,

which policies were negotiated through the brokers Jardine Lloyd Thompson.  The remaining allegations of this paragraph are denied.

3.    Denied.

4.    Admitted in part; denied in part.  It is admitted that Lexington issued financial guaranty policies, which were described as Pecuniary Loss Indemnity Policies ("PLIPs"), for Hollywood Funding Nos. 4, 5, and 6 and that HIH Casualty & General Insurance Ltd. issued PLIPs for Hollywood Funding Nos. 1, 2, and 3.  It is denied that $240,200,000 represents the "amount raised."  Forrest is without knowledge or information sufficient to form a belief as to the truth of the dates of the closings for Hollywood Funding Nos. 1-6.  The remaining allegations of this paragraph are denied.

5.    Admitted in part; denied in part.  It is admitted that Lexington was engaged in litigation in England with respect to coverage under the PLIPs and that the litigation has been settled.  Forrest is without knowledge or information sufficient to form a  belief as to the truth of the averments related to the amounts Lexington expended to defend itself in the English litigation over the PLIPs.  Forrest denies the remaining allegations of this paragraph.

## PARTIES AND JURISDICTION

6.    Forrest is without information or knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph.

7.    Admitted in part; denied in part.  It is admitted that Forrest is a citizen of the United Kingdom, that Forrest was a named shareholder in Flashpoint (UK) Limited ("Flashpoint UK"), Flashpoint Jersey, Flashpoint Investments, Ltd. ("Flashpoint Investments"), and Ice Storm Entertainment Ltd. ("Ice Storm"), and that, from the inception of Flashpoint UK, Flashpoint

2

Jersey, and Flashpoint Investments, until June 2000, Forrest served as a director of each of these companies. The remaining allegations of this paragraph are denied.

8. Admitted in part; denied in part. It is admitted that Rogers is a resident of the Commonwealth of Pennsylvania, that Rogers held ownership interests in certain Flashpoint companies, and that he was a was a director of certain of the Flashpoint companies. Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

9. Admitted in part; denied in part. It is admitted that certain funds of the Flashpoint companies were invested in the United States. Forrest denies the remaining allegations of this paragraph.

10. Denied.

## THE FLASHPOINT COMPANIES

11. Admitted in part; denied in part. It is admitted that the companies listed on the chart attached to the Complaint as Exhibit "A" were and are affiliated and that Flashpoint Jersey, Flashpoint UK, and Flashpoint Investments were the subject of insolvency proceedings in the United Kingdom in March 2001. The remaining allegations of this paragraph are denied.

12. Admitted in part; denied in part. It is admitted that Flashpoint Jersey was organized under the laws of the Channel Islands, that Flashpoint UK was organized under the laws of the United Kingdom, that Flashpoint UK was engaged in the business of overseeing and monitoring the production of motion pictures, and that Flashpoint Jersey was engaged in the raising of insurance-backed finance. It is denied that Flashpoint UK was engaged in the business

3

of raising insurance-backed funds for the production of motion pictures and acting as the insurers' "risk manager." The remaining allegations if this paragraph are denied.

13.    Admitted in part; denied in part. Forrest admits that each of the entities set forth in subparagraphs (a), (b), (d), (e), and (f) had various business relationships with Flashpoint UK and Flashpoint Jersey and that the entities set forth in subparagraph (c) had a business relationship with Flashpoint UK or Flashpoint Investments. It is denied that all of the companies containing the name "New Beginnings" referenced in subparagraph (c) had a relationship to Flashpoint Jersey. Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations in subjection (g). The remaining averments contained in this paragraph are denied as stated.

14.    Admitted in part; denied in part. It is admitted that Forrest held 77.77% interest in Flashpoint Investments and that Rogers owned 100% interest in Bees & Honey LLC. Forrest is without knowledge or information sufficient as to form a belief as to the truth of the remaining averments contained in this paragraph.

15.    Denied.

16.    Admitted in part; denied in part. It is admitted that Flashpoint arranged for insurance-backed financing for motion pictures on a success fee basis. It is denied that Flashpoint, as it is known today, existed in 1995. Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

17.    Forrest is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

PH2\749490.1

18.    Forrest is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19.    Admitted in part; denied in part.  Forrest admits that Flashpoint was involved in the process of bringing together insurance as an additional security to be used by banks that were deciding whether to make loans to film production companies.  Forrest denies the averments contained in the first two sentences of this paragraph.  With respect to the remaining allegations of this paragraph, the businesses of the Flashpoint companies were defined by written contracts between the Flashpoint companies and the entities and persons with whom those companies dealt.  Those contracts are documents in writing, which speak for themselves, and Plaintiff's characterizations thereof in this paragraph are denied.

20.    Denied as stated.  Upon information and belief, the averments contained in this paragraph relate to statements made in documents in writing, which speak for themselves, and Plaintiff's characterizations thereof are therefore denied.  The remaining allegations of this paragraph are denied.

21.    Denied.  Forrest denies the averments contained in the first two sentences of this paragraph.  Forrest is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

22.    Admitted in part; denied in part.  It is admitted that Flashpoint did not earn fees from financing transactions that did not go forward.  The remaining allegations of this paragraph are denied.

5

23.    Admitted in part; denied in part.

    a)    The New Professionals

        i)    Admitted.

        ii)    Denied.

        iii)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

        iv)    Denied.

        v)    Denied.

    b)    Award

        i)    Admitted.

        ii)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

        iii)    Denied.

        iv)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

        v)    Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations of this subparagraph

    c)    The Secret Adventures of Jules Verne

        i)    Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations of this subparagraph.

        ii)    Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations of this subparagraph.

6

iii)    Forrest is without sufficient knowledge or information to form a belief as to the truth of the allegations of this subparagraph.

iv)    Denied.

v)    Denied.

vi)    Denied.

d)    Regent I

i)    Denied.

ii)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

iii)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph..

e)    It Had To Be You

i)    Admitted, upon information and belief.

ii)    Denied.  Forrest is without knowledge or information sufficient to form a belief as to the allegation that Jessel has asserted that he refused to alter his estimates in response to alleged pressure.  The remaining allegations of this subparagraph are denied.

24.    Denied as stated.  It is admitted that Flashpoint was involved in the executive production of motion pictures.  The remaining averments contained in this paragraph are denied.

25.    Admitted in part; denied in part.  It is admitted that Flashpoint obtained insurance-backed financial guarantees in connection with the production of motion pictures and that Forrest was involved in obtaining those guarantees.  Forrest denies the remaining allegations of this paragraph.

7

26.    Admitted in part; denied in part.  It is admitted that Forrest owned interests in companies that owned interests in New Beginnings Enterprises ("NBE") and that NBE owned Prosperity Pictures.  It is further admitted that Flashpoint informed the broker, Jardine Lloyd Thompson, of its ownership interests in NBE.  Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the last sentence of this paragraph.  The remaining allegations of this paragraph are denied.

27.    Denied.

28.    Admitted in part; denied in part.  It is admitted that Flashpoint did not maintain the funds for the Hollywood Funding transactions in segregated accounts.  The remaining allegations of this paragraph are denied.

29.    With respect to each allegation contained in this paragraph, Forrest denies that he knowingly engaged in any misappropriation, fraud, breach of trust, improper commingling of funds, or breach of contractual obligations with respect to the transactions identified in this paragraph.  Forrest specifically responds to the subparagraphs of this paragraph as follows:

a)    Regent

i)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

ii)    Admitted in part; denied in part.  It is admitted that Flashpoint did not segregate the funds for the Hollywood Funding transactions.  The remaining allegations of this subparagraph are denied.

8

iii)    Denied.  By way of further response, the contracts with respect to the Hollywood Funding Nos. 1, 2, and 3 transaction are documents in writing that speak for themselves, and Plaintiffs' characterizations thereof in this subparagraph are denied.

b)    Filmworks

i)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

ii)    Admitted in part; denied in part.  It is admitted that Flashpoint did not segregate the funds for the Hollywood Funding transactions.  The remaining allegations of this subparagraph are denied.

iii)    Denied.  By way of further response, the contracts with respect to the Hollywood Funding Nos. 1, 2, and 3 transaction are documents in writing that speak for themselves, and Plaintiffs' characterizations thereof in this subparagraph are denied.

iv)    Admitted in part; denied in part.  It is admitted that Forrest owned interests in companies that owned interests in NBE.  The remaining allegations of this subparagraph are denied.

c)    The Building/New Standard Post

i)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

ii)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph.

9

iii)    Admitted in part; denied in part.  It is admitted that Flashpoint did not maintain the Hollywood Funding funds in segregated accounts.  The remaining allegations of this subparagraph are denied.

iv)    Denied.  By way of further response, the contracts with respect to the Hollywood Funding No. 5 transaction are documents in writing that speak for themselves, and Plaintiffs' characterizations thereof in this subparagraph are denied.

v)    Denied.

d)    Russian Cinemas

i)    Denied.

e)    Icestorm

i)    Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this subparagraph of the Complaint.

ii)    Admitted in part; denied in part.  To the extent that the averments contained in this subparagraph of the Complaint allege any wrongdoing on the part of Forrest, any such alleged wrongdoing is denied.  By way of further response, it is admitted that Flashpoint posted security for Ice Storm equipment leases.  Forrest is without knowledge or information sufficient to form a belief as to the truth of the allegation that $3,426,652 was posted for Ice Storm equipment leases and as to the truth of the dates alleged in this subparagraph.  By way of further response, it is denied that Flashpoint posted $1,500,000 as security for Ice Storm equipment leases.

10

iii)    Denied.  By way of further response, the documents related to the various Hollywood Funding transactions are documents in writing that speak for themselves, and Plaintiff's characterizations thereof in this subparagraph are denied.

iv)    Denied.  By way of further response, the collateral agreement in connection with the Jules Verne project is a document in writing that speaks for itself, and Plaintiffs' characterizations thereof in this subparagraph are denied.

v)    Admitted in part; denied in part.  Forrest admits that Forrest and Rogers were shareholders in Icestorm.  The remaining allegations of this subparagraph are denied.

f)    Hollywood Funding No. 6

i)    Admitted in part; denied in part.  Forrest admits that the transaction known as Hollywood Funding No. 6 closed in or about December 1998.  By way of further response, the Hollywood Funding No. 6 transaction is governed by documents in writing, which speak for themselves, and Plaintiff's characterizations thereof and of Flashpoint's obligations thereunder in paragraph 29(f)(i) of the Complaint are denied.  By way of further response, Flashpoint disclosed to Plaintiff and to the broker, Jardine Lloyd Thompson, the use of the Hollywood Funding No. 6 funds and Plaintiff is estopped from raising the allegations set forth in this subparagraph of the Complaint.  The remainder of the allegations of this subparagraph are denied.

ii)    Denied.  By way of further response, Flashpoint disclosed to Plaintiff and to the broker, Jardine Lloyd Thompson, the use of the Hollywood Funding No. 6 funds and Plaintiff is estopped from raising the allegations set forth in this subparagraph.  The remainder of the allegations of this subparagraph are denied.

11

iii)    Denied.

iv)    Admitted in part; denied in part.  Forrest admits that the Flashpoint companies went into administration in March 2001.  Forrest denies that he or Flashpoint engaged in any "scheme" or that Forrest engaged in any attempt to "cover up" any alleged wrongdoing by altering Flashpoint's books.  Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this subparagraph.

30.    Denied in that the judgment of the Commercial Court of the High Court of Judicature of England and Wales is a document in writing, which speaks for itself.  Plaintiff's characterizations thereof in this paragraph are therefore denied.

31.    Admitted in part, denied in part.  It is admitted that Flashpoint entered into collateral agreements with Plaintiff in connection with Hollywood Funding Nos. 4 and 5 which, as documents in writing, speak for themselves.  The remaining allegations of this paragraph are denied.

32.    Denied.  By way of further response, Flashpoint disclosed to Plaintiff and to the broker, Jardine Lloyd Thompson, the use of the Hollywood Funding funds and Plaintiff is estopped from raising the allegations set forth in this paragraph.

Specifically:

a)    Denied.

b)    Admitted in part; denied in part.  It is admitted that Flashpoint did not maintain segregated accounts for the Hollywood Funding transactions.  The remaining allegations of this subparagraph are denied.

12

c)      Admitted in part; denied in part. It is admitted that Stanley Munson had an equity interest in a company that had an interest in the Flashpoint companies. The remaining allegations of this subparagraph of the Complaint are denied.

d)      Denied.

33.    Admitted in part; denied in part. It is admitted that Flashpoint and Plaintiff entered into a collateral agreement in connection with the Hollywood Funding No. 6 transaction and that the Hollywood Funding transaction closed near the end of 1998. By way of further response, Plaintiff is estopped from raising the allegations set forth in this paragraph. The remaining allegations of this paragraph are denied.

34.    Denied. By way of further response, Flashpoint disclosed to Plaintiff and to the broker, Jardine Lloyd Thompson, the use of the Hollywood Funding No. 6 funds and Plaintiff is estopped from raising the allegations set forth in this paragraph.

35.    Denied.

36.    Admitted in part; denied in part. It is admitted that Forrest did commit any alleged wrongdoing averred in paragraphs 26 or 27. Forrest denies the remaining allegations of this paragraph.

37.    Denied.

38.    Denied.

## ALLEGED USE OF JURISDICTIONAL MEANS

39.    Denied.

Forrest responds to the subparagraphs of paragraph 39 of the Complaint as follows:

13

a)      Admitted in part; denied in part.  It is admitted that sales estimates were transmitted from California to Flashpoint UK in England and that telephone calls and faxes were transmitted between California and Flashpoint UK.  By way of further response, the remaining allegations of this subparagraph are denied.

b)      Forrest is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of subparagraph 39(b) of the Complaint.

c)      Forrest is without knowledge or information to form a belief as to the truth of the allegations of this subparagraph.

d)      Admitted in part; denied in part.  It is admitted that faxes and telephone calls were made between Forrest in the United Kingdom and Rogers in the United States.  The remaining allegations of this subparagraph are denied.

The remaining allegations of this paragraph are denied.

40.    Denied.

41.    Denied.

## FIRST CLAIM FOR RELIEF

42.    Denied.

43.    Denied.

44.    Admitted in part; denied in part.  It is admitted that Flashpoint attempted to secure financing for the Hollywood Funding No. 7 transaction, that Flashpoint entered administration proceedings in London, and that Plaintiff pursued creditors' remedies in the United Kingdom.  The remaining allegations of this paragraph are denied.

45.    Denied.

14

46.    Denied.

## SECOND CLAIM FOR RELIEF

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

## THIRD CLAIM FOR RELIEF

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

## FOURTH CLAIM FOR RELIEF

57.    Denied.

58.    Denied.

59.    Denied.

## FIFTH CLAIM FOR RELIEF

60.    Denied.  By way of further response, the collateral agreements in connection with Hollywood Funding Nos. 4, 5, and 6 are documents in writing, which speak for themselves, and Plaintiff's characterizations thereof in this paragraph are denied.

15

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

**ALLEGED FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING**

65.    Denied.

66.    Admitted in part; denied in part.  It is admitted that Plaintiff audited Flashpoint.  It is denied that Flashpoint "stonewalled" or that Forrest directed it to do so.  By way of further response, Forrest did not participate in the activities of Flashpoint in August 2000.  Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

67.    Admitted in part; denied in part.  It is admitted that Plaintiff's auditors did not commence an audit of Flashpoint until November 2000.  It is denied that Plaintiff did not receive any access to Flashpoint's books and records before November 2000.  By way of further response, to the extent that the allegations of this paragraph plaint aver that Forrest knowingly misappropriated any funds, or aver any wrongdoing on the part of Forrest in connection with the books and records of Flashpoint, those averments are denied.  Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

68.    Denied.  To the extent that the allegations of this paragraph aver any wrongdoing on the part of Forrest in connection with the preparation or presentation of sales estimates, disclosure of the use of Hollywood Funding funds, or the availability of Flashpoint files, those

16

averments are denied.  By way of further response, Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

69.    Denied.  It is denied that each of the allegations of the Complaint are supported by documents or information.  By way of further response, upon information and belief, the rules of the High Court in England constitute documents in writing, which speak for themselves, and Plaintiff's characterizations thereof in this paragraph are therefore denied.  Forrest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

70.    The Amended and Supplemental Complaint (the "Complaint") fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

71.    This Honorable Court lacks subject matter jurisdiction over this action.

### THIRD DEFENSE

72.    This Honorable Court lacks personal jurisdiction over Defendant David Forrest ("Forrest").

### FOURTH DEFENSE

73.    Plaintiff has suffered no damages as a result of any acts of Forrest.

### FIFTH DEFENSE

74.    Plaintiff's recovery in this action is barred by virtue of the contributory negligence of Plaintiff or its agents, or both.

### SIXTH DEFENSE

75.    Plaintiff's recovery in this action is barred by virtue of the Plaintiff's assumption of the risk.

18

**SEVENTH DEFENSE**

76.    Plaintiff's recovery in this action is barred by virtue of Plaintiff's failure to conduct adequate due diligence.

**EIGHTH DEFENSE**

77.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**NINTH DEFENSE**

78.    Plaintiff's claims are barred by the doctrine of estoppel.

**TENTH DEFENSE**

79.    Plaintiff's claims are barred by virtue of Plaintiff's acceptance of payment of premiums for the Pecuniary Loss Indemnity Policies.

**ELEVENTH DEFENSE**

80.    Plaintiff's claims are barred by virtue of the doctrine of *res judicata*.

**TWELFTH DEFENSE**

81.    Plaintiff's claims are barred by virtue of the statute of frauds.

**THIRTEENTH DEFENSE**

82.    Plaintiff's claims are barred by virtue of the statute of limitations.

**FOURTEENTH DEFENSE**

83.    Plaintiff's claims are barred by virtue of the doctrine of laches.

PH2\749490.1

## FIFTEENTH DEFENSE

84.    Plaintiff's claims are barred by virtue of the doctrine of waiver.

## SIXTEENTH DEFENSE

85.    Plaintiff has settled and/or released all claims against Forrest.

## SEVENTEENTH DEFENSE

86.    Plaintiff's claims are barred under the doctrines of unclean hands or *in pari delicto*, or both.

## EIGHTEENTH DEFENSE

87.    Plaintiff's damages, if any, were caused by the acts or conduct of third parties for whose conduct Forrest is not responsible.

## NINETEENTH DEFENSE

88.    Plaintiff's common law claims are preempted by applicable federal statutes.

## TWENTIETH DEFENSE

89.    Plaintiff's claims are barred by virtue of Plaintiff's delay and lack of diligence in investigating or pursuing such claims, or both.

## TWENTY-FIRST DEFENSE

90.    Plaintiff lacks standing to assert claims against Forrest.

## TWENTY-SECOND DEFENSE

91.    Plaintiff lacks privity to assert claims against Forrest.

PH2\749490.1

**TWENTY-THIRD DEFENSE**

92.    Forrest lacked the specific intent to defraud Plaintiff or to cause harm to Plaintiff.

**TWENTY-FOURTH DEFENSE**

93.    Plaintiff did not rely on any of the alleged frauds.

**TWENTY-FIFTH DEFENSE**

94.    No probable cause exits for the alleged predicate acts of racketeering.

**TWENTY-SIXTH DEFENSE**

95.    None of the alleged acts of mail or wire fraud were part of a single scheme.

**TWENTY-SEVENTH DEFENSE**

96.    The Defendants' alleged actions did not constitute a pattern of racketeering activity.

**TWENTY-EIGHTH DEFENSE**

97.    The Defendants' alleged actions were not sufficient to serve as predicate acts under the RICO statute.

**TWENTY-NINTH DEFENSE**

98.    Plaintiff's injury to its business or property, if any, was not caused by the conduct of Forrest.

21

## THIRTIETH DEFENSE

99.    Plaintiff's injury, if any, was not caused by the use or investment of income received through a pattern of racketeering activity.

## THIRTY-FIRST DEFENSE

100.    The entity alleged to have committed the predicate acts of mail and wire fraud is indistinct from the alleged "enterprise."

## THIRTY-SECOND DEFENSE

101.    The Defendants did not participate in the alleged enterprise "through" a pattern of racketeering activity.

## THIRTY-THIRD DEFENSE

102.    Plaintiff's RICO claims are barred because there was no "enterprise" within the meaning of the RICO statute.

## THIRTY-FOURTH DEFENSE

103.    Plaintiff's damages, if any, were caused by the acts or conduct of Plaintiff or its agents, or both.

## THIRTY-FIFTH DEFENSE

104.    Plaintiff has failed to mitigate its damages, if any.

## THIRTY-SIXTH DEFENSE

105.    Plaintiff is not entitled to the relief it seeks in that it has brought this action solely to avoid its payment obligations under the financial guaranty insurance policies in question.

PH2\749490.1

## RESERVATION OF DEFENSES

106.    Forrest reserves the right to add additional defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant, David Forrest respectfully requests that the Court dismiss the Amended and Supplemental Complaint with prejudice, enter judgment in his favor and against Plaintiff Lexington Insurance Company on all counts, award costs and attorneys' fees, to the extent permitted by law, and award any such further relief as the Court may deem just and appropriate.

Respectfully submitted,

**DUANE MORRIS LLP**


By:_____
    Edward M. Dunham, Jr.
    Pa. Identification No.  21550
    Shannon Hampton Sutherland
    Pa. Identification No. 90108
    One Liberty Place
    Philadelphia, PA  19103-7396
    215.979.1148/1104

    Counsel for Defendant
    David Forrest

## CERTIFICATE OF SERVICE

I, Shannon Hampton Sutherland, Esquire, hereby certify that on this 20th day of August,

2003, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of

David Forrest to the Amended and Supplemental Complaint to be served by U.S. First Class Mail

upon the following:

> Jeffrey R. Lerman, Esquire
> Glenn F. Rosenblum, Esquire
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 South Broad Street
> Philadelphia, Pennsylvania 19109
>
> -and-
>
> Edward P. Krugman, Esquire
> Cahill, Gordon & Reindel
> 80 Pine Street
> New York, New York 10005
>
> Counsel for Plaintiff
>
>
> James J. Rohn, Esquire
> Nicholas M. Centrella, Esquire
> Kevin Dooley Kent, Esquire
> Conrad O'Brien Gellman & Rohn PC
> 1515 Market Street, 16th floor
> Philadelphia, PA  19102
>
> Counsel for Defendant T. Beauclerc Rogers IV


Dated:  August 20, 2003                    _____

                                           Shannon Hampton Sutherland