UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>  -against-<br><br>DAVID FORREST and T. BEAUCLERC ROGERS IV,<br><br>           Defendants. | Civil Action No. 02-CV-4435<br>(Hon. Anita B. Brody) |

**LEXINGTON INSURANCE COMPANY'S INITIAL
DISCLOSURES UNDER RULE 26(a)(1) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Lexington Insurance Company ("Lexington"), the plaintiff in this action, makes the following Initial Disclosures based upon information currently available to it:

**I.**

**INDIVIDUALS WHO MAY HAVE DISCOVERABLE
INFORMATION UNDER RULE 26(a)(1)(A)**

The individuals set forth below are likely to have discoverable information that Lexington may use to prove its claims in this action.

| *Name and Affiliation* | *Last Known Address* | *Subject of Information* |
|---|---|---|
| BRACE, Robert<br> former President of AIG Entertainment | c/o Cahill Gordon & Reindel LLP | Lexington's underwriting of the HF4 contract and, specifically, the collateral agreement associated therewith |
| BROAD, Victor<br> former underwriter for Sphere Drake Insurance Company | Yuranderee<br>2 Oakland Way<br>Tadworth, Surrey<br>England | Underwriting of *The New Professionals* |
| CANDELA, Michael<br> former officer of 7.23 Productions/New Beginnings Enterprises | 1527 South Holt Avenue<br>Los Angeles, CA 90035 | Operation of Flashpoint's California operations |

| *Name and Affiliation* | *Last Known Address* | *Subject of Information* |
|---|---|---|
| COLICHMAN, Paul<br>    Regent Entertainment | 1401 Ocean Avenue,<br>Suite 300<br>Santa Monica CA 90401 | Regent allegations of complaint (sales estimates and diversions of funds); Regent aspects of HF6 |
| COUPE, David, Esq.<br>    Ince & Co. | c/o  Ince & Co.<br>Knollys House<br>11 Byward Street<br>London EC3R 5EN<br>England | Negotiation of collateral agreements |
| DAWSON, Gordon<br>    former broker at Lloyd Thompson | 3 Rosehill Road<br>London SW18 2NY<br>England | Placement of *The New Professionals, It Had To Be You,* and HF1, 2, 3, 4; content of misrepresentations; fraud |
| DE LESPINOIS, Pierre<br>    Crest Films Ltd. | Crest Entertainment LLC<br>16661 Cumbria Verde Drive<br>Pacific Palisades, CA 90272 | Allegations of the complaint concerning HF4 (*Jules Verne*) |
| DROMGOOLE, June<br>    formerly of the BBC | Channel Four Television<br>124 Horseferry Road<br>London SW1P 2TX<br>England | Purported sale of *Jules Verne* (HF4) to the BBC |
| DRUMMOND BRADY, Mark<br>    broker at Lloyd Thompson | c/o  JLT Risk Solutions Ltd.<br>6 Crutched Friars<br>London EC23N 2PH<br>England | Placement of all Flashpoint risks |
| DUNN, Neil<br>    formerly of Talisman Films Ltd. | 5 Addison Place,<br>London W11 4RJ<br>England | HF4 (*Jules Verne*) allegations of the complaint |
| EMMA, Thomas<br>    Artist View Entertainment | 12500 Riverside Drive<br>Suite 20113<br>North Hollywood, CA 91607 | Sales estimates re *Romantic Moritz* |
| FAST, Adam<br>    Filmwave Entertainment | 1828 Broadway<br>Santa Monica, CA  90404 | Sales estimates re Award (HF3) |
| FENTON, Douglas | c/o  Miller Ins. Services Ltd.<br>5 Jewry Street<br>London EC3N 2PJ<br>England | Placement of HF4, 5, 6 |
| FINK, Martin<br>    former head of Flashpoint's California operations | c/o  Michelman & Robinson LLP<br>15760 Ventura Boulevard<br>Suite 500<br>Encino, California 91436 | Diversions of funds by Flashpoint; "The Building"; Flashpoint's California operations; sales estimates; organization of the Flashpoint Enterprise |

| *Name and Affiliation* | *Last Known Address* | *Subject of Information* |
|---|---|---|
| FORREST, David<br>  defendant and principal of the Flashpoint Enterprise | c/o DuaneMorris LLP | Factual allegations against both defendants |
| FRIEDENN, Neva<br>  Award Entertainment | Award Entertainment<br>1800 North Highland Ave.<br>Suite 506<br>Hollywood, CA 90128 | Matters related to Award (HF3) |
| FRIES, Christopher<br>  Filmwave Entertainment | 1828 Broadway<br>Santa Monica, CA 90404 | Sales estimates re Award (HF3) |
| GEORGE, Tony, Esq.<br>  Ince & Co. | c/o Ince & Co.<br>Knollys House<br>11 Byward Street<br>London EC3R 5EN<br>England | Negotiation of collateral agreements |
| GROVE, Richard<br>  former president of Media Ventures International | 1808 Chestnut Avenue<br>Glenview, IL 60025 | *Jules Verne* (HF4) sales estimates |
| GUILLOT, Jean-Michel<br>  former underwriter for Axa Réassurances | 3 Rue de Fontenay<br>92340 Bourg La Reine<br>France | Materiality of misrepresentations and omissions |
| HARRIS, Mark<br>  Regent Entertainment | 1401 Ocean Avenue,<br>Suite 300<br>Santa Monica CA 90401 | Regent sales estimates |
| JACKSON, David<br>  Showcase Entertainment, Inc. | Warner Center<br>21800 Oxnard Street<br>Suite 150<br>Woodland Hills, CA 91367 | Award (HF3) sales estimates |
| JACKSON, Richard<br>  Talisman Films Ltd. | [tba] | Sales estimates and other matters related to *Jules Verne* (HF4) |
| JARCHOW, Steven<br>  Regent Entertainment | 1401 Ocean Avenue,<br>Suite 300<br>Santa Monica CA 90401 | Regent allegations of complaint (sales estimates and diversions of funds); Regent aspects of HF6 |
| JESSEL, Ian<br>  formerly of Condor Communications LLC | Condor Communications<br>6671 Sunset Boulevard<br>Hollywood, CA 90028 | Sales estimates on *It Had To Be You* |
| KANANACK, Claude and Michael | Arthur Kananack & Assocs.<br>12 Hunt Lane<br>Weston, CT 06883 | Heirs of Arthur Kananack of AKA Movies; documents relating to sales estimates and related matters on HF6 |

| *Name and Affiliation* | *Last Known Address* | *Subject of Information* |
|---|---|---|
| KAPLAN, Neil<br>    producer of *It Had To Be You* | 465 South Beverly Drive<br>Third Floor<br>Beverly Hills, CA 90212 | Sales estimates on *It Had To Be You* |
| LAMPING, David<br>    The David Lamping Company | Ferry House<br>South Stoke<br>Oxon RG8 0JL<br>England | Sales estimates for *The New Professionals* |
| LYWOOD, Rupert<br>    Matrix Securities Ltd. | Gossard House<br>7-8 Savile Row<br>London W1X 1AF<br>England | Matters related to *Jules Verne* (HF4) and *The New Professionals* |
| MANN, Richard<br>    7.23 Productions/New Beginnings Enterprises | Richard Mann Group<br>11210 Briarcliff Lane<br>Studio City, CA 91604 | Allegations re Prosperity (HF5, 6); background on earlier transactions; background on Flashpoint's California operations |
| MASLAK, Paul<br>    President of Award Entertainment | Award Entertainment<br>1800 North Highland Ave.<br>Suite 506<br>Hollywood, CA 90128 | Matters related to Award (HF3) |
| MITCHELL, Steven<br>    former underwriter for Lexington (AIG Entertainment) and HIH | c/o Cahill Gordon & Reindel LLP | Lexington's underwriting of the HF4, 5, 6 contracts; HIH's underwriting of Award and the other HF1, 2, 3 contracts |
| MOORE, Ian<br>    Moore Management Services | Moore Management Services<br>Third Floor<br>45 Espianade<br>St. Heller JE4 2YQ<br>Jersey | Structure of Flashpoint operations |
| MOSES, Maurice<br>    Joint Administrator of Flashpoint (UK) | Numerica<br>PO Box 2653<br>66 Wigmore Street<br>London W1A 3RT<br>England | Diversions of funds; source of documents and information re Flashpoint operations, film revenues, and similar matters |
| MUNSON, Stanley, Esq.<br>    formerly of Tarlo Lyons | Websters Farm High Street<br>Glinton<br>Peterborough<br>Cambridgeshire PE6 7LS<br>England | Drafting and negotiation of collateral agreements; control of Flashpoint's expenditures and diversions of funds; organization of the Flashpoint Enterprise |
| NEUHAUSER, Alice<br>    former Chief Operating Officer of New Beginnings Enterprises | 8671 Wilshire Boulevard<br>Suite 610<br>Beverly Hills, CA 90211 | All aspects of Flashpoint's California operations |
| OULTON, Carolyn<br>    Talisman Films Ltd. | 5 Addison Place,<br>London W11 4RJ<br>England | Purported sale of *Jules Verne* (HF4) to the BBC |

| Name and Affiliation | Last Known Address | Subject of Information |
|---|---|---|
| PEACOCK, Keith<br>former General Manager of Lexington's London underwriting operation | c/o Cahill Gordon & Reindel LLP | Lexington's underwriting of the HF4, 5, 6 contracts |
| POLATO, Cecilia<br>former underwriter for Kemper Re | unknown, but currently believed to reside in the United States | Materiality of misrepresentations and omissions |
| RACK, B.J.<br>President, Motion Picture Bond Co. | 1801 Ave. of the Stars<br>Suite 1010<br>Los Angeles, CA 90067 | Operation of Flashpoint's California operations; Prosperity (HF5, HF6) issues |
| RANSOHOFF, Steven | Film Finance, Inc.<br>9000 Sunset Boulevard<br>Suite 1400<br>Los Angeles, CA 90069 | Sales estimates on *It Had To Be You* |
| RINGROSE, Marcus | [tba] | Materiality; underwriting of HF4 |
| ROGERS, T. Beauclerc, IV<br>defendant and principal of Flashpoint Enterprise | c/o Conrad O'Brien Gellman & Rohn, PC | Factual allegations against both defendants |
| RULE 30(b)(6) witness from Edgewood Productions | 12500 Riverside Drive<br>Suite 201-B<br>North Hollywood, CA 91607<br>or<br>Howe Centre, Unit 12B<br>1 Scale Avenue<br>Suite 90<br>Rutland, VT 05701-4459 | Diversions of funds and related issues re HF6 |
| RULE 30(b)(6) witness from New City Productions | New City Productions<br>1380 Burrard Street<br>Vancouver, B.C. V6Z 2H3<br>Canada | Diversions of funds and related issues re HF6 |
| RULE 30(b)(6) witnesses from each of the organizations identified in the complaint | | Allegations of the complaint relating to such organization |
| SALMON, Peter<br>formerly BBC Head of Independent Commissions | Still at the BBC, in a different position, and can presumably be reached there (London) | Purported sale of *Jules Verne* (HF4) to the BBC |
| SARLUI, Helen<br>formerly of Regent Entertainment | 10540 Lindbrok Drive<br>Los Angeles, CA 90024 | Regent sales estimates |
| SHALCROSS, Alan | [tba] | Purported sale of *Jules Verne* (HF4) to the BBC |

| *Name and Affiliation* | *Last Known Address* | *Subject of Information* |
|---|---|---|
| SHAPIRO, Cara<br>    Award Entertainment | Warner Center<br>21800 Oxnard Street<br>Suite 150<br>Woodland Hills, CA 91367 | Award (HF3) sales estimates |
| TURNER, Neil<br>    former broker at Lloyd Thompson | The Garden Flat<br>98 Fordwych Road<br>West Hampstead<br>London NW2 3TJ<br>England | Origins of Flashpoint insurance-based film finance techniques; sales estimates in general |
| WIGNALL, Andrew<br>    former director of Flashpoint Ltd. | Moore Management Services<br>Third Floor<br>45 Espianade<br>St. Heller  JE4 2YQ<br>Jersey | Structure of Flashpoint operations |
| WRIGHT, Susan<br>    former (?) Flashpoint executive | 18 Wilson Close<br>Willesborough<br>Ashford<br>Kent TW24 0HX<br>England | Diversions of funds; Flashpoint's use of funds and accounting; representations made to Lexington and others |

Lexington's investigation and discovery concerning this case is continuing.  If additional information is obtained after the date of these Disclosures, Lexington will supplement these Disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## II.

### DESCRIPTION OF DOCUMENTS BY CATEGORY AND LOCATION PURSUANT TO RULE 26(a)(1)(B)

Lexington may use the following categories of documents to support its claims in this action.  Identification of documents or categories of documents is not intended to, and does not, waive any privilege or other protection (including work product protection or similar protections under English law) inhering in such documents.  A privilege log will be provided in connection with actual production.  Documents relating solely to damages are identified in Section III below.

1. Subject to slight redactions to eliminate material that Lexington is prohibited from disclosing by English law, the March 12, 2003 report of Andrew Maclay, a forensic accountant retained by Lexington in connection with its pursuit of creditors' remedies against Flashpoint

(UK) and its defense of the recently settled UK litigation with respect to the HF4 and HF5 transactions. This report summarizes and describes certain aspects of defendants' misappropriation of funds raised by Flashpoint. The redacted report is being filed as part of Lexington's RICO Case Statement.

   2. Documents in the possession, custody, and control of Lexington that were produced by Lexington in the English proceedings. These documents can be produced either electronically (for the most part) or in hard copy. Arrangements for production of these documents in the desired format can be made through Cahill Gordon & Reindel LLP.

   3. Documents provided to Lexington's solicitors in the English proceedings by the Flashpoint administrators (the equivalent of bankruptcy trustees in the United States). These documents, many of which exist in electronic format, can be provided to Defendants. Arrangements for production of these documents in the desired format can be made through Cahill Gordon & Reindel LLP.

   4. Documents produced by parties other than Lexington in the English proceedings. Such documents generally fall into two categories:

   (a)   Documents that were produced voluntarily by third parties (and, to some extent, by parties) in the English proceedings and that, as a result, are not subject to any confidentiality orders or restrictions against disclosure and can be produced by Lexington in this action. These documents can be made available in electronic (in about 95% of the cases) or hard copy format. Documents were produced voluntarily to Lexington in the English proceedings by, among others, JLT Risk Solutions, Numerica (as administrator of Flashpoint UK), Martin Fink, Richard Grove, Neil Dunn, David Lamping, Media Ventures International, and Talisman Films Limited. Arrangements for production of some or all of these documents in the desired format can be made through Cahill Gordon & Reindel LLP.

    (b)    Documents that were produced under disclosure rules or orders in the English proceedings and, hence, are subject to the prohibition of Rule 31.22 of the English Civil Procedure Rules against disclosure to third parties outside the litigation in which they were produced. Lexington is advised that Rule 31.22 has the force of law and prohibits production of these documents in this action absent an order by the English Court. Documents that fall into this category include certain documents produced by JLT, Regent International, and other parties to the English proceedings. Plaintiff will not object to any application filed by defendants, or either of them, with the English Court seeking production of some or all of such documents to the extent such documents would otherwise be discoverable in this proceeding.

    5. The several agreements implementing the settlement of the UK litigation. These documents are confidential by agreement. Lexington acknowledges its obligation to produce them, subject to entry of a suitable confidentiality order in this proceeding (which Lexington has sought).

    6. Witness statements and expert reports exchanged in the UK litigation. These fall into two categories:

    (a)    Witness statements and expert reports proffered by parties other than Lexington are subject to the mandatory confidentiality requirements of Rule 32.12 of the English Civil Procedure Rules and, Lexington is advised, cannot be produced by Lexington absent consent of the witness or an order of the English Court as set forth in paragraph 4(b) above.

    (b)    Witness statements and expert reports proffered by Lexington are subject to the same restrictions, but Lexington will seek the consent of the witnesses to obviate, to the extent possible, the need for application to the

English Court as to these statements. To the extent, however, that the witness statements or expert reports refer to materials covered by Rule 31.22 (the document confidentiality rule referred to above), leave of the English Court will be required in any event. Except for the Maclay Report, it is anticipated that substantially all of the expert reports make such extensive reference to materials covered by Rule 31.22 as not to be producible at all absent leave of Court.

7. Transcripts of proceedings in open court in the UK proceedings. These are available through Cahill Gordon & Reindel LLP.

Lexington's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these Disclosures, Lexington will supplement these Disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

### III.

### COMPUTATION OF DAMAGES PURSUANT TO RULE 26(a)(1)(C) AND IDENTIFICATION OF ASSOCIATED DOCUMENTS

All of the claims in the Complaint seek one or more of the following categories of damages. Pounds Sterling are converted to United States Dollars at £1 = $1.5712.

1. *Amount paid by Lexington to settle UK litigation, net of recoveries from other parties (including reinsurers)*: To be supplied upon entry of a confidentiality order.

2. *Costs of Lexington in defending the UK litigation or otherwise charged to the claims files for the HF4, 5, 6 policies, net of recoveries from other parties (including reinsurers)*: approximately $5.2 million, subject to revision based on ongoing review and audit of the claims file.

3. *Costs of Lexington associated with the Hollywood Funding claims not charged to the claims files and therefore not recovered from third parties (principally costs of Cahill Gordon & Reindel LLP and Freshfields Bruckhaus Derringer)*:

- Cahill Gordon & Reindel LLP:   $489,877.17 less the portion of this amount (being reviewed but currently estimated to be less than $25,000) that relates specifically to this action and thus is recoverable only as attorneys' fees in this action, plus certain additional amounts being researched.
- Freshfields:        £1.34 million = $2,105,408.
- Denton Wilde Sapte:     £121,334.61 = $190,640.94.
- Norton Rose:      to be supplied
- Certain in-house and related costs, including time of management and in-house counsel, are being accumulated and will be supplied.

4. *Costs of Lexington in pursuing its creditors' remedies against Flashpoint*: £151,250.22 = $237,644.35.

Documents supporting these calculations and/or estimates consist principally of (a) the agreements embodying the settlement of the UK litigation, (b) time and disbursement records (including, *e.g..*, charges for consultants) of the law firms involved in the various litigations and other matters identified above, (c) time records (to the extent available) of the employees of Lexington and/or American International Group, Inc. and its subsidiaries who handled various aspects of these proceedings on behalf of Lexington. Copies of these documents, subject to appropriate redactions to prevent disclosure of privileged or otherwise protected material, will be made available for inspection and copying.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Rule 26(e) of the Federal Rules of Civil Procedure, except for claims of interest, which should be assumed by the parties and which do not call for any specific supplementation.

## IV.

### RELEVANT INSURANCE AGREEMENTS
### PURSUANT TO RULE 26(a)(1)(D)

Not applicable.

Dated:   September 2, 2003

                                    MONTGOMERY, MCCRACKEN, WALKER & RHOADS LLP

                                    By:   /s/  Jeffrey R. Lerman
                                                  Jeffrey R. Lerman
                                    123 South Broad Street
                                    Philadelphia, Pennsylvania  19109
                                    (215) 772-1500

                                    CAHILL GORDON & REINDEL LLP

                                    By:   /s/  Edward P. Krugman
                                                  Edward P. Krugman
                                    80 Pine Street
                                    New York, New York  10005
                                    (212) 701-3000

                                    *Attorneys for Plaintiff*