**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>                  Plaintiff,<br>   v.<br><br>DAVID FORREST, T. BEAUCLERC ROGERS IV, STANLEY MUNSON, MARTIN FINK, all individually, and NEW BEGINNINGS ENTERPRISES LLC, A California Limited Liability Company, and TARLO LYONS, a partnership,<br><br>                  Defendants. | CIVIL ACTION<br><br>NO. 02-CV-4435<br><br>(Hon. Anita B. Brody) |

**ANSWER OF NEW BEGINNINGS ENTERPRISES LLC TO THE
SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

      Defendant New Beginnings Enterprises LLC ("NBE"), by and through its counsel of record, hereby answers the Second Amended and Supplemental Complaint ("Complaint") of Plaintiff Lexington Insurance Company ("Plaintiff") for itself alone and for no other defendant by admitting, denying and alleging as follows:

      1.     NBE admits that this action is brought under the Racketeer Influenced and Corrupt Organizations Act.  As to the remaining allegations in paragraph 1 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

      2.     The allegations contained in paragraph 2 of the Complaint do not allege any conduct by NBE and no allegation contained in paragraph 2 is directed towards NBE.  In addition, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and therefore denies them.

      3.     NBE denies the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint do not allege any conduct by NBE and no allegation contained in paragraph 4 is directed towards NBE. In addition, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and therefore denies them.

5. NBE denies that the claims against Plaintiff resulted from NBE's alleged frauds. As to the remaining allegations in paragraph 5 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and therefore denies them.

## IN ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING PARTIES AND JURISDICTION

6. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, and therefore denies them.

7. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and therefore denies them.

8. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and therefore denies them.

9. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and therefore denies them.

10. NBE admits that Martin Fink is a manager of NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Complaint, and therefore denies them.

11. NBE admits that NBE is a California limited liability company and is sued only in the Eighth Claim for Relief. NBE denies the remaining allegations contained in paragraph 11 of the Complaint.

12. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and therefore denies them.

13. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, and therefore denies them.

14. NBE denies the allegations contained in paragraph 14 of the Complaint.

### IN ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING THE FLASHPOINT ENTERPRISE

15. The first sentence of paragraph 15 of the Complaint is definitional and is not an averment of fact. As to the remaining allegations contained in paragraph 15 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

16. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, and therefore denies them.

17. NBE admits that NBE is a holding company for New Beginnings Media, The Building LLC, Prosperity Pictures and New Standard Post. As to the remaining allegations contained in paragraph 17 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

18. NBE admits that Flashpoint Investments Ltd. is a member of NBE. NBE also admits that the New Beginnings companies, Prosperity Picture, The Building LLC, and New Standard Post were physically located in or around Los Angeles, California. As to the remaining allegations contained in paragraph 18 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

### IN ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING "THE SCHEME"

19. NBE denies the allegations contained in paragraph 19 of the Complaint.

20. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and therefore denies them.

21. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and therefore denies them.

22. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, and therefore denies them.

23. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore denies them.

24. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and therefore denies them.

25. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore denies them.

26. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and therefore denies them.

27. (a) NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27(a) of the Complaint, and therefore denies them.

(b) NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27(b) of the Complaint, and therefore denies them.

(c) NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27(c) of the Complaint, and therefore denies them.

(d) NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27(d) of the Complaint, and therefore denies them.

(e) NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27(e) of the Complaint, and therefore denies them.

(f) NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27(f) of the Complaint, and therefore denies them.

28. The allegations contained in paragraph 28 of the Complaint do not allege any conduct by NBE and no allegation contained in paragraph 28 is directed towards NBE. In addition, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, and therefore denies them.

29. The allegations contained in paragraph 29 of the Complaint do not allege any conduct by NBE and no allegation contained in paragraph 29 is directed towards NBE. In addition, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, and therefore denies them.

30. The allegations contained in paragraph 30 of the Complaint do not allege any conduct by NBE and no allegation contained in paragraph 30 is directed towards NBE. In addition, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, and therefore denies them.

31. The allegations contained in paragraph 31 of the Complaint do not allege any conduct by NBE and no allegation contained in paragraph 31 is directed towards NBE. In

addition, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint, and therefore denies them.

32.     NBE denies that it misappropriated funds, that it breached any trust, and that it acted fraudulently.  As to the remaining allegations contained in paragraph 32 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

33.     (a)     NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(a) of the Complaint, and therefore denies them.

(b)     NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(b) of the Complaint, and therefore denies them.

(c)(i)    NBE is unable to verify the specific dates and dollar amounts alleged in paragraph 33(c)(i) of the Complaint as Plaintiff is in possession of NBE's original documents containing such information.  Nonetheless, NBE admits that the transaction as generally described in paragraph 33(c)(i) did occur.

(c)(ii)   NBE is unable to verify the specific dates and dollar amounts alleged in paragraph 33(c)(ii) of the Complaint as Plaintiff is in possession of NBE's original documents containing such information.  Nonetheless, NBE admits that the transaction as generally described in paragraph 33(c)(ii) did occur.

(c)(iii)  NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(c)(iii) of the Complaint, and therefore denies them.

(c)(iv)   NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(c)(iv) of the Complaint, and therefore denies them.

(c)(v)   NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(c)(v) of the Complaint, and therefore denies them.

(d)   NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(d) of the Complaint, and therefore denies them.

(e)   NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(e) of the Complaint, and therefore denies them.

(f)   NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(f) of the Complaint, and therefore denies them.

(g)(i)   NBE denies that Flashpoint, as defined in the Complaint, co-produced "Beautiful." NBE admits that "Beautiful" was never intended to be part of the Prosperity II slate. As to the remaining allegations contained in paragraph 33(g)(i) of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

(g)(ii)   NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33(g)(ii) of the Complaint, and therefore denies them.

34. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint, and therefore denies them.

35. Paragraph 35 of the Complaint is a statement rather than an allegation to which any response is required.

36. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and therefore denies them.

37. NBE denies the allegations set forth in paragraph 37 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 37 of the Complaint, and therefore denies them.

38. NBE denies the allegations set forth in paragraph 38 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 38 of the Complaint, and therefore denies them.

39. NBE denies the allegations set forth in paragraph 39 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 39 of the Complaint, and therefore denies them.

40. NBE denies the allegations set forth in paragraph 40 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 40 of the Complaint, and therefore denies them.

41. NBE denies the allegations set forth in paragraph 41 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 41 of the Complaint, and therefore denies them.

42. NBE denies the allegations set forth in paragraph 42 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 42 of the Complaint, and therefore denies them.

43. NBE denies the allegations set forth in paragraph 43 of the Complaint to the extent that any such allegations are construed against NBE. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 43 of the Complaint, and therefore denies them.

44. NBE denies the allegations contained in paragraph 44 of the Complaint.

45. NBE denies the allegations contained in paragraph 45 of the Complaint.

46. NBE denies the allegations contained in paragraph 46 of the Complaint.

**IN ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING
USE OF JURISDICTIONAL MEANS**

47. NBE denies that it engaged in any scheme to defraud Plaintiff. As to the remaining allegations contained in paragraph 47 of the Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

48. NBE denies that funds were taken by fraud to the extent that the allegation is construed against NBE. As to the remaining allegations contained in paragraph 48 of the

Complaint, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

49. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint, and therefore denies them.

### IN ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF
### FOR VIOLATION OF 18 U.S.C. § 1962(c)

50. Plaintiff does not allege the first claim for relief for violation of 18 U.S.C. § 1962(c) against NBE, and therefore, NBE does not respond to paragraph 50 of the Complaint.

51. Plaintiff does not allege the first claim for relief for violation of 18 U.S.C. § 1962(c) against NBE, and therefore, NBE does not respond to paragraph 51 of the Complaint.

52. Plaintiff does not allege the first claim for relief for violation of 18 U.S.C. § 1962(c) against NBE, and therefore, NBE does not respond to paragraph 52 of the Complaint.

53. Plaintiff does not allege the first claim for relief for violation of 18 U.S.C. § 1962(c) against NBE, and therefore, NBE does not respond to paragraph 53 of the Complaint.

54. Plaintiff does not allege the first claim for relief for violation of 18 U.S.C. § 1962(c) against NBE, and therefore, NBE does not respond to paragraph 54 of the Complaint.

### IN ANSWER TO PLAINTIFF'S SECOND CLAIM FOR RELIEF
### FOR VIOLATION OF 18 U.S.C. § 1962(a)

55. Plaintiff does not allege the second claim for relief for violation of 18 U.S.C. § 1962(a) against NBE, and therefore, NBE does not respond to paragraph 55 of the Complaint.

56. Plaintiff does not allege the second claim for relief for violation of 18 U.S.C. § 1962(a) against NBE, and therefore, NBE does not respond to paragraph 56 of the Complaint.

57. Plaintiff does not allege the second claim for relief for violation of 18 U.S.C. § 1962(a) against NBE, and therefore, NBE does not respond to paragraph 57 of the Complaint.

58. Plaintiff does not allege the second claim for relief for violation of 18 U.S.C. § 1962(a) against NBE, and therefore, NBE does not respond to paragraph 58 of the Complaint.

59. Plaintiff does not allege the second claim for relief for violation of 18 U.S.C. § 1962(a) against NBE, and therefore, NBE does not respond to paragraph 59 of the Complaint.

**IN ANSWER TO PLAINTIFF'S THIRD CLAIM FOR RELIEF
FOR VIOLATION OF 18 U.S.C. § 1962(d)**

60. Plaintiff does not allege the third claim for relief for violation of 18 U.S.C. § 1962(d) against NBE, and therefore, NBE does not respond to paragraph 60 of the Complaint.

61. Plaintiff does not allege the third claim for relief for violation of 18 U.S.C. § 1962(d) against NBE, and therefore, NBE does not respond to paragraph 61 of the Complaint.

62. Plaintiff does not allege the third claim for relief for violation of 18 U.S.C. § 1962(d) against NBE, and therefore, NBE does not respond to paragraph 62 of the Complaint.

63. Plaintiff does not allege the third claim for relief for violation of 18 U.S.C. § 1962(d) against NBE, and therefore, NBE does not respond to paragraph 63 of the Complaint.

64. Plaintiff does not allege the third claim for relief for violation of 18 U.S.C. § 1962(d) against NBE, and therefore, NBE does not respond to paragraph 64 of the Complaint.

**IN ANSWER TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF
FOR COMMON LAW FRAUD**

65. Plaintiff does not allege the fourth claim for relief for common law fraud against NBE, and therefore, NBE does not respond to paragraph 65 of the Complaint.

66. Plaintiff does not allege the fourth claim for relief for common law fraud against NBE, and therefore, NBE does not respond to paragraph 66 of the Complaint.

67. Plaintiff does not allege the fourth claim for relief for common law fraud against NBE, and therefore, NBE does not respond to paragraph 67 of the Complaint.

## IN ANSWER TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF
## FOR TORTIOUS INTERFERENCE WITH CONTRACT

68. Plaintiff does not allege the fifth claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 68 of the Complaint.

69. Plaintiff does not allege the fifth claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 69 of the Complaint.

70. Plaintiff does not allege the fifth claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 70 of the Complaint.

71. Plaintiff does not allege the fifth claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 71 of the Complaint.

72. Plaintiff does not allege the fifth claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 72 of the Complaint.

## IN ANSWER TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF
## FOR FRAUDULENT INDUCEMENT

73. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 73 of the Complaint.

74. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 74 of the Complaint.

75. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 75 of the Complaint.

76. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 76 of the Complaint.

77. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 77 of the Complaint.

78. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 78 of the Complaint.

79. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 79 of the Complaint.

80. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 80 of the Complaint.

81. Plaintiff does not allege the sixth claim for relief for fraudulent inducement against NBE, and therefore, NBE does not respond to paragraph 81 of the Complaint.

**IN ANSWER TO PLAINTIFF'S SEVENTH CLAIM FOR RELIEF
FOR TORTIOUS INTERFERENCE WITH CONTRACT**

82. Plaintiff does not allege the seventh claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 82 of the Complaint.

83. Plaintiff does not allege the seventh claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 83 of the Complaint.

84. Plaintiff does not allege the seventh claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 84 of the Complaint.

85. Plaintiff does not allege the seventh claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 85 of the Complaint.

86. Plaintiff does not allege the seventh claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 86 of the Complaint.

87. Plaintiff does not allege the seventh claim for relief for tortious interference with contract against NBE, and therefore, NBE does not respond to paragraph 87 of the Complaint.

### IN ANSWER TO PLAINTIFF'S EIGHTH CLAIM FOR RELIEF FOR CONSTRUCTIVE TRUST, MONEY HAD AND RECEIVED, AND <u>DECLARATORY JUDGMENT</u>

88.     NBE hereby incorporates its response to paragraph 33(g)(i) of the Complaint. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint.

89.     NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint.

90.     NBE admits that NBE has asserted that it is the owner of the rights to revenues generated by the film "Beautiful" in the current amount of approximately $885,000, and not $1 million. As to the remaining allegations contained in paragraph 90, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

91.     NBE denies the allegations contained in paragraph 91 of the Complaint.

92.     NBE admits that a controversy exists between Plaintiff and NBE as to ownership of revenues from "Beautiful," as Plaintiff is making claims for moneys to which it is not entitled. NBE denies the remaining allegations contained in paragraph 92 of the Complaint.

### IN ANSWER TO PLAINTIFF'S ALLEGATIONS FOR FRAUDULENT <u>CONCEALMENT AND EQUITABLE TOLLING</u>

93.     NBE denies the allegations contained in paragraph 93 of the Complaint.

94.     NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint, and therefore denies them.

95.     NBE lacks knowledge or information sufficient to form a belief as tot the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96. NBE denies any involvement with alleged fraudulent sales estimates. As to the remaining allegations contained in paragraph 96, NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

97. NBE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint, and therefore denies them.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

98. Plaintiff's Complaint and each of the claims contained in it fail to allege facts sufficient to constitute any claim for relief against NBE.

**SECOND AFFIRMATIVE DEFENSE**

99. Plaintiff's Complaint is brought before a Court that lacks subject matter jurisdiction over this action.

**THIRD AFFIRMATIVE DEFENSE**

100. Plaintiff's Complaint is brought before a Court that lacks personal jurisdiction over NBE.

**FOURTH AFFIRMATIVE DEFENSE**

101. Plaintiff's Complaint and each of the claims contained in it are barred by the equitable doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

102. Plaintiff's Complaint and each of the claims contained in it are barred by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

103. Plaintiff's Complaint and each of the claims contained in it are barred by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

104. Plaintiff's Complaint and each of the claims contained in it are barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims are barred because it has failed to exercise reasonable care and diligence to mitigate its alleged damages, if any.

## NINTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims are barred by virtue of the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims against NBE are fatally deficient in that Plaintiff failed to include a necessary party to this litigation. Specifically, Plaintiff failed to include Numerica, the High Court-appointed U.K. administrator of Flashpoint, in its Eighth Claim for Relief against NBE. Numerica's rights are necessarily impacted by Plaintiff's claims as asserted in the Eighth Claim for Relief. On information and belief, NBE avers that Numerica is the only party under the laws of the United Kingdom entitled to assert rights or claims belonging to Flashpoint, and that Numerica has in fact asserted that it (not Plaintiff) is the party entitled to funds arising from revenues generated by the film, "Beautiful." This Honorable Court cannot grant the declaratory relief sought by Plaintiff without thereby adjudicating the claims of Numerica, a party that Plaintiff has deliberately omitted from this action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested:

1. That judgment be entered in favor of Defendants and against Plaintiff;

2. That Plaintiff take nothing by reason of its Complaint in this matter;

3. For judgment in favor of Defendants and against Plaintiff;

4.   That Defendants be awarded her full costs including attorneys' fees; and

5.   For such other and further relief as the Court deems just and proper.

AK 2450<br>
Alexander Kerr, I.D. No. 00634<br>
Stephen P. McFate, I.D. No. 80806<br>
McCarter & English, LLP<br>
Mellon Bank Center<br>
1735 Market Street, Suite 700<br>
Philadelphia, PA  19103<br>
215.979.3800<br>
<br>
Attorneys for Defendant,<br>
New Beginnings Enterprises LLC

Of Counsel:

Charles A. Adamek
Beverly Y. Lu
Lord, Bissell & Brook LLP
Los Angeles, CA  90071

Dated:  July 14, 2004

**CERTIFICATE OF SERVICE**

I, Alexander Kerr, do hereby certify that I caused a true and correct copy of the foregoing Answer of New Beginnings Enterprises LLC to the Second Amended and Supplemental Complaint to be served via U.S. First-Class Mail, postage prepaid, upon the following:

Jeffrey R. Lerman, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Avenue of the Arts
28th Floor
Philadelphia, PA  19109

Edward P. Krugman, Esquire
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY  10005

Edward M. Dunham, Jr., Esquire
Duane Morris LLP
Suite 4200
One Liberty Place
Philadelphia, PA  19103

James J. Rohn, Esquire
Conrad O'Brien Gellman & Rohn, P.C.
16th Floor
1515 Market Street
Philadelphia, PA  19102

David L. Pennington, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
11 Penn Center
29th Floor
1835 Market Street
Philadelphia, PA  19103

Neil G. Epstein, Esquire  
Eckert, Seamans, Cherin & Mellott, LLC  
9th Floor  
1515 Market Street  
Philadelphia, PA  19102  

<u>AK 2450</u>  
Alexander Kerr

Dated:  July 14, 2004

PH1: 482682.01