IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY<br>Plaintiff<br>v.<br>DAVID FORREST and T. BEAUCLERC ROGERS, IV<br>Defendant | CIVIL ACTION<br><br>NO. 02-4435 |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Motion of Defendant, Tarlo Lyons, for an extension of time in which defendants, Tarlo Lyons and Stanley Munson, may respond to plaintiff's Complaint in accordance with Rule 12 and any responses to the Motion, it is hereby:

ORDERED that the Motion is GRANTED; and the response of Tarlo Lyons and Stanley Munson to plaintiff's Complaint shall be filed by September 15, 2004.

BY THE COURT:

_____
ANITA, BRODY, J.

686580_1

- 1 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY<br>Plaintiff<br>v.<br><br>DAVID FORREST and T. BEAUCLERC ROGERS, IV<br>Defendant | CIVIL ACTION<br><br>NO. 02-4435 |

**MOTION TO EXTEND TIME FOR DEFENDANT, TARLO LYONS, TO RESPOND TO PLAINTIFF'S COMPLAINT IN ACCORDANCE WITH RULE 12 OF THE FED. R.C.P.**

Defendant, Tarlo Lyons, by its attorneys, Harvey, Pennington Ltd., requests an extension of time in which to respond to plaintiff's Complaint in accordance with Rule 12 for the following reasons:

1. Tarlo Lyons is a law firm in the City of London in the United Kingdom and has no offices in the United States. Stanley Munson is a resident in the United Kingdom.

2. Service was made by mail in the United Kingdom which would have required response by June 24, 2004 as is set forth in the attached letter of Denton, Wilde and Sapte, counsel for plaintiff in London.

3. As the court is aware from previous proceedings, this case is an extremely complex matter with a number of causes of action being pleaded.

4. There are serious issues as to whether this Honorable Court in fact has personal jurisdiction over Tarlo Lyons or Stanley Munson, as well as obvious defenses that will be raised by the law firm and Mr. Munson should it be concluded that the jurisdiction issue should not be raised.

5. The undersigned, counsel for Tarlo Lyons, has only now been able to meet face-to-face with his clients as of July 15, with the possibility of the need for later meetings

686580_1

- 2 -

because of the scope of the matter and the need to confer with additional people who are not available on those dates.

6. The RICO claim contained in the Complaint is entirely alien to the defendant and to their United Kingdom advisors by virtue of the fact that there is no such cause of action in their home jurisdiction and the task of making certain that they understand what is being claimed and that appropriate information is obtained to file a proper responsive pleading has been and will continue to be time consuming.

7. The undersigned is advised that there are approximately seventy boxes of material at the offices of his law firm client, at least some of which will have to be reviewed prior to whatever the ultimate pleading to be filed is in fact filed.

8. The undersigned is advised by London solicitors that July and August and far and away the most popular months for holidays, which makes it impracticable to arrange for the attention of all the necessary people (including Tarlo Lyons, Stanley Munson, insurers) who all must agree to the manner in which to proceed and respond, if appropriate, to make a decision as to the manner in which Tarlo Lyons will proceed in response to plaintiff's Complaint in this action prior to the end of the holiday season. See attached letter of Andrew Cooklin, Esquire.

9. Counsel for Tarlo Lyons in London has approached counsel for the plaintiff to inquire about the feasibility of having the litigation between the parties held at abeyance pending an effort at discussions to clarify issues as to quantum and in an attempt to narrow the issues as to liability.

10. The parties have previously submitted a Stipulation to the court extending the deadline for responding under Rule 12 until July 26, 2004. This followed a request by the undersigned of plaintiff's counsel to agree to an extension until September 15, 2004. However,

counsel indicated that because the court had set a discovery deadline that plaintiff's counsel felt was uncomfortably close to September 15, July 26 was the latest date that would be acceptable. The undersigned agreed to execute such a stipulation because of the need to submit a stipulation to the court within the time allowed for an extension by agreement under the Rules and also in the sincere hope that the necessary steps could be taken by that date to respond to the Complaint.

11. The requested extension to September 15 is not unreasonable under the circumstances of this case because of its complexity and the distances involved. In addition, the Federal Rules by implication suggest that this timeframe is reasonable for a foreign defendant.. If, instead of serving under the Hague Convention as plaintiff indicates it has done, the plaintiff had given notice of the action in the manner provided by Federal Rule of Civil Procedure 4(d)(2) and had requested waiver of service of the Summons on Tarlo Lyons, the Rule would have allowed sixty days for return of the waiver and ninety days after the request for waiver to respond (because defendant is addressed outside a judicial district of the United States). It is clear, therefore, that the timeframe requested in this instance is approximately the same time that would have been allowed without extension had the more typical method of service been undertaken.

12. The undersigned represents only Tarlo Lyons and not Stanley Munson, who will be retaining separate counsel, but it is requested that the attached Order apply to Stanley Munson as well as Tarlo Lyons so that Mr. Munson will have time to retain counsel and determine how he wishes to proceed.

-5-

13. Defendant, Tarlo Lyons, requests that the court grant an extension in which to respond to plaintiff's Complaint until September 15, 2004.

Respectfully submitted,

HARVEY, PENNINGTON LTD.

BY: *[signature]*
DAVID L. PENNINGTON
Identification No: 03633
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Defendant,
Tarlo Lyons

686580_1

## CERTIFICATE OF SERVICE

I, DAVID L. PENNINGTON, ESQUIRE, attorney for Defendant, Tarlo Lyons, hereby certify that the foregoing Motion has been filed with the Clerk of Courts for the United States District Court for the Eastern District of Pennsylvania on the 16th day of July, 2004 and served on the following parties by U.S. First Class Mail, addressed as follows:

Glenn F. Rosenblum, Esquire
Jeffrey R. Lerman, Esquire
Montgomery, McCraken, Walker & Rhoads
123 South Broad Street
Philadelphia, PA  19109
*Counsel for Plaintiff*

Edward P. Krugman, Esquire
Emily A. Poler, Esquire
Ira J. Dembrow, Esquire
Scott M. Mory, Esquire
Cahill Gordon & Reindel
80 Pine Street
New York, NY  10005
*Counsel for Plaintiff*

Edward M. Dunham, Jr., Esquire
Shannon Hampton Sutherland, Esquire
Duane Morris LLP
One Liberty Place
Philadelphia, PA  19103
*Counsel for David Forrest*

Nicholas M. Centrella, Esquire
James J. Rohn, Esquire
Kevin Dooley Kent, Esquire
Conrad O'Brien Gellman & Rohn, PC
1515 Market Street, 16th Floor
Philadelphia, PA  19102
*Counsel for T. Beauclerc Rogers, IV*

Neil G. Epstein, Esquire
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street
Ninth Floor
Philadelphia, PA  19102
*Counsel for Martin Fink*

Alexander Kerr, Esquire
Stephen P. McFate
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA  19103
*Counsel for New Beginnings Enterprises*

HARVEY, PENNINGTON LTD.

BY: _____
DAVID L. PENNINGTON
Attorneys for Defendant,
Tarlo Lyons

-6-

686580_1



**WHCG**

Williams Holden Cooklin Gibbons

| 8-14 Vine Hill, | 5th Floor, Forum House, |
| London, | 15-18 Lime Street, |
| EC1R 5DX | London, EC3M 7AP |
| T 020 7278 8700 | T 020 7743 7260 |
| F 020 7278 8699 | F 020 7743 7261 |

Hugh V Williams*
Antony Holden**
Andrew Cooklin*
Nicholas Gibbons*
William J Jarvis*
Robert Wilson*

**STRICTLY PRIVATE AND CONFIDENTIAL – FOR THE PRIVILEGED USE OF THE ADDRESSEE ONLY**
David Pennington
Harvey, Pennington, Cabot, Griffith and Renneisen
29th Floor
1835 Market Street
Philadelphia
PA 19103-2989
USA

Your Ref: Not advised
Our Ref: AJC/AB/AXA001/1
Date: 16 July 2004

*Please respond to our Lime Street office*

**BY POST & FAX: 001 215 496 4800**

Dear David

**RE:   ASSURED: TARLO LYONS**
**RE: FILM FINANCE LITIGATION**

I write further to our recent discussions regarding the Application in your jurisdiction to extend time for service of the Response on the part of Tarlo Lyons and Stanley Munson. As you know, currently you and I are retained only by Tarlo Lyons. However, as discussed with Stanley Munson's UK advisor, we should be grateful if you could make the Application on behalf of both Stanley Munson and Tarlo Lyons on the express understanding and clarification that you are making the Application on the part of Stanley Munson but otherwise do not represent his interests.

I should also be grateful if you could specifically confirm to the Court and the other parties that the Application is made Without Prejudice to any submissions we may wish to make in due course in respect of jurisdictional issues arising both in the UK and the US.

In terms of timing, you will appreciate that the issues raised by the proceedings in the US and the UK are extremely complex particularly as regards the alleged RICO claims of which we have no experience or parallel cause of action in this jurisdiction. We currently posses Tarlo Lyons' original files, amounting to some 70 boxes of documents which you will appreciate is taking some time to consider and take instructions on. We have now met with Stanley Munson with yourself but it is probable that we will require a further meeting with Stanley to clarify points arising from any draft Response.

I am also very concerned as to whether we will be in a position to finalise the Response before the middle of September particularly given the number of individuals I need to speak to at Tarlo Lyons, their Underwriters and their Brokers in order to take comprehensive instructions on the draft Response and attend to all issues arising. July and August are the most popular months for holidays in the UK (it being UK summer time). Arrangements for meetings and or obtaining necessary instructions over this period will be fraught with

www.whcg-law.co.uk
mail@whcg-law.co.uk

*Multi-National Partnership*
*Regulated by the Law Society*
*Privy Council Agents*

* *Partner and Solicitor of the Supreme Court of England and Wales*

** *Partner and Barrister & Solicitor of the High Court of New Zealand*



difficulty. Given the potential sums at stake and the gravity of the allegations made in the complaint and in the UK proceedings, I should be grateful if you could request that the Court extend time to the 15th September 2004 to lodge our Response.

If you require any further information in this regard please do not hesitate to contact me.

Yours sincerely

**ANDREW COOKLIN**
**WHCG**