**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 02-CV-4435 |
| | : | |
| v. | : | |
| | : | (Hon. Anita B. Brody) |
| DAVID FORREST, et al., | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANT MARTIN FINK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL COMPLAINT OR, ALTERNATIVELY, TO STAY ALL PROCEEDINGS AS TO FINK OR, ALTERNATIVELY, TO SEVER FINK AS A DEFENDANT FROM THE LITIGATION**

---

ECKERT SEAMANS CHERIN
& MELLOTT, LLC
Neil G. Epstein
Attorney I.D. No. 09776
Heather E. Rennie
Attorney I.D. No. 69715 (her99)
1515 Market Street, 9th Floor
Philadelphia, PA 19102
(215) 851-8408

MICHELMAN & ROBINSON, LLP
Sanford Louis Michelman
Mora Z. Hanna
Jeffrey D. Farrow
4 Hutton Centre, Suite 300
Santa Ana, CA 92707
(714) 557-7990

Attorneys for Defendant Martin Fink

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

I. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT THE CONDITIONS PRECEDENT IN THE LITIGATION AGREEMENT FOR PLAINTIFF TO STATE A CLAIM AGAINST DEFENDANT FINK UPON WHICH RELIEF MAY BE GRANTED WERE MET BY PLAINTIFF ........ 1

A. Plaintiff's Claim In Its Answering Papers (Which Was Not Alleged In The Complaint) That Fink "Lied" Is Both Disingenuous And Irrelevant To The Motion To Dismiss The Complaint........ 3

B. The Court May Consider The Litigation Agreement In Ruling On The Motion To Dismiss As Plaintiff Concededly Relied On The Document In Deciding To Name Fink As A Defendant To The Litigation........ 4

C. Since Plaintiff Admits That Its Sole Basis For Suing Fink Is His Alleged Breach of The Litigation Agreement, Plaintiff Is Required To Allege Not Only The Basis For The Alleged Breach, But Also That Plaintiff Has Complied With All Conditions Precedent In The Litigation Agreement Before Naming Fink As A Defendant ........ 7

1. Plaintiff's Factual Response In Its Opposition To The Motion To Dismiss, While Being Irrelevant To The Motion To Dismiss The Complaint, Supports Fink's Contention That Conditions Precedent To Suing Fink Have Not Been Met........ 9

2. Plaintiff's Failure To Allege That The Statements Provided By Fink Are Not Being Used Against Fink Is Further Grounds To Grant The Motion To Dismiss ........ 10

II. THE COURT SHOULD STAY OR SEVER THE LITIGATION AS TO FINK ........ 11

III. CONCLUSION........ 14

# TABLE OF AUTHORITIES

**Cases** **Page**

American Original Corporation v. Legend, Inc., 652 F. Supp. 962 (D. Del. 1986)........................ 8

Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2nd Cir. 1991) ........................... 4, 5, 6

FDIC v. Beall, 677 F. Supp. 279 (M.D. Pa. 1987)................................................................. 7

George v. Wausau Insurance Co., 2000 U.S. Dist. LEXIS 2748 (E.D. Pa. Mar. 13, 2000)........................................................................................ 13

Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993)............................................... 4, 5, 7

Rounick v. Fireman's Fund Insurance Co. of Wisconsin, 1996 U.S. Dist. LEXIS 6864 (E.D. Pa. May 20, 1996) .................................................. 13

Three Rivers Motors Co. v. Ford Motors Company, 522 F.2d. 885 (3rd Cir. 1975) ..........................................................................6, 7

Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552 (D.N.J. 2002)...................................................................7, 8

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................... 6

Pa. R. Prof. Conduct 1.7 .......................................................................................... 13

Pa. R. Prof. Conduct 1.10(a)..................................................................................... 13

Pa. R. Prof. Conduct 3.7 .......................................................................................... 13

**Other**

Douglas-Lincoln Debates -- Charleston, Illinois, September 18, 1858 ......................................... 3

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 02-CV-4435 |
| v. | : | |
| | : | (Hon. Anita B. Brody) |
| DAVID FORREST, et al., | : | |
| Defendants. | : | |

**DEFENDANT MARTIN FINK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL COMPLAINT OR, ALTERNATIVELY, TO STAY ALL PROCEEDINGS AS TO FINK OR, ALTERNATIVELY, TO SEVER FINK AS A DEFENDANT FROM THE LITIGATION**

## I. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT THE CONDITIONS PRECEDENT IN THE LITIGATION AGREEMENT FOR PLAINTIFF TO STATE A CLAIM AGAINST DEFENDANT FINK UPON WHICH RELIEF MAY BE GRANTED WERE MET BY PLAINTIFF

The Motion to Dismiss the Second Amended and Supplemental Complaint ("the Complaint") sets forth a detailed factual background of events leading to Plaintiff Lexington Insurance Company and Defendant Martin Fink entering into the November 2, 2002 Litigation Agreement ("Litigation Agreement"). Those facts were presented to dispel any question concerning the authenticity of the Litigation Agreement, the parties' intent in entering into the Litigation Agreement or the obligations and conditions imposed on Plaintiff before any litigation could be initiated by Plaintiff against Fink relating to any claim involving insurance-backed film financing transactions.

Plaintiff's opposition concedes virtually each material point asserted by Fink in support of his Motion. Specifically, Plaintiff concedes the following:

1. The Litigation Agreement is authentic (Krugman Dec. ¶ 2, Ex. A);[1]

2. The Litigation Agreement required that prior to initiating the pending litigation against Fink that Plaintiff "shall notify Mr. Fink's counsel of the reasons therefore and provide Mr. Fink, through his counsel, with the opportunity to rebut such determination" (Krugman Dec. ¶ 5, Ex. A);

3. Plaintiff relied on the Litigation Agreement in deciding to initiate the present litigation against Fink (Krugman Dec. ¶ 10);

4. If litigation was initiated against Fink, Plaintiff would not use any statement obtained from Fink directly against him (Krugman Dec. ¶ 11, Ex. A);

5. Krugman will "surely" be a necessary witness as to his good faith in determining that Fink breached the Litigation Agreement and "may" be a necessary witness as to the construction and interpretation of the Litigation Agreement (Krugman Dec. ¶ 12); and

6. The Complaint fails to allege that Fink breached the Litigation Agreement or that the conditions precedent to bring this action against Fink were met.

[1] The Declaration of Edward P. Krugman, dated August 9, 2004, is attached to Plaintiff's Answer to Defendant Fink's Motion to Dismiss. References to the Declaration are in the form "(Krugman Dec. ¶ - )".

**A. Plaintiff's Claim In Its Answering Papers (Which Was Not Alleged In The Complaint) That Fink "Lied" Is Both Disingenuous And Irrelevant To The Motion To Dismiss The Complaint.**

Without any factual support, Plaintiff boldly states that it can proceed with the pending litigation against Fink because "Fink lied." (Plaintiff's Mem., p. 2).[2] As President Abraham Lincoln once noted – you cannot, with any degree of persuasiveness, prove that something is false by labeling a person a "liar."[3]

If there was a shred of truth to the claim that "Fink lied," then Plaintiff surely would have provided at least *some* factual support for that charge in its 34 pages of argument in opposition to Fink's Motion. In fact, if there was any evidence to support such a claim, Plaintiff was contractually obligated to provide that information to Fink's counsel prior to initiating the present litigation against Fink.

Plaintiff does not dispute that Fink produced more than 140 boxes of documents to Plaintiff in connection with his obligations under the Litigation Agreement. Plaintiff's assertion that Fink lied during the interviews seems to be based on <u>three</u> short memoranda (Krugman Dec. ¶ 5, Ex. B) which on their face support no claim that Fink gave false answers. By letter dated January 26, 2004, Plaintiff's counsel stated that those three documents indicated to him that certain statements by Mr. Fink as to what Fink <u>believed</u> were false and "call into question Mr. Fink's assertion that he believed that payments to Regent in March 1998 were made from

---

[2] Plaintiff Lexington's Memorandum of Law in Opposition to Defendant Fink's Motion to Dismiss, Sever or Stay, page 2. References to the Memorandum are in the form "Plaintiff's Mem., p. __".

[3] "If you have ever studied geometry, you remember that by a course of reasoning Euclid proves that all the angles in a triangle are equal to two right angles. Euclid has shown you how to work it out. Now, if you undertake to disprove that proposition, and to show that it is erroneous, would you prove it to be false by calling Euclid a liar?" (Douglas - Lincoln Debates - Charleston, Illinois, September 18, 1858).

Flashpoint proprietary funds." (Krugman Dec. ¶ 7, Ex. D). That is the sum and substance of Plaintiff's assertion in January 2004 and in its answering papers. When Fink's counsel asked for an opportunity to allow Fink to place those three documents into context and explain their meaning, Plaintiff's counsel refused to do so (Krugman Dec. ¶ 9, Ex. E [e-mails dated April 21 and 22, 2004]) and Plaintiff's counsel simply resolved the "question" of Fink's truthfulness on his own without the benefit of Fink's input as required under the Litigation Agreement. As explained below, Plaintiff's failure to provide an explanation of the basis for the alleged breach and an opportunity for Fink to respond to the same does not satisfy the conditions of the Litigation Agreement and precludes Plaintiff from asserting a claim against Fink upon which relief can be granted.

**B. The Court May Consider The Litigation Agreement In Ruling On The Motion To Dismiss As Plaintiff Concededly Relied On The Document In Deciding To Name Fink As A Defendant To The Litigation.**

It is appropriate for a court to consider documents which a party relied on in deciding to bring a lawsuit even though such documents are not incorporated into the complaint by reference or attached to the complaint. Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993); Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 44 (2nd Cir. 1991).

In the present matter, Plaintiff makes an important, if not dispositive, concession on this point:

> Lexington's counsel *did* consider the Litigation Agreement before signing the Second Amended and Supplemental Complaint, of course, and he concluded consistent with Fed. R. Civ. P. 11 that Fink was in breach and Lexington could proceed (Krugman Dec. ¶ 10).

(Plaintiff's Mem., p. 8) (emphasis in original). The assertion that Plaintiff relied on the terms of the Litigation Agreement in deciding that all conditions precedent had been met to initiate the current litigation against Fink prevents Plaintiff from protesting that the Litigation Agreement is of no moment to the issues before this Court on Fink's Motion to Dismiss the Complaint. In fact, as explained below, holdings in the Third Circuit as well as other Circuits expressly authorize a district court to consider documents, such as the Litigation Agreement, when the document serves as a basis for bringing the lawsuit. Plaintiff ignores or brushes away that binding precedent.

In Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc, 998 F.2d at 1196, the Third Circuit resolved the question whether a court may properly consider a concededly authentic document upon which the complaint is based which is not attached to the complaint by holding that "[A] court may consider an undisputedly authentic exhibit that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. The rationale stated by the Third Circuit for considering such extraneous documents is that "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss by simply failing to attach a dispositive document on which it relied." Id.

In deciding Pension Benefit Guaranty Corp., the Third Circuit found support in the decision by the Second Circuit in Cortec Industries, Inc., 949 F.2d at 42. Pension Benefit Guaranty Corp., 998 F.2d at 1196. In Cortec, the Court held it was proper to consider documents which the plaintiffs had notice of and which were integral to bringing the lawsuit even though those documents were not incorporated into the complaint by reference nor attached to the complaint. Cortec Industries, Inc., 949 F.2d at 47-48. While the plaintiff had relied on certain

documents (stock purchase agreement, offering memorandum and warrants) in drafting the complaint, it had neglected to attach those papers to, or incorporate them by reference in, the complaint. When the defendants filed a Rule 12(b)(6) motion to dismiss utilizing the omitted documents, the plaintiff insisted the District Court not consider them and argued (just as Plaintiff here does) that the District Court must limit its inquiry regarding the complaint's viability to its four corners of the Complaint. Id. at 48. The Second Circuit explained that the "Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim--and that they apparently most wanted to avoid--may not serve as a means of forestalling the district court's decision on the motion." Id. at 44.

In the case at bar, there is no dispute as to the authenticity of the Litigation Agreement. Not only does Plaintiff attach a copy of the Litigation Agreement in support of its Opposition to the Motion to Dismiss (Krugman Dec., Ex. A), but Plaintiff 's counsel concedes that he concluded that Plaintiff was free under the Litigation Agreement to proceed against Fink in the present action. (Krugman Dec. ¶ 10). Plaintiff's authentication of the Litigation Agreement coupled with its admission that it relied on the terms of the same in naming Fink as a defendant in this action permits this Court to consider the Litigation Agreement. To not consider the Litigation Agreement in ruling on the Motion to Dismiss would, as noted by the court in Cortec Industries, Inc., unfairly "forestall" a decision on a motion to dismiss where the plaintiff did not, through omission or otherwise, attach the relevant document to the complaint.

Plaintiff's cavalier dismissal of the Third Circuit's decision in Three Rivers Motors Co. v. Ford Motors Company, 522 F.2d. 885 (3rd Cir. 1975), is nothing short of disingenuous. In Three Rivers, which Plaintiff inexplicably states is "inapplicable" to the issue presented in the present

case, the Court held that a release between the parties, the authenticity of which was not disputed, could be considered in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) despite the fact that the release was not referred to in the Complaint. Three Rivers Motors Co., 522 F.2d at 887. The fundamental issue in Three Rivers was whether plaintiff could sue defendant under the terms of the parties' agreement, which is the precise issue in the present case.

Plaintiff's reliance on FDIC v. Beall, 677 F. Supp. 279 (M.D. Pa. 1987), for the proposition that a district court's consideration of a document not attached to or specifically referred to in the complaint, when ruling on a motion to dismiss, is tantamount to forcing a plaintiff to plead around an "affirmative defense" is misplaced. Beall fails to deal with Pension Benefit Guaranty and Three Rivers Motors Co., binding Third Circuit precedents, which hold that a court can consider such documents, and no case cited by Plaintiff states that the consideration of such documentation forces a party to "plead around" an affirmative defense.

**C. Since Plaintiff Admits That Its Sole Basis For Suing Fink Is His Alleged Breach of The Litigation Agreement, Plaintiff Is Required To Allege Not Only The Basis For The Alleged Breach, But Also That Plaintiff Has Complied With All Conditions Precedent In The Litigation Agreement Before Naming Fink As A Defendant.**

The Motion to Dismiss the Complaint is brought on the ground that Plaintiff has failed to state a claim upon which relief can be granted, since Plaintiff failed to allege that each of the conditions precedent under the Litigation Agreement had been met prior to filing the litigation against Fink. Plaintiff's contention that it has no obligation to allege satisfaction of all conditions precedent in the Litigation Agreement is contradicted by the very authorities it cites -- Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp.2d 552 (D.N.J. 2002); and American Original Corp. v. Legend, Inc., 652 F. Supp. 962 (D. Del. 1986).

In Video Pipeline, Inc., the plaintiff brought a motion to dismiss counterclaims asserted by defendant Buena Vista Home Entertainment, Inc. The court stated that in order to state a claim based on an alleged breach of contract, the complainant must allege, among other things, that it "performed its own contractual duties." Video Pipeline, Inc., 210 F. Supp.2d at 561. In so doing, the complainant must allege satisfaction of all conditions precedent. Id. at 562. "A condition precedent is a fact or event occurring subsequently to the making of a valid contact which must exist or occur before there is a right to immediate performance, before there is a breach of contract duty or before the usual judicial remedies are available." Id. Because the defendant had generally alleged that it had fulfilled the alleged condition precedent, the Court denied the motion to dismiss for failure to state a claim.

In American Original Corp. v. Legend, Inc., the court generally recognized the necessity of alleging satisfaction of conditions precedent in order to state a claim based on an alleged breach of contract. Specifically, the court stated:

> A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance.... If the condition is not fulfilled, the right to enforce the contract does not come into existence.

652 F. Supp. at 968. Because of factual disputes regarding, among other things, the existence of a condition precedent, the Court denied plaintiff's motion to dismiss defendant's breach of contract counterclaim, noting that the motion to dismiss, unlike here, did not challenge the sufficiency of the allegations in the complaint.

In the present case, Plaintiff does not deny that it could not initiate the present litigation against Fink until all conditions were met under the Litigation Agreement. Plaintiff was obligated (1) to notify Fink's counsel of the "reasons" for any alleged breach by Fink of the

Litigation Agreement; (2) to provide Fink with the opportunity to rebut the reasons expressed for the alleged breach, and (3) in the event there was an alleged breach of the Litigation Agreement by Fink, to not use statements made by Fink to Plaintiff directly against Fink. (Krugman Dec. ¶¶ 2, 5 and 11; Ex A, p. 3). The Complaint fails to allege that any of those three conditions precedent were satisfied. Consequently, the Complaint must be dismissed.

**1. Plaintiff's Factual Response In Its Opposition To The Motion To Dismiss, While Being Irrelevant To The Motion To Dismiss The Complaint, Supports Fink's Contention That Conditions Precedent To Suing Fink Have Not Been Met.**

While Plaintiff's factual response in its Opposition to the Motion to Dismiss is irrelevant to the determination of the Motion to Dismiss the Complaint for failing to state a claim against Fink upon which relief may be granted, it should be noted that Plaintiff's factual response supports Fink's contention that Plaintiff failed to notify Fink's counsel of the "reasons" for any alleged breach by Fink of the Litigation Agreement and failed to provide Fink with a reasonable opportunity to rebut that determination.

Neither the three memoranda nor the letter dated January 26, 2004, referred to by Plaintiff, provide any explanation as to the basis for the alleged breach or the "reasons" for Plaintiff's counsel's determination. In fact, rather than provide any explanation or reason as to why the three memoranda (culled out of more than 140 boxes of documents) established a breach by Fink of the Litigation Agreement, Plaintiff took the position that Fink should be forced to disprove an unspecified breach through a position paper authored by his counsel (Krugman Dec., Ex. E [April 20 and 22, 2004 e-mails]). Moreover, despite efforts by Fink's counsel, consistent with the Litigation Agreement, to have Fink interviewed by Plaintiff's counsel and provide Fink with the opportunity to rebut any alleged breach, Plaintiff's counsel refused to do so – despite the

fact that Fink agreed to travel to New York for the interview. (Krugman Dec., Ex. E [April 21 and 22, 2004 e-mails]).

Besides having failed to allege compliance with these conditions precedent prior to suing Fink, which requires that the Motion to Dismiss be granted, Plaintiff, by its own submission supports Fink's contention that these conditions have not been met. Having acknowledged that Plaintiff did not meet the conditions precedent prior to bringing this action, Plaintiff cannot meet its pleading requirements and therefore, Fink's Motion to Dismiss should be granted.

**2. Plaintiff's Failure To Allege That The Statements Provided By Fink Are Not Being Used Against Fink Is Further Grounds To Grant The Motion To Dismiss.**

Plaintiff does not dispute that it is barred from using any statement obtained from Fink against Fink. There is no allegation in the Complaint that Plaintiff has complied with that condition of the Litigation Agreement, nor has there been any allegation or proffer that Plaintiff will be able to present any evidence against Fink that was not obtained from Fink during or in conjunction with the interviews. The Krugman declaration states only that "No statement by Mr. Fink during his interviews is quoted in the Complaint or otherwise used directly against Mr. Fink." (Krugman Dec. ¶ 11). Plaintiff appears to interpret "statement" to mean only the statement itself and not the information in the statement – a contrived and ridiculous interpretation. Plaintiff does not address the reality that information in statements made by Fink to Plaintiff's counsel has been used directly against Fink in the Complaint.

Nowhere in the thirty-two page Complaint is there any allegation that the information and facts alleged against Fink are based on information acquired by Plaintiff independently of Fink. To the contrary, paragraph 96 of the Complaint alleges:

> **With respect to the fraudulent sales estimates, plaintiff did not discover (and could not in the exercise of reasonable diligence have discovered) their existence until it gained access to . . . (b) Flashpoint and New Beginnings documents made available by a cooperating witness, . . . Plaintiff did not have access to any of these sources of information prior to January 2001.**

Complaint, ¶ 96 (emphasis supplied). As stated in Paragraph 10 of the Declaration of Fink filed with the Motion to Dismiss, this fact is not disputed by Plaintiff. Fink is the cooperating witness who provided the information referred to in paragraph 96 of the Complaint. Consequently, Plaintiff by its own admission, used information obtained from Fink as the basis for making significant allegations against Fink in the Complaint. Plaintiff does not even address (or let alone refute) that position.

## II. THE COURT SHOULD STAY OR SEVER THE LITIGATION AS TO FINK

It is respectfully submitted that if Fink's Motion to Dismiss is not granted, the requested stay or severance of the matter as to Fink is in the best interests of this Court, Fink and even Plaintiff.

First, in order for Plaintiff to prove its case against Fink, Plaintiff must establish that each of the conditions precedent under the Litigation Agreement has been met. This dispositive issue and the underlying legal and factual issues are totally irrelevant to every other defendant. Indeed, Plaintiff concedes this fact when it argues that the subject matter that forms the basis for Mr. Krugman's alleged conflict of interest can be tried separately. (Plaintiff's Mem., p. 13, fn. 6).

If Plaintiff is unable to prevail on these issues, Fink and only Fink will be dismissed from the litigation. Moreover, with respect to all evidence that Plaintiff intends to offer at trial, it will have to establish that the evidence it intends to use against Fink was derived from sources other than the Fink interviews. This issue applies only to Fink and not to any other defendant.

Conducting discovery with respect to these issues and trying these issues in the present action will result in substantial time being spent by all parties and the Court with respect to issues that relate only to Fink and Plaintiff.

Finally, unless a stay and/or severance as to Fink is granted, it is most likely that Mr. Krugman will not be permitted to act as trial counsel based on his admission that he will be a necessary witness at trial. Mr. Krugman admits that he is a "necessary witness" in this matter on contested issues relating to construction and interpretation of the Litigation Agreement and whether Fink breached the Litigation Agreement. (Krugman Dec. ¶ 12). Plaintiff does not dispute that at each interview attended by Fink, the only persons permitted in the interview room were counsel for Plaintiff, Fink and Fink's legal counsel and that the interviews were not tape recorded nor were they stenographically recorded. Mr. Krugman, based on his own admission, will undoubtedly be called by his own client to testify as to what was allegedly stated, or not stated, by Fink during the interview process and the basis for Mr. Krugman's determination that Fink breached the Litigation Agreement.

Mr. Krugman's active participation as trial counsel and percipient witness is inevitable and thus his disqualification is unavoidable. His proposal that he not be trial counsel only on matters on which he will be a witness, but that he remain as trial counsel on other issues, is directly contrary to the express language and rationale of Rule 3.7. It simply is impermissible for an attorney to be both a witness on crucial, dispositive issues and an advocate for a party at trial. This is particularly true with respect to a jury trial in a complicated case with allegations of fraud, lying and racketeering activities, such as this present case. While a court should generally defer to a party's choice of trial counsel, that deference must be balanced with the court's "duty to

assure that attorneys observe the ethical obligations set forth in the ABA Code of Professional Responsibility." George v. Wausau Ins. Co., 2000 U.S. Dist. LEXIS 2748 (E.D. Pa. Mar. 13, 2000). As clearly stated in Rounick v. Fireman's Fund Insurance Co. of Wisconsin, 1996 U.S. Dist. LEXIS 6864 (E.D. Pa. May 20, 1996), counsel cannot serve as both witness and advocate at trial. In that case, the district court addressed the issue whether it should grant a Motion for Admission of Counsel *Pro Hac Vice* where the out-of-state attorney (Mr. Tell) was a "likely" trial witness based on that attorney's pre-litigation investigation of the plaintiff's claim. While the court granted the motion for admission, the court stated that "If Mr. Tell becomes a necessary witness, however, he will be barred from participating at trial."

Official Comment to Rule 1.7 (dealing with conflicts of interest) states that "If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." Since Mr. Krugman's conduct regarding crucial, dispositive issues in this case is in serious question, it is submitted that Mr. Krugman may well have a conflict of interest under Rule 1.7 which will bar not only Mr. Krugman, but his entire firm from acting as trial counsel. Rule 1.10(a) provides: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8 ( c), 1.9 or 2.2."

## III. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted against Fink. Consequently, Fink's Motion to Dismiss the Complaint should be granted. If Fink's Motion to Dismiss is not granted, this litigation should be stayed or severed as it relates to Fink.

Dated: August 27, 2004

Respectfully submitted,

ECKERT SEAMANS
CHERIN & MELLOTT, LLC

By: ______________________
Neil G. Epstein
Attorney I.D. No. 09776
Heather E. Rennie
Attorney I.D. No. 69715 (her99)
1515 Market Street, 9th Floor
Philadelphia, PA 19102
(215) 851-8408

MICHELMAN & ROBINSON, LLP
Sanford Louis Michelman
Mora Z. Hanna
Jeffrey D. Farrow
4 Hutton Centre, Suite 300
Santa Ana, CA 92707
(714) 557-7990

Attorneys for Defendant Martin Fink

*M0473180.DOC*

**CERTIFICATE OF SERVICE**

I, Heather E. Rennie, hereby certify that on this 27th day of August, 2004, I caused a true and correct copy of the foregoing Defendant Martin Fink's Reply Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint or, Alternatively, To Stay All Proceedings as to Fink or, Alternatively, To Sever Fink as a Defendant From the Litigation to be served by United States First Class Mail, postage prepaid, upon the following counsel:

Edward P. Krugman, Esquire
Cahill Gordon & Reindel
80 Pine Street
New York, NY 10005
*Attorney for Plaintiff Lexington Insurance Company*

Jeffrey R. Lerman, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
*Attorney for Plaintiff Lexington Insurance Company*

Edward M. Dunham, Jr., Esquire
Duane Morris LLP
One Liberty Place
Philadelphia, PA 19103
*Attorney for Defendant David Forrest*

James J. Rohn, Esquire
Conrad O'Brien Gellman & Rohn PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102
*Attorney for Defendant T. Beauclerc Rogers, IV*

David L. Pennington, Esquire
Harvey, Pennington Ltd.
1835 Market Street, 29th Floor
Philadelphia, PA 19103
*Attorney for Defendant Tarlo Lyons*

Alexander Kerr, Esquire
McCarter & English, LLP
1735 Market Street, Suite 700
Philadelphia, PA 19103
*Attorney for Defendant New Beginnings Enterprises LLC*

Conrad O. Kattner, Esquire
McShea Tecce, P.C.
Mellon Bank Center, 16th Floor
1735 Market Street
Philadelphia, PA 19103
*Attorney for Defendant Stanley Munson*

Heather E. Rennie

MO472990