CIVIL ACTION NO: 02-4435

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**LEXINGTON INSURANCE COMPANY**

<u>Plaintiff</u>

**and**

**DAVID FORREST (1)**
**T BEAUCLERC ROGERS IV (2)**
**STANLEY MUNSON (3)**
**MARTY FINK (4)**
**NEW BEGINNINGS ENTERPRISES LLC (5)**
**TARLO LYONS (6)**

<u>Defendants</u>

## AFFIDAVIT

I, STANLEY MUNSON of Webster's Farm, High Street, Glinton, near Peterborough, England being duly sworn according to law, depose and say that:

1. I am named as a Defendant in this action. At all material times, for the purposes of this action between 1996 and 2000 I was a salaried partner (and accordingly an employee) in the Defendant firm of Tarlo Lyons.

2. I was born in England and am a lifelong resident and citizen of the United Kingdom of Great Britain and Northern Ireland. For all purposes, England is my domicile.

3. I am a solicitor of the Supreme Court of England and Wales, having been admitted as such in June 1975 and have worked in England for my entire professional life. As detailed hereafter, my personal contacts with the

Eastern District of Pennsylvania are virtually non-existent.

4. Between March 1995 and July 2002 I was a salaried partner in the Defendant firm, an English firm of solicitors, Tarlo Lyons, practising out of its offices at 33 St John's Lane, London, EC1M 4DB. During that time, more specifically between March 1997 and December 2000 through my former firm I provided legal services to various Flashpoint companies.

5. Also during that time from March 1997 I have held a non-controlling ownership interest of 7.5% in the two Flashpoint companies that traded, i.e. Flashpoint Limited and Flashpoint (UK) Limited via a company which was owned and controlled by me namely Filmwatch Limited. I also had, via Filmwatch Limited, a non-controlling shareholding in Flashpoint Investments Limited, which did not trade but which held shares in other companies. These shareholdings effectively gave me a 7.5% interest in the Flashpoint companies.

6. Each of the Flashpoint companies to which I provided legal services or in which I had an ownership interest was incorporated either in England or the Channel Island of Jersey (and were therefore in the United Kingdom) and had its principal place of business in England as follows:-

    a) Flashpoint Limited was formed in March 1997 in Jersey (the United Kingdom) and had its principal place of business in Pall Mall, London, SW1.

    b) Flashpoint (UK) Limited was formed in March 1998 in England and also had its principal place of business in Pall Mall, London, SW1.

    c) Flashpoint Investments Limited was, from memory, formed in 1998 in England and also had its principal place of business at the Flashpoint offices in Pall Mall, London, SW1.

7. I was not a director of either of the two trading Flashpoint companies, i.e.

Flashpoint Limited or Flashpoint (UK) Limited, but I was a director of the non-trading holding company, Flashpoint Investments Limited. I was the company secretary to these latter two companies; in English law the function of a company secretary is administrative and relates in particular to compliance with the requirements of the Companies Acts.

8. Prior to making this statement my attention has been drawn to the legal professional privilege which attaches to communications between a solicitor and his or her client. So far as I am aware there has been no waiver of such privilege on the part of Tarlo Lyons' former clients and I make this statement therefore within the confines of my duty to preserve that professional privilege and my inability to refer to the precise nature of my communications with former clients and their contents and ask the Honourable Court to bear that restriction in mind in reading what follows.

9. So far as I was concerned Flashpoint was an operation based in London around its major operating centre, the offices in Pall Mall. My sources of contact and of instruction were almost invariably David Forrest and his assistant Susan Wright, both of whom were based in the London Office and also, from 1999 onwards Jennifer Barrett who became Flashpoint's in-house solicitor from 1999.

10. I rarely, if ever, had legal instruction or direction from Beau Rogers based in Pennsylvania. My clear recollection was that my instructions would come from one source, namely David Forrest and his team in London.

11. As a result, I never had occasion to visit Pennsylvania in connection with Flashpoint at any time during the years in which I provided legal services to Flashpoint through Tarlo Lyons. My one visit to Pennsylvania was not business related and occurred about 20 years ago in or about 1984 to attend the wedding of a friend.

12. Without derogating from my former firm's client's privilege, I did of course communicate occasionally with Beau Rogers of Gladwyne Pennsylvania in

3

connection with Flashpoint. However, I did so by fax, mail or telephone calls from my office in London. The preponderance of my communication with Beau Rogers whilst he was in Pennsylvania would be to arrange convenient times for his visits to London and meetings so that we could discuss any business whilst he was in England. Such other limited communications as there may have been were invariably of a logistical nature.

13. Beau Rogers was a regular visitor to London and to my recall would visit the offices in Pall Mall at least once every other month and at busy times probably every month and I would meet Beau Rogers face to face in London.

14. I was introduced to Beau Rogers by David Forrest in London. I did not solicit or initiate Tarlo Lyons' business relationship with Beau Rogers. To my knowledge and recollection, there was no other Pennsylvanian connection involving Flashpoint except that Beau Rogers resided there. No films were shot there and no suppliers, producers or other services were procured in or based in that State.

15. At no time did I initiate any request for or on behalf of Flashpoint for a draw-down of funds. I did not direct or control day-to-day operations and had no involvement with the raising of funds, save for dealing with formal contractual matters on instructions after a deal had been struck by my clients. I was not involved in the production of sales' estimates for the films Flashpoint was involved in, nor in the procurement of investments in Flashpoint. In short, I was not involved in the implementation of any of the Hollywood Funding projects. I acted as counsel to Flashpoint when instructed to do so in London, particularly on contractual and intellectual property issues.

16. During the currency of Tarlo Lyons' instructions from Flashpoint I believe I had occasion to visit California twice. These visits were of no more than three or four days' duration and their purpose was to meet other lawyers to

discuss contractual issues. I did on those occasions meet Marty Fink and Beau Rogers at offices in the Los Angeles area. To my knowledge, none of the other persons involved in those trips or meetings was based in Pennsylvania.

17. I have also visited New York and Los Angeles approximately 6 or 7 additional times over the course of my life, the first visit being in the late 1970's and the most recent in, I believe, 1993, usually for a period of no more than 3 or 4 days at a time.

18. The extent that I communicated with persons or entities, such as brokers, insurers or others who may have had some connection with the United States of America and with whom Flashpoint did business, I communicated by fax, mail or telephone calls from my offices in London or met them or their representatives only in England and principally in or around London. To my knowledge, none of these other persons or entities was based in or was from Pennsylvania.

19. I will also say that, so far as I am aware, the minutes, records and files of the Flashpoint companies were kept at their offices in London. I have read what purports to be a copy of an Affidavit sworn by David Forrest in this action and would agree with what he says about the essential kernel of the Flashpoint enterprises being the Flashpoint offices in London evidenced by the fact that if not in his possession then all relevant Flashpoint documentation will be in the hands of the various companies' administrators or of Tarlo Lyons.

SWORN AT Monkstone House, City Road, )
) 
In THE CITY OF Peterborough )
)
ON 22 September 2004 )
)
Before me Nick Monsell............................

Notary Public

CHARLES NICHOLAS MONSELL
Notary Public
Peterborough
England



5

This Affidavit is filed on behalf of the Defendants Stanley Munson and Tarlo Lyons