IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY,** : | CIVIL ACTION |
| : | NO. 02-CV-4435 |
| **Plaintiff,** : | (Hon. Anita B. Brody) |
| : | |
| v. : | |
| : | |
| **DAVID FORREST,** : | |
| **T. BEAUCLERC ROGERS IV,** : | |
| **STANLEY MUNSON, MARTIN FINK,** : | |
| **NEW BEGINNINGS ENTERPRISES LLC,** : | |
| And **TARLO LYONS** : | |
| : | |
| **Defendants.** : | |
| : | |

**CERTIFICATION OF EFFORT TO SECURE DISCLOSURE**

I, Kevin Dooley Kent, Counsel to Defendant T. Beauclerc Rogers IV ("Rogers") hereby certify that I have in good faith written to Lexington Insurance Company's ("Lexington's") Counsel, in an effort to resolve the instant discovery dispute without Court action. (See Exhibit A attached to the Memorandum of Law in Support of Motion to Compel). I did not receive a written response to my letter, and was informed during the November 22, 2004 status conference with the Court that Lexington will not produce the requested discovery without a Court Order.

/s/ Kevin Dooley Kent
Kevin Dooley Kent, Esquire

Dated: December 3, 2004

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEXINGTON INSURANCE COMPANY,** | : | CIVIL ACTION |
| | : | NO. 02-CV-4435 |
| Plaintiff, | : | (Hon. Anita B. Brody) |
| | : | |
| v. | : | |
| | : | |
| **DAVID FORREST,** | : | |
| **T. BEAUCLERC ROGERS IV,** | : | |
| **STANLEY MUNSON, MARTIN FINK,** | : | |
| **NEW BEGINNINGS ENTERPRISES LLC,** | : | |
| **And TARLO LYONS** | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2004, upon consideration of the Motion to Compel Responses to Defendant T. Beauclerc Rogers IV's ("Rogers") First Request for Production of Documents and First Set of Interrogatories addressed to Plaintiff Lexington Insurance Company ("Lexington"), and all responsive and supplemental briefings thereto, Rogers' motion is GRANTED and Lexington is ordered to, within ten (10) days of the date of this Order:

1) Provide a full and complete answer to interrogatory number 5 of Rogers' First Set of Interrogatories addressed to Lexington; and

2) Provide documents in response to numbers 35, 36, 37, 32 and 4 of Rogers' First Request for Production of Documents.

BY THE COURT:

_____
ANITA B. BRODY, J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY,** | CIVIL ACTION |
| | NO. 02-CV-4435 |
| Plaintiff, | (Hon. Anita B. Brody) |
| v. | |
| DAVID FORREST, | |
| T. BEAUCLERC ROGERS IV, | |
| STANLEY MUNSON, MARTIN FINK, | |
| NEW BEGINNINGS ENTERPRISES LLC, | |
| And TARLO LYONS | |
| Defendants. | |

**DEFENDANT T. BEAUCLERC ROGERS IV'S MOTION TO COMPEL DISCOVERY ADDRESSED TO PLAINTIFF LEXINGTON INSURANCE COMPANY**

For the reasons set forth in the accompanying Memorandum of Law, which is incorporated by reference, defendant T. Beauclerc Rogers IV ("Rogers") moves this Court to issue an order compelling plaintiff Lexington Insurance Company ("Lexington") to (1) provide a full and complete answer to interrogatory number 5 of Rogers' First Set of Interrogatories addressed to Lexington; and (2) provide documents in response to numbers 35, 36, 37, 32 and 4 of Rogers' First Request for Production of Documents.

Respectfully submitted,

/s/ Kevin Dooley Kent
James J. Rohn, Esquire, I.D. No. 21636
Nicholas M. Centrella, Esquire, I.D. No. 67666
Kevin Dooley Kent, Esquire, I.D. No. 85962
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215) 864-9600

Dated: December 3, 2004                    Attorneys for Defendant T. Beauclerc Rogers, IV

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, : | CIVIL ACTION |
| : | NO. 02-CV-4435 |
| Plaintiff, : | (Hon. Anita B. Brody) |
| : | |
| v. : | |
| : | |
| DAVID FORREST, : | |
| T. BEAUCLERC ROGERS IV, : | |
| STANLEY MUNSON, MARTIN FINK, : | |
| NEW BEGINNINGS ENTERPRISES LLC, : | |
| And TARLO LYONS : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANT T. BEAUCLERC ROGERS IV'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO COMPEL DISCOVERY ADDRESSED TO PLAINTIFF
LEXINGTON INSURANCE COMPANY**

Defendant T. Beauclerc Rogers IV ("Rogers") moves for an order, pursuant to Fed. R. Civ. P. 37, compelling plaintiff Lexington Insurance Company ("Lexington") to (1) provide a full and complete answer to interrogatory number 5 of Rogers' First Set of Interrogatories addressed to Lexington; and (2) provide documents in response to numbers 35, 36, 37, 32 and 4 of Rogers' First Request for Production of Documents.

I.   **BACKGROUND**

  A.   **The Instant Litigation**

This case involves allegations by Lexington that defendants have engaged in a Ponzi scheme affected through "a cluster of related companies known generically as 'Flashpoint'," which were involved in the financing and production of motion pictures and television series. (Sec. Am. Supp. Compl. ¶ 2). Defendants raised funds from various investors to finance the

production of motion pictures. Credit support for those transactions was effected by insurance policies procured from and issued by Lexington and other insurance companies. Lexington claims that, *inter alia*, defendants engaged in fraud by inducing the financing with alleged misrepresentations about the prospects of the pictures being financed and defendants' intention to use the funds, and then by misappropriating proceeds of the transactions for use in other ventures. (Sec. Am. Supp. Compl. ¶ 3; Lexington's RICO Case Statement ¶ 2).

### B.  Proceedings in England

In addition to this law suit, there were proceedings in England relating to Flashpoint which have generated relevant discovery. First, Lexington settled three proceedings brought against it in the Commercial Court in England by Law Debenture Trust (Channel Islands) Ltd. ("LTD"), the trustee for investors in three Hollywood Funding ("HF") film Projects (HF4, HF5 and HF6), who asserted that Lexington was required to pay on the insurance policies it wrote. (Sec. Am. Supp. Compl. ¶ 4-5). A critical issue in dispute in that proceeding was Lexington's defense of fraud in the inducement as a result of alleged manipulation of sales estimates by the defendants in this case, including Rogers – and thus, issues relevant to the instant proceeding have been explored in the LTD proceeding. Because Rogers was not a party to the LTD proceeding, he has not been privy to the discovery generated therein.

In addition, the English Department of Trade and Industry ("DTI") has conducted an extensive investigation of Flashpoint and the Hollywood Funding transactions. Upon information and belief, Lexington has had numerous communications with DTI regarding factual matters related to the instant litigation. To the extent those communications relate to issues in this litigation, they should be disclosed.

2

## II. THE DISCOVERY

On May 7, 2004 Rogers served Lexington with his First Request for Production of Documents and First Set of Interrogatories.

On July 20, 2004, Lexington lodged objections to a number of Rogers' Interrogatories and Document Requests. The primary basis of Lexington's objections is that the requested information is confidential under, and precluded from discovery by English law. Lexington also raised unfounded objections based on confidentiality concerns, burden and relevance. Roger's efforts to resolve this dispute with Lexington have not succeeded,[1] so Rogers is compelled to file this Motion.

### A.  Objections based on English law.

Specifically, Lexington objects to producing documents and information regarding the following topics on the grounds that English law prohibits disclosure:

- the identification of third party and party witness statements or interviews obtained by Lexington in connection with the instant litigation, the LDT proceeding or any proceedings conducted on behalf of DTI. (Interrogatory No. 5);

- documents omitted from Lexington's production of Andrew Maclay's Expert Report. (Document Request No. 35);

- witness statements, deposition transcripts, affidavits, or other transcripts or records of testimony from the LDT litigation or any other litigation or administrative proceeding concerning the Hollywood Funding transactions. (Document Request No. 36); and

- documents identified in Lexington's Initial Disclosures. (Document Request No. 37).

---

[1] Rogers received no substantive response to his letter of August 18, 2004, a copy of which is attached as Exhibit A, until the matter was discussed briefly during the status conference with the Court on November 22, 2004. Lexington's counsel indicated that Lexington will not produce the requested discovery without a Court Order to do so.

3

### B. A party to litigation pending in a United States District Court may not shield discovery based on foreign law

Lexington's objection to the above discovery requests is meritless. The law is well established that a party to litigation pending in a U.S. district court cannot properly shield discovery based on foreign law. An American court cannot be deprived of power to order a party subject to its jurisdiction to produce evidence even if a foreign statute prohibits disclosure. See Societe National Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa, 107 S. Ct. 2542, 2553, 2554 (1987) (Hague Convention does not deprive district court of jurisdiction to order, under the Federal Rules, a party to produce evidence physically located within a signatory nation); In re Automotive Refinishing Paint Antitrust Litigation, 358 F.3d 288, 304-305 (3d. Cir. 2004) (Federal court not divested of authority to order jurisdictional or merits discovery based on foreign blocking statute); 10A Fed. Proc. L. Ed. § 26:738 ("Despite a blocking statute, a United States court has power to issue an order under FRCP 37(a) compelling discovery so long as the court has personal jurisdiction over the person subject to the discovery order."). Since Lexington initiated this action in federal court and has unquestionably relevant discovery in its possession, English law will not shield disclosure of the information requested.

### C. Other Objections

Lexington also objects to producing documents relating to the following categories of information:

- Lexington's settlement of claims brought by insureds under the Hollywood Funding Nos. 4, 5 and 6 policies (Document Request No. 32); and

- documents relating to communications between the Department of Trade and Industry ("DTI") and Lexington. (Document Request No. 4).

Lexington objects to those categories of information based on grounds of irrelevance, scope, undue burden and harassment. It also argues that the settlement information requested, (No. 32), is confidential and not permitted to be disclosed in the absence of a court order. Lexington proposes to produce only net settlement amounts.

With respect to the requested settlement information, that information is clearly relevant to this lawsuit. Lexington avers that defendants' alleged fraud triggered the investors' suit and ultimate settlements, and Lexington seeks reimbursement of those amounts from defendants. Thus, documents relating to those settlements are relevant to Lexington's alleged damages, and the October 28, 2003 Confidentiality Order should satisfy any purported confidentiality or privacy concerns.

Lexington should also be compelled to produce all documents relating to it's communications with the DTI. As noted above, the DTI investigated Flashpoint and the Hollywood Funding transactions and thus, the DTI investigation pertained to some of the same factual allegations averred in this case. Accordingly, any communication between Lexington and DTI regarding the defendants in this case or Flashpoint is highly relevant to Lexington's claims and Rogers' defenses. Indeed, it is well established that pretrial discovery is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). If no claim of privilege applies, a party can be compelled to produce any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Accordingly, this information should be disclosed.

5

## III. CONCLUSION

For the foregoing reasons, Rogers respectfully requests that the Court issue an order compelling Lexington to (1) provide a full and complete answer to interrogatory number 5 of Rogers' First Set of Interrogatories addressed to Lexington; and (2) provide documents in response to numbers 35, 36, 37, 32 and 4 of Rogers' First Request for Production of Documents.

Respectfully submitted,

/s/ Kevin Dooley Kent
James J. Rohn, Esquire, I.D. No. 21636
Nicholas M. Centrella, Esquire, I.D. No. 67666
Kevin Dooley Kent, Esquire, I.D. No. 85962
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215)864-9600

Dated: December 3, 2004         Attorneys for Defendant, T. Beauclerc Rogers, IV

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of Defendant, T. Beauclerc Rogers IV's Motion to Compel Discovery Addressed to Plaintiff, Lexington Insurance Company and Memorandum of Law in Support thereof was served by U.S. first class mail, postage prepaid, as follows:

Alexander Kerr, Esquire
Stephen P. McFate, Esquire
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
    and
Beverly Y. Lu, Esquire
Charles A. Adamek, Esquire
Lord Bissell & Brook LLP
300 South Grand Avenue, Suite 800
Los Angeles, CA 90071
*Attorneys for New Beginnings Enterprises*

Edward P. Krugman, Esquire
Cahill, Gordon & Reindel
80 Pine Street
New York, NY 10005
    and
Jeffrey R. Lerman, Esquire
Montgomery, McCracken,
    Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
*Attorneys for Plaintiff,
Lexington Insurance Company*

Neil G. Epstein, Esquire
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street
9th Floor
Philadelphia, PA 19102
    and
Jeffery D. Farrow, Esquire
Mona Z. Hanna, Esquire
Sanford Louis Michelman, Esquire
Michelman & Robinson LLP
4 Hutton Centre, Suite 300
Santa Ana, CA 92707
*Attorneys for Martin Fink*

David L. Pennington, Esquire
Harvey, Pennington, Ltd.
1835 Market Street, 29th Floor
Philadelphia, PA 19103
*Attorney for Defendant, Tarlo Lyons*

Edward M. Dunham, Jr., Esquire
Shannon Hampton Sutherland, Esquire
Duane Morris, LLP
One Liberty Place
Philadelphia, PA 19103
*Attorney for Defendant, David Forrest*

7

Conrad O. Kattner, Esquire
McShea Tecce, P.C.
Mellon Bank Center, 16th Floor
1735 Market Street
Philadelphia, PA 19103
*Attorney for Defendant, Stanley Munson*

/s/ Kevin Dooley Kent
Kevin Dooley Kent, Esquire

Dated: December 3, 2004

# EXHIBIT A

CONRAD O'BRIEN GELLMAN & ROHN, P.C.
ATTORNEYS AT LAW

NEW JERSEY OFFICE:
LAUREL OAK CORPORATE CENTER
1000 HADDONFIELD-BERLIN ROAD
SUITE 202
VOORHEES, NJ 08043-3520
(856) 309-3373
FAX: (856) 309-3375

NICHOLAS M. CENTRELLA
DIRECT DIAL: (215) 864-8098

SIXTEENTH FLOOR
1515 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19102-1916
(215) 864-9600
FAX: (215) 864-9620
www.cogr.com
ncentrella@cogr.com

MONTGOMERY COUNTY OFFICE:
100 FOUR FALLS CORPORATE CENTER
SUITE 300
WEST CONSHOHOCKEN, PA 19428-2983
(610) 940-6045
FAX: (610) 940-6046

WEST CHESTER OFFICE:
17 W. GAY STREET - SUITE 100
WEST CHESTER, PA 19380-3090
(610) 701-9100
FAX: (610) 701-9195

August 18, 2004

**VIA FIRST CLASS MAIL AND FACSIMILE**
Ira J. Dembrow, Esquire
Cahill, Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
**FAX: 212-269-5420**

      *RE:*   *Lexington Insurance Co. v. David Forrest, et al.,*
             *E.D.Pa. Civ. No. 02-CV-4435*

Dear Ira:

     I have received Lexington's objections and responses to Beau Rogers' First Set of Interrogatories and First Request for Production of Documents. The purpose of this letter is to advise you that Rogers disagrees with several objections posed by Lexington and will move to compel disclosure if we cannot resolve these issues informally.

    1.    **English Law is not a valid basis for non-disclosure**

     First, Lexington generally objects to all discovery requests to the extent they seek information or documents ostensibly protected from disclosure by English law. This objection is stated specifically in response to Document Request Nos. 35; 36 and 37; and Interrogatory No. 5. However, the law is well established that a party to litigation pending in a U.S. district court cannot properly shield discovery based on foreign law. An American court cannot be deprived of power to order a party subject to its jurisdiction to produce evidence even if a foreign statute prohibits disclosure. See Societe National Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa, 107 S. Ct. 2542, 2553, 2554 (1987) (Hague Convention does not deprive district court of jurisdiction to order, under the Federal Rules, a party to produce evidence physically located within a signatory nation); In re Automotive Refinishing Paint Antitrust Litigation, 358 F.3d 288, 304-305 (3d. Cir. 2004) (Federal court not divested of authority to order jurisdictional or merits discovery based on foreign blocking statute); 10A Fed. Proc. L. Ed. § 26:738 ("Despite a blocking statute, a United States court has power to issue an order under FRCP 37(a) compelling discovery so long as the court has personal jurisdiction over the person

Ira J. Dembrow, Esquire  
August 18, 2004  
Page 2

CONRAD O'BRIEN GELLMAN & ROHN, P.C.

---

subject to the discovery order."). Since Lexington initiated this action in federal court and has unquestionably relevant discovery in its possession, English law will not shield disclosure of the information requested.

    2.    **Lexington should produce documents relating to communications between the Department of Trade and Industry ("DTI") and Lexington**

Lexington objects to Document Request No. 4, which seeks documents relating to communications between the Department of Trade and Industry ("DTI") and Lexington on the basis that the request is "overly broad, unduly burdensome, oppressive and harassing and seeks documents that are not relevant to the subject matter of the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence." As you know, the DTI proceeding involves Forrest, Rogers and some of the same factual allegations averred in this case. Accordingly, any communication between Lexington and DTI regarding the defendants in this case or Flashpoint is highly relevant to Lexington's claims and Rogers' defenses.

    3.    **Lexington should produce documents relating to communications between Lexington and any brokers regarding the instant litigation and the LDT proceeding**

Lexington objects to Document Request No. 5 seeking documents relating to communications between Lexington and any brokers, including Gordon Dawson and/or Lloyd Thompson, regarding the instant litigation and/or the LDT proceeding. Lexington objects on the grounds that the request is "overly broad, unduly burdensome, oppressive and harassing and seeks documents that are not relevant to the subject matter of the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence." Rogers is at a loss to understand the merits of these objections. Lexington avers that defendant Forrest conspired with the insurance brokers to inflate sales estimates. All documents relating to communications between Lexington and those brokers are highly relevant to Lexington's claims and Rogers' defenses.

    4.    **Lexington should produce all documents relating to Lexington's settlement of claims brought by insureds under the policies issued in connection with Hollywood Funding Nos. 4, 5, and 6 transactions**

Lexington objects to Document Request No. 32, which seeks documents relating to Lexington's settlement of claims brought by insureds under the policies issued in connection with Hollywood Funding Nos. 4, 5, and 6 transactions. Lexington objects on the grounds that the request is "overly broad, unduly burdensome, oppressive and harassing and seeks documents that are not relevant to the subject matter of the lawsuit and not reasonably calculated to lead to

Ira J. Dembrow, Esquire  
August 18, 2004  
Page 3

CONRAD O'BRIEN GELLMAN & ROHN, P.C.

---

the discovery of admissible evidence." These documents are clearly relevant to this lawsuit since Lexington avers that defendants' alleged frauds triggered the investors' suit and ultimate settlements, and Lexington seeks reimbursement of those amounts from defendants. Thus, documents relating to those settlements are clearly relevant to Lexington's alleged damages, and the October 28, 2003 Confidentiality Order should satisfy any purported confidentiality or privacy concerns.

In short, the objections discussed above lack merit, especially in light of the well-recognized presumption in favor of liberal pretrial discovery. We would appreciate production of the requested material without the necessity of court action. I look forward to your response.

Sincerely,

*[signature]*

Nicholas M. Centrella

cc: Edward M. Dunham, Jr., Esquire  
Edward P. Krugman, Esquire  
Emily A. Poler, Esquire  
Scott M. Mory, Esquire  
Shannon Hampton Sutherland, Esquire  
Jeffrey R. Lerman, Esquire  
Glenn F. Rosenblum, Esquire  
David Pennington, Esquire  
Neil G. Epstein, Esquire  
Alexander Kerr, Esquire  
Conrad O. Kattner, Esquire  
Jeffrey D. Farrow, Esquire  
Mona Z. Hanna, Esquire  
Sanford Louis Michelman, Esquire