IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-4435 |
| DAVID FORREST et al, | : | |
| Defendants | : | |
| | : | |

### AFFIDAVIT OF EDWARD M. DUNHAM

I, Edward M. Dunham, Jr. being duly sworn according to law, depose and say:

1. I am *Of Counsel* with the law firm of Duane Morris LLP ("Duane Morris"), One Liberty Place, Philadelphia, Pennsylvania, 19103.

2. Duane Morris is counsel to Defendant David Forrest.

3. I submit this Affidavit in Support of the Motion of Duane Morris for Leave to Withdraw as counsel for David Forrest.

4. Duane Morris has represented Mr. Forrest in connection with this matter since October 2002.

### A. Mr. Forrest's Failure to Abide By His Payment Obligations to Duane Morris and Inability to Pay Future Legal Bills

5. At the time Mr. Forrest engaged Duane Morris, he agreed in his signed engagement letter that

> Our statements will be rendered monthly and are payable within 30 days. In the event that our statements are not timely paid, or that payment terms satisfactory to us are not established, we reserve the right to renegotiate the terms of this engagement, to terminate it and withdraw from this or any representation of you
> . . .

> Once a trial or hearing date is set, we will require you to pay all amounts then owing to us and to deposit with us the fees we estimate will be incurred in preparing for and completing the trial or arbitration, as well as jury fees and arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and to withdraw from the representation . . .
>
> You may terminate our representation at any time by notifying us. Your termination of our services will not affect your responsibility for payment of outstanding statements and accrued fees and expenses incurred before the termination or incurred thereafter in connection with an orderly transition of the matter . . .
>
> We may withdraw from representation if you fail to fulfill your obligations under this agreement, or as permitted or required under any applicable standards of professional conduct or rules of court, or upon our reasonable notice to you . . .

6. Unfortunately, Mr. Forrest has been unable to meet the requirements of his engagement with Duane Morris.

7. For example, after the exhaustion of Mr. Forrest's initial retainer in November 2002, he has taken between two and thirteen months to retire invoiced amounts.

8. Despite Mr. Forrest's untimely last payment to Duane Morris, on October 27, 2004, several invoices – dating as far back as nine months – remain outstanding.

9. As of December 14, 2004, Mr. Forrest's outstanding invoices for Duane Morris' costs and fees total approximately $46,226.74.

10. Although Mr. Forrest has represented to Duane Morris that he will retire this outstanding balance, he has not provided any timeframe or resource for its payment.

11. More significantly, Mr. Forrest has informed Duane Morris that he cannot afford, and is unwilling to pay, additional future legal fees or expenses.

### B. Mr. Forrest Has Requested That Duane Morris Terminate Its Representation As His Counsel.

12. Mr. Forrest has requested that Duane Morris terminate its representation as his counsel in this matter, as he is permitted to do both under the terms of his engagement of Duane Morris and applicable rules of professional conduct.

13. To this end, Mr. Forrest instructed Duane Morris to prepare a Motion for Leave to Withdraw as his Counsel.

14. Mr. Forrest has informed me that he is unable to retain or pay substitute counsel.

15. Although Duane Morris has made him aware of the attendant risks of representing himself, Mr. Forrest has indicated that he wishes to represent himself *pro se* from this point forward.

### C. Mr. Forrest and Duane Morris Would Face Great Hardship If Duane Morris is Forced to Continue to Represent Mr. Forrest.

16. As an initial matter, if the Court requires Duane Morris to continue to represent Mr. Forrest, it will prejudice Mr. Forrest, who has expressed his desire to terminate the attorney-client relationship with Duane Morris.

17. Moreover, if Duane Morris is forced to continue to represent Mr. Forrest, without the prospect of payment for future fees, Duane Morris also will incur a considerable economic hardship in that this litigation is, and will continue to be, protracted and expensive.

18. Duane Morris must obtain voluminous electronic documents from Plaintiff at a substantial cost, plus additional costs for paper and Hague Convention discovery. Duane Morris must also incur additional fees to establish the appropriate databases to review these hundreds of thousands of documents. Moreover, Duane Morris would further be forced

to forego legal fees for the many weeks of attorney and paralegal time it will require to review these documents.

19. These fees and expenses to be incurred only begin to address the initial discovery to be completed in this case. The parties anticipate approximately 30 to 33 depositions (approximately 18-21 on Plaintiff's part and approximately an additional 12 on Defendants' part). Only one deposition is expected to take place within the Eastern District of Pennsylvania. The majority of the remainder of the depositions will take place across the country, in the United Kingdom, and perhaps in Canada. Indeed, Plaintiff has just scheduled three straight days of double-tracked depositions for December 21, 22, and 23 in California. Mr. Forrest has instructed Duane Morris <u>not</u> to attend these depositions or participate on his behalf.

20. If the Court were not to permit Duane Morris to withdraw from the representation of Mr. Forrest, as Mr. Forrest has instructed us, all of these depositions will require Duane Morris to incur great expense in terms of attorney and paralegal preparation time, travel time, travel expenses, vendor expenses (including for court reporters, transcripts, copying, and other expenses), and other foregone revenue opportunities, <u>with absolutely no prospect of being reimbursed.</u>

21. Moreover, Duane Morris must engage financial and insurance experts to advise Mr. Forrest on the complex issues involved in the trial of this matter – all at its own expense – if the Court does not permit it to withdraw from Mr. Forrest's representation.

22. Given the contemplated discovery, even *conservative* estimates of Mr. Forrest's future legal bills for the next several months range from approximately $15,000.00 to $20,000.00 per month. Considering Plaintiff's estimated $5.2 Million in litigation costs in the English action on related claims, which involved a review of many of the same documents and depositions (interviews) of many of the same witnesses that will need to be deposed in

this case, any fee estimate of less than several hundred thousand dollars per year for Mr. Forrest's defense of this case is simply unrealistic. Duane Morris should not be required to incur such high legal fees without any prospect of remuneration.

23. Moreover, given Mr. Forrest's practice, and expressed continued intention, of limiting his communications with Duane Morris so as to limit his incurrence of legal fees, Duane Morris cannot continue in its representation of Mr. Forrest without infringing on and breaching its professional obligations as members of the bar to the Court and to Mr. Forrest.

24. For these reasons, and for the reasons set forth in the Motion for Leave to Withdraw as Counsel for David Forrest, in support of which I submit this declaration, I urge the Court to release Duane Morris from its representation of Mr. Forrest.

This 17th day of December 2004, I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Dated: December ____, 2004

_____
EDWARD M. DUNHAM

Sworn to and subscribed before me
this 17th day of December, 2004

_____
NOTARY PUBLIC

NOTARIAL SEAL
KATHLEEN A. RAUDABAUGH
Notary Public
TWNSP:PHILADELPHIA BUS
CNTY:PHILADELPHIA
My Commission Expires Apr 2, 2008