IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | NO. 02-CV-4435 |
| Plaintiff, | : | (Hon. Anita B. Brody) |
| | : | |
| v. | : | |
| | : | |
| DAVID FORREST et al, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, upon consideration of the Unopposed Expedited Motion of Duane Morris LLP for Leave to Withdraw as Counsel to David Forrest, the supporting Memorandum of Law and Affidavits thereto, and any oral argument thereon, its is

Hereby ORDERED that Edward M. Dunham, Jr., Esquire, Shannon Hampton Sutherland, Esquire, and Duane Morris LLP shall be, and hereby are, permitted to withdraw their appearance on behalf of David Forrest in this matter;

It is FURTHER ORDERED that David Forrest shall be permitted to represent himself *pro se* in this matter.

By the Court:

_____
Anita B. Brody
United States District Judge

PH2\832387.2

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | NO. 02-CV-4435 |
| Plaintiff, | : | (Hon. Anita B. Brody) |
| | : | |
| v. | : | |
| | : | |
| DAVID FORREST et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**UNOPPOSED EXPEDITED MOTION OF DUANE MORRIS LLP
FOR LEAVE TO WITHDRAW AS COUNSEL FOR DAVID FORREST**

    Duane Morris LLP ("Duane Morris"), by and through the undersigned, hereby submits this Unopposed Expedited Motion for Leave to Withdraw as Counsel for David Forrest, and, in support hereof, submits the accompanying Memorandum of Law and attached affidavits thereto, all of which are incorporated herein by reference as if set forth at length.

    Duane Morris has promptly brought this important matter to the Court's attention upon gathering the facts upon which this motion is based. Accordingly, Duane Morris respectfully requests this Honorable Court's expedited consideration of this matter, in light of the depositions scheduled for December 21, 22, and 23, 2004 and the Court's expressed desire to closely adhere

2

to the Amended Scheduling Order of December 9, 2004.

          Respectfully submitted,

          DUANE MORRIS LLP

          By:

           /s/ Shannon Hampton Sutherland  
          Edward M. Dunham, Jr., Esquire  
          Attorney I.D. No. 21550  
          Shannon Hampton Sutherland, Esquire  
          Attorney I.D. No. 90108  
          One Liberty Place  
          Philadelphia, PA 19103

Dated: December 17, 2004

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | NO. 02-CV-4435 |
| Plaintiff, | : | (Hon. Anita B. Brody) |
| | : | |
| v. | : | |
| | : | |
| DAVID FORREST et al, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNOPPOSED EXPEDITED MOTION OF DUANE MORRIS LLP
FOR LEAVE TO WITHDRAW AS COUNSEL FOR DAVID FORREST**

Duane Morris LLP ("Duane Morris"), by and through the undersigned, submits this Memorandum of Law in Support of its Unopposed Expedited Motion for Leave to Withdraw as Counsel for Defendant David Forrest.

**I.   FACTUAL BACKGROUND AND INTRODUCTION**

In October 2002, Mr. Forrest retained Duane Morris to represent him, see the Affidavit of Edward M. Dunham, Jr. ("Dunham Aff."), attached as Exhibit "A," at ¶ 4; Affidavit of Mr. Forrest ("Forrest Aff."), attached as Exhibit "B"," at ¶ 4, in this action in defense of the allegations of the Complaint and Amended Complaint.

At the time Mr. Forrest engaged Duane Morris, he agreed in his signed engagement letter that

> Our statements will be rendered monthly and are payable within 30 days. In the event that our statements are not timely paid, or that payment terms satisfactory to us are not established, we reserve the right to renegotiate the terms of this engagement, to terminate it and withdraw from this or any representation of you . . .

> Once a trial or hearing date is set, we will require you to pay all amounts then owing to us and to deposit with us the fees we estimate will be incurred in preparing for and completing the trial or arbitration, as well as jury fees and arbitration fees likely to be assessed.  If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and to withdraw from the representation . . .
>
> You may terminate our representation at any time by notifying us.  Your termination of our services will not affect your responsibility for payment of outstanding statements and accrued fees and expenses incurred before the termination or incurred thereafter in connection with an orderly transition of the matter . . .
>
> We may withdraw from representation if you fail to fulfill your obligations under this agreement, or as permitted or required under any applicable standards of professional conduct or rules of court, or upon our reasonable notice to you . . .

Dunham Aff. at ¶ 5.  See also Forrest Aff. at ¶ 6.

Unfortunately, Mr. Forrest has been unable to meet the requirements of his engagement with Duane Morris.  See Dunham Aff. at ¶ 6; Forrest Aff. at ¶ 7.  For example, after the exhaustion of Mr. Forrest's initial retainer in November 2002, he has taken between two and thirteen months to retire invoiced amounts.  See Dunham Aff. at ¶ 7.  Despite Mr. Forrest's untimely last payment to Duane Morris, on October 27, 2004, several invoices – dating as far back as nine months – remain outstanding.  See Dunham Aff. at ¶ 8.  As of December 14, 2004, Mr. Forrest's outstanding invoices for Duane Morris' costs and fees total in excess of $46,000.  See Dunham Aff. at ¶ 9; Forrest Aff. at ¶ 9.  Although Mr. Forrest has represented to Duane Morris that he will retire this outstanding balance, he has not provided any timeframe or resource for its payment.  See Dunham Aff. at ¶ 10; Forrest Aff. at ¶ 10.  More significantly, Mr. Forrest has informed Duane Morris that he cannot afford, and is unwilling to pay, additional future legal fees or expenses.  See Dunham Aff. at ¶ 11; Forrest Aff. at ¶ 11.

Mr. Forrest recently requested that Duane Morris terminate its representation as his counsel in this matter and instructed Duane Morris to prepare this Motion for Leave to Withdraw as his Counsel.  See Dunham Aff. at ¶¶ 12, 13; Forrest Aff. at ¶ 15.  Mr. Forrest has informed Duane Morris that he is unable to retain or pay substitute counsel and, although Duane Morris has made him aware of the attendant risks of representing himself, has indicated that he wishes to represent himself *pro se* from this point forward.  See Dunham Aff. at ¶¶ 14, 15; Forrest Aff. at ¶¶ 18, 19.

As an initial matter, if the Court requires Duane Morris to continue to represent Mr. Forrest, it will prejudice Mr. Forrest, who has expressed his desire to terminate the attorney-client relationship with Duane Morris.  See Dunham Aff. at ¶ 16.

Moreover, if Duane Morris is forced to continue to represent Mr. Forrest, without the prospect of payment for future fees, Duane Morris also will incur a considerable economic hardship in that this litigation is, and will continue to be, protracted and expensive.  See Dunham Aff. at ¶ 17.  Initially, Duane Morris must obtain voluminous electronic documents from Plaintiff at a substantial cost, plus additional costs for paper and Hague Convention discovery.  See Dunham Aff. at ¶ 18.  Duane Morris must also incur additional fees to establish the appropriate databases to review these hundreds of thousands of documents.  See Dunham Aff. at ¶ 18.  Moreover, Duane Morris would further be forced to forego legal fees for the many weeks, at a minimum, of attorney and paralegal time it will require to review these documents.  See Dunham Aff. at ¶ 18.

These fees and expenses to be incurred only begin to address the initial discovery to be completed in this case.  See Dunham Aff. at ¶ 19.  The parties anticipate taking approximately 30 to 33 depositions (approximately 18-21 on Plaintiff's part and approximately an additional 12 on

3

Defendants' part). See Dunham Aff. at ¶ 19. Only one deposition is expected to take place within the Eastern District of Pennsylvania. See Dunham Aff. at ¶ 19. The majority of the remainder of the depositions will take place across the country, in the United Kingdom, and perhaps in Canada. See Dunham Aff. at ¶ 19. Indeed, Plaintiff has just scheduled three straight days of double-tracked depositions for December 21, 22, and 23 in California. See Dunham Aff. at ¶ 19. Mr. Forrest has instructed Duane Morris not to attend these depositions or participate on his behalf. See Dunham Aff. at ¶ 19.

If the Court were not to permit Duane Morris to withdraw from the representation of Mr. Forrest, in accordance with Mr. Forrest's instructions all of these depositions will require Duane Morris to incur great expense in terms of attorney and paralegal preparation time, travel time, travel expenses, vendor expenses (including for court reporters, transcripts, copying, and other expenses), and other foregone revenue opportunities, with absolutely no prospect of being reimbursed. See Dunham Aff. at ¶ 20. See also Forrest Aff. at ¶ 11.

Moreover, Duane Morris must engage financial and insurance experts to advise Mr. Forrest on the complex issues involved in the trial of this matter – all at its own expense – if the Court does not permit it to withdraw from Mr. Forrest's representation. See Dunham Aff. at ¶ 21. See also Forrest Aff. at ¶¶ 11, 13.

Given the contemplated discovery, even *conservative* estimates of Mr. Forrest's future legal bills for the next several months range from approximately $15,000.00 to $20,000.00 per month. See Dunham Aff. at ¶ 22. Considering Plaintiff's estimated $5.2 Million in litigation costs in the English action on related claims, which involved Plaintiff's review of many of the same documents and depositions (interviews) of many of the same witnesses that will need to be deposed in this case, any fee estimate of less than several hundred thousand dollars per year for

Mr. Forrest's defense of this case is simply unrealistic. See Dunham Aff. at ¶ 22. Duane Morris should not be required to incur such high legal fees without any prospect of remuneration.

Moreover, given Mr. Forrest's practice, and expressed continued intention, of limiting his communications with Duane Morris so as to limit his incurrence of legal fees, see Forrest Aff. at ¶ 12, Duane Morris cannot continue in its representation of Mr. Forrest without infringing on and breaching its professional obligations as members of the bar to the Court and to Mr. Forrest. See Dunham Aff. at ¶ 23.

Each of these factors has caused an incurable conflict between Mr. Forrest and his counsel. See Forrest Aff. at 13. For these reasons, and as explained in detail below, Duane Morris urges the Court to grant it leave to withdraw from representation of Mr. Forrest.

## II.  ARGUMENT

### A.  Standards Applicable to the Instant Motion to Withdraw

The Local Rules of Civil Procedure provide that "an attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." Local R. Civ. P. 5.1. Because a substitute attorney has not entered an appearance on behalf of Mr. Forrest, it is left to this Court's sound discretion to permit Duane Morris to withdraw as counsel. In determining whether to permit withdrawal, this Court should consider four factors: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case. See McAllister v. Massan Shipping of Louisiana, No. 96-4403, 1997 U.S. Dist. LEXIS 4781 (E.D. Pa. 1997) (citing Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir. 1986)); Taylor v. Stewart, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998).

The Court should also consider Pennsylvania's Rules of Professional Conduct. See Local R. Civ. P. 14. Under either the mandatory or permissive withdrawal provisions of the Pennsylvania Rules, the Court should permit Duane Morris to withdraw from representation of Mr. Forrest. Pursuant to the mandatory withdrawal provisions of Rule 1.16(a),

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law; . . . or (3) the lawyer is discharged.

Pa. R. Professional Conduct 1.16(a). Moreover, Rule 1.16(b) permits a lawyer to withdraw where a client has not satisfied his financial obligations to the lawyer. As that rule states,

> (b) except as stated in paragraph (c), a lawyer may withdraw from representing the client if withdrawal can be accomplished without material adverse affect on the interests of the client, or if: . . . (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer, or has been rendered unreasonably difficult by the client.

Pa. R. Professional Conduct 1.16(b).

**B.    Each of the Relevant Factors Weigh in Favor of Permitting Duane Morris to Withdraw as Counsel**

Upon consideration of all the necessary factors and the applicable rules, the Court has a sound basis for permitting Duane Morris to withdraw as Mr. Forrest's counsel. As he has a right to do, Mr. Forrest has decided to discharge Duane Morris as his attorneys and seeks to act *pro se*. See Dunham Aff. at ¶¶ 12, 13, and 15; Forrest Aff. at ¶ 15. As such, Duane Morris is *required* to withdraw as his counsel. See Pa. R. Professional Conduct 1.16(a)(3).

In addition, Mr. Forrest has continually failed to remit timely payment to Duane Morris, has an outstanding balance in excess of $46,000, and has represented to Duane Morris that he

does not have sufficient funds with which to pay any future legal fees or costs. See Dunham Aff. at ¶¶ 9, 11; Forrest Aff. at 11. Substantial additional fees and expenses are certain to be incurred in this matter and, without withdrawal, Duane Morris will be forced to continue to represent Mr. Forrest and incur expenses and costs without any prospect of payment for its work and expenses. See Dunham Aff. at ¶¶ 17-22.

Indeed, Mr. Forrest's awareness that he cannot pay the necessary fees and costs in this litigation has caused Mr. Forrest to drastically limit his communications with Duane Morris in an attempt to contain his bills to-date, which poses a threat to Duane Morris' professional obligations and insurmountable friction affecting the representation, requiring withdrawal pursuant to Rule 1.16(a)(1) of the Pennsylvania Rules of Professional Conduct. See Dunham Aff. at ¶ 23. See also Forrest Aff. at ¶¶ 12, 13.

Collectively, these facts make it imperative that this Court permit Duane Morris to withdraw as Mr. Forrest's counsel.

    **1.**    **The Reasons for Which Withdrawal is Sought Favor Withdrawal.**

        **a.**    **The Client Has an Absolute Right to Terminate the Attorney-Client Relationship At Any Time.**

It is well established that a client may discharge his or her attorney at any time, with or without cause. See, e.g., Commonwealth v. Scheps, 523 A.2d 363, 370 (Pa. Super. 1987) (citing United States v. Thomas, 450 F.2d 1355 (D.C. Cir. 1971)). Rule 1.16 of the Pennsylvania Rules of Civil Procedure specifically provides that, except when ordered by a tribunal, a lawyer "shall withdraw from the representation of a client if the lawyer is discharged." Pa. R. Professional Conduct 1.16(a)(3). Thus where, as here, the client desires to terminate the attorney-client relationship, the attorney must seek to leave to, and should be permitted to, withdraw as counsel.

In Scheps, the court granted the attorney's petition to withdraw as counsel based on several factors. See Scheps, 523 A.2d at 370. One of the factors the court considered was the fact that the client had discharged the attorney. See id. at 366-67. The client retained his attorney, Alan Lieberman, to represent him in a criminal action. See id. at 364-65. After the client failed to pay Mr. Lieberman's attorneys fees and expenses, the client discharged Mr. Lieberman. See id. at 366. The court permitted Mr. Lieberman to withdraw as counsel, finding that, where a client discharges his attorney, the attorney-client relationship is terminated. See id. at 370.

In reaching its decision, the court reasoned that, "'[w]hile it is quite true that, under certain circumstances, counsel cannot be relieved without permission of the court *there is no requirement of law or common sense that a court can compel counsel to continue to represent a former client where there has been a termination of the attorney-client relationship before trial by mutual consent*.'" Id. at 366-67 (emphasis added) (citing McDonnell v. Tabah, 297 F.2d 731, 733 (2d Cir. 1961)). The court continued that the right of a client to terminate the attorney-client relationship is necessary in light of the iniquities that would occur if the attorney and client were forced to continue such a relationship. Id. at 367.

Particularly in light of the friction that now exists between Duane Morris and Mr. Forrest, see Forrest Aff. at ¶¶ 12, 13, the same inequities would result if the Court does not permit Duane Morris to withdraw as Mr. Forrest's counsel, when Mr. Forrest has instructed Duane Morris to terminate the attorney-client relationship and to file this motion to withdraw as his counsel. See Dunham Aff. at ¶¶ 12, 13.

8

      **b.**      **The Court Should Grant the Petition to Withdraw As Counsel Where the Client Has Maintained a Slow Payment History, Has Outstanding Legal Fees and Costs, and Has Represented that He Cannot Pay Future Fees, and Continued Representation Would Place a Financial Burden On Counsel.**

Indeed, as in Scheps, the desire to terminate the relationship here is mutual, as a result of Mr. Forrest's failure to satisfy his obligations to Duane Morris. Rule 1.16 of the Pennsylvania Rules of Professional Responsibility permits a lawyer to withdraw where a client has not satisfied his financial or other obligations to the lawyer. Rule 1.16 states:

> (b) except as stated in paragraph (c), a lawyer may withdraw from representing the client if withdrawal can be accomplished without material adverse affect on the interests of the client, or if: . . . (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer, or has been rendered unreasonably difficult by the client.

Pa. R. Professional Conduct 1.16 (emphasis added). In the instant matter, both sub-sections (4) and (5) of Rule 1.16 permit Duane Morris to withdraw from representation of Mr. Forrest.

Without question, Mr. Forrest has undoubtedly violated his payment obligations to his attorneys. Prior to undertaking representation of Mr. Forrest, Duane Morris entered into a fee agreement with him, whereby Mr. Forrest agreed to pay all legal fees and costs within 30 days of invoicing. See Dunham Aff. at ¶ 5; Forrest Aff. at ¶ 6. Nevertheless, after the exhaustion of Mr. Forrest's initial retainer in November 2002, his payment history has been slow – ranging from two to thirteen months for the retirement of invoiced amounts. See Dunham Aff. at ¶ 7. As of the date of this Motion, Mr. Forrest has a large outstanding balance representing invoices that date back as far as nine months. See Dunham Aff. at ¶¶ 8, 9. See also Forrest Aff. at ¶ 9.

In addition, there will no doubt be significant additional future costs involved to defend Mr. Forrest against the extensive RICO, fraud, and conspiracy claims against him. See Dunham

Aff. at ¶¶ 17-22.  Based on Mr. Forrest's payment history to-date and Mr. Forrest's lack of financial resources, it is highly unlikely that Duane Morris will receive payment for any future fees or costs that it will incur.  In fact, Mr. Forrest has already indicated to Duane Morris that he cannot pay future estimated Duane Morris legal fees and costs associated with his representation.  See Dunham Aff. at ¶ 11; Forrest Aff. at ¶ 11.  As a result, further representation of Mr. Forrest will result in an unreasonable financial burden on counsel.  Therefore, it is clear that, under Rules 1.16(b)(4) and (5), and pursuant to the terms of Duane Morris' engagement, Duane Morris should be permitted to withdraw as his counsel.

Federal and state courts in Pennsylvania have repeatedly held that an attorney may withdraw as counsel where a client has violated his obligations to the attorney and the continued representation may place an unreasonable financial burden upon the attorney.  See, e.g., Max-um Fin. Holding Corp. v. Moya Overview, Inc., No. 88-6345, 1990 Dist. LEXIS 12324 (E.D. Pa. 1990); Commonwealth v. Little, 614 A.2d 1146, 1150 (Pa. Super. 1992); Commonwealth v. Roman, 549 A.2d 1320, 1321 (Pa. Super. 1988); Commonwealth v. Scheps, 523 A.2d 363, 370 (Pa. Super. 1987).

For example, in Max-um Financial Holdings, 1990 LEXIS 12324, the Court granted the law firm's motion to withdraw as counsel based on the failure of the firm's client to pay the law firm on an as-billed basis for fees and costs incurred in defense of the suit.  The Court noted that "it is *unreasonable for the defendants to expect the law firm to continue to represent them when it has not been paid for services rendered and, apparently, has little assurance of payment for services to be rendered in the future*."  Id. at *2 (emphasis added) (citing Leddy v. Hartnett, 510 F. Supp. 1125, 1126 (E.D. Pa. 1991), aff'd without op., 676 F.2d 686 (3d Cir. 1982)).

10

Similarly, in Scheps, the court noted that, when a client owes an attorney for past legal fees of a substantial amount and is not in a position to pay for future legal fees for trial, there is no reason to deny an attorney's petition for leave to withdraw. See Scheps, 523 A.2d at 370. As the court explained, "After all, it is the client's responsibility and not the attorney's, to pay for heavy costs of trial." Id. (citing Commonwealth v. Novak, 395 Pa. 199, 213, 150 A.2d 102, 109 (1959)). At the time the attorney filed the petition to withdraw, the client owed his attorney $6,000 and it was estimated that a trial would cost substantially more. Mr. Forrest maintains an even more substantial balance to Duane Morris, and it is certain that discovery and trial will cost hundreds of thousands of dollars more, which Mr. Forrest cannot pay. See Dunham Aff. at ¶¶ 9, 11, & 17-22.

Mr. Forrest clearly violated his fee agreement with Duane Morris through his failure to pay significant legal fees and costs. The terms of his engagement of Duane Morris and Rule 1.16(b)(4) according permit Duane Morris to withdraw as counsel. See Little, 614 A.2d at 1148. The certain prejudice to Duane Morris if the Court requires it to continue as Mr. Forrest's counsel is exacerbated by Mr. Forrest's representation that he cannot pay future estimated legal or expert fees. See Rule 1.16(b)(5). See also Fulton Bank v. McKittrick & Briggs Secs., Inc., 1991 U.S. Dist. LEXIS 887 (E.D. Pa. 1991) (an attorney may withdraw under the Pennsylvania Rules when his continued representation is unreasonably difficult and places the firm in an unreasonable financial burden); Svarzbein v. Greenwood Square Assocs., No. 90-CV-3838, 1995

---

2   This case addressed the issue of withdrawal of counsel pursuant to the prior professional responsibility laws DR 2-110 entitled "Withdrawal from Employment." However, that rule is substantially similar to the present Rule 1.16 and decisions on Rule 1.16 have relied on these past court decisions in determining when to grant permission to withdraw. See Commonwealth v. Little, 614 A.2d at 149.

U.S. Dist. LEXIS 7911 (E.D. Pa. 1995) (permitting counsel to withdraw where the client failed to pay legal expenses and refused to authorized the engagement of expert witnesses; finding that the client's lack of cooperation in providing the funds necessary to prosecute the case created an irreconcilable difference of opinion as to how the case should be prosecuted).

Simply put, without withdrawal, Duane Morris faces the certain prospect of incurring at least hundreds of thousands of dollars in legal fees and expenses, without any prospect of payment, to avoid breaching its professional and ethical obligations as members of the bar to act with competence and diligence.  See Pa. R. Professional Conduct 1.1. & 1.2.

### c.      Requiring Duane Morris to Continue to Represent Mr. Forrest Will Force Duane Morris to Violate Its Professional Obligations.

Significantly, requiring Duane Morris to continue to represent Mr. Forrest will force Duane Morris to violate its professional obligations.  As the Pennsylvania Rules of Professional Conduct provide, unless otherwise ordered, a lawyer "shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct."  Pa. R. Professional Conduct 1.16(a)(1).

Unfortunately, despite the repeated requests from Duane Morris for more significant communication, Mr. Forrest's contact with Duane Morris has been limited to-date.  See Dunham Aff. at ¶ 23.  See also Forrest Aff. at ¶ 12.  Mr. Forrest, who indicates that he has limited his contact with Duane Morris in an attempt to contain legal fees he knows he cannot afford, will continue to do so if the Court does not permit Duane Morris to withdraw as counsel.  See Dunham Aff. at ¶ 23.  See also Forrest Aff. at ¶ 12.  This limited communication with its client will place Duane Morris in the precarious position of being unable to provide timely and complete information to the client or responses to opposing counsel or the Court, or to adequately prepare for the myriad depositions that will take place in this litigation, all in

12

violation of its duties of diligence, communication with the client, and fairness to the other parties. See Pa. R. Professional Conduct 1.3, 1.4, & 3.4. Accordingly, Duane Morris must withdraw from Mr. Forrest's representation. See id. at R. 1.16(1)(1).

### 2. Withdrawal Will Cause Relatively Little or No Prejudice to the Litigants or the Administration of Justice, or Delay in a Resolution of the Case.

Finally, the Court should permit Duane Morris to withdraw where, as here, withdrawal will cause relatively or no prejudice to the litigants or to the administration of justice, nor delay in a resolution of the case.

#### a. Relatively Little Discovery Has Taken Place To-Date.

Mr. Forrest will not be forced to be quickly brought up to speed on extensive discovery because, as this Court is well aware, very little discovery has taken place to-date in this case. Mr. Forrest, with Duane Morris' assistance, has already produced to Lexington the relevant, non-privileged documents in his possession, custody, or control and, as the Court knows, these documents were few in number because Flashpoint's Administrators obtained the original Flashpoint documents years ago.

Although Lexington offered since the time of the last Court conference to produce on CD the documents in its possession, custody, or control, those documents have not yet been produced because of the $700.00-$1000.00 cost to Mr. Forrest of such production. Even if Duane Morris were to obtain undertake the review of those documents, that process would still need to proceed hand in hand with Mr. Forrest, the individual likely to be most familiar with them.

No depositions have yet been taken, and the first of approximately 33 depositions will only begin next week, with no further depositions yet scheduled beyond next week.

13

Moreover, although Lexington recently served a First and Second Set of Requests for Admission, Mr. Forrest is already involved in preparing the responses to those requests.

In short, Mr. Forrest is as aware as Duane Morris of the substance of discovery taken to-date and will not require substantial additional time to prepare for his own representation.

### b. Mr. Forrest, the Individual Most Familiar With the Majority of the Documents in Lexington's Possession, Has Agreed to Make Himself Accessible to the Court and Litigants.

"Whether to permit an attorney to withdraw must be determined with reference to the purpose underlying Local Rule 5.1, which includes 'ensuring effective court administration.'" McAllister v. Massan Shipping of Louisiana, 1997 U.S. Dist. LEXIS 4781 (E.D. Pa. 1997) (citing Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir. 1986)).  Concerns regarding effective court administration are lessened here, where Mr. Forrest, the individual most familiar with the majority of the documents to be reviewed, fully understands his obligation to make himself accessible to the Court and other litigants in this case.

Indeed, because Mr. Forrest represents that his limited communication to-date results only from his desire and need to limit his legal bills, by virtue of Mr. Forrest's *pro se* representation, the Court will be eliminating the costly "middle man" and opening a direct route of communication with Mr. Forrest.  Moreover, Mr. Forrest is not unfamiliar with the U.S. legal system.  In fact, he has previously testified as an expert witness in U.S. federal court, and has given expert testimony in more than 25 cases in three difference countries.  As an educated businessman, he has the capacity to become sufficiently familiar with U.S. Court rules.  Additionally, unfortunately for Mr. Forrest, he is not currently employed and can devote the time necessary to conclude this matter.  Thus, the interests of neither the litigants nor court administration will be adversely affected by Duane Morris' withdrawal, and in fact may be advanced.

14

**III.   CONCLUSION**

Considering that (1) the client desires to terminate the attorney-client relationship; (2) the client has failed, and will continue to fail, to comply with his fee arrangement and communication obligations with Duane Morris; (3) requiring Duane Morris to continue in this representation will cause an undue financial burden upon Duane Morris; and (4) relatively little or no prejudice will result to the other litigants, the administration of justice, and scheduling in this matter, it is respectfully requested that this Court grant the Unopposed Expedited Motion of Duane Morris LLP for Leave to Withdraw as Counsel to David Forrest.

Respectfully submitted,

DUANE MORRIS LLP

By:

  /s/ Shannon Hampton Sutherland
Edward M. Dunham, Jr., Esquire
Attorney I.D. No. 21550
Shannon Hampton Sutherland, Esquire
Attorney I.D. No. 90108
One Liberty Place
Philadelphia, PA 19103

Dated: December 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2004, I caused a true and correct copy of the foregoing Unopposed Expedited Motion of Duane Morris LLP for Leave to Withdraw as Counsel for David Forrest, the accompanying Memorandum of Law and Affidavits attached thereto, and a proposed form of Order be served by U.S. First Class Mail and E-Mail upon the following:

> Jeffrey R. Lerman, Esquire
> Glenn F. Rosenblum, Esquire
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 South Broad Street
> Philadelphia, Pennsylvania 19109
> -and-
> Edward P. Krugman, Esquire
> Cahill, Gordon & Reindel
> 80 Pine Street
> New York, New York 10005
> ***Counsel for Plaintiff***

> James J. Rohn, Esquire
> Nicholas M. Centrella, Esquire
> Kevin Dooley Kent, Esquire
> Conrad O'Brien Gellman & Rohn PC
> 1515 Market Street, 16th floor
> Philadelphia, PA  19102
> ***Counsel for Defendant T. Beauclerc Rogers IV***

> Thomas M. Kittredge, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103
> -and-
> John Gordon, Esquire
> Gene Bannigan, Esquire
> Jack Thomas, Esquire
> Morgan, Lewis & Bockius LLP
> 101 Park Avenue
> New York, NY  10178-0060
> ***Counsel for Defendant Tarlo Lyons***

PH2\832387.2

Neil G. Epstein, Esquire
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th floor
Philadelphia, PA  19102
-and-
Sanford Louis Michelman, Esquire
Jeffrey D. Farrow, Esquire
Michelman & Robinson, LLP
4 Hutton Centre, Suite 300
Santa Ana, CA  92707
**Counsel for Defendant Martin Fink**


Alexander Kerr, Esquire
Stephen P. McFate, Esquire
McCarter & English
Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA  19103-7501
**Counsel for Defendant New Beginnings Enterprises LLC**

Conrad O. Kattner, Esquire
McShea Tecce, P.C.
Mellon Bank Center
1735 Market Street, 16th Floor
Philadelphia, PA  19103
**Counsel for Stanley Munson**


Dated:  December 17, 2004         _/s/ Shannon Hampton Sutherland_____
                                          Shannon Hampton Sutherland

2

PH2\832387.2