# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>           - against -<br><br>DAVID FORREST, T. BEAUCLERC ROGERS IV,<br>STANLEY MUNSON, MARTIN FINK, all individually,<br>and NEW BEGINNINGS ENTERPRISES LLC, a California<br>Limited Liability Company, and TARLO LYONS, a<br>partnership,<br>                              Defendants. | Civil Action No. 02-CV-4435<br>(Hon. Anita B. Brody) |

## ORDER FOR ISSUANCE OF LETTER OF REQUEST

Now, upon reading the affidavit of Edward P. Krugman, sworn to December 14, 2004,

submitted in support of the Lexington's motion for the issuance of a Letter of Request, and it

appearing that the testimony and documents of the designated witnesses therein, currently residing

in the United Kingdom, are material and necessary to the trial of the issues of these actions, it is

hereby

ORDERED, that the Letter of Request, in the form annexed hereto, be issued in this action

directed to the Appropriate Judicial Authorities of the United Kingdom, requesting them, by the

usual and proper process of those authorities: to summon the designated witnesses to appear

individually to give deposition testimony on videotape and to submit documents for inspection and

copying at a time and place to be determined by mutual agreement of the parties and the witness.

-2-

IT IS FURTHER ORDERED, that each Letter of Request contain an expression of readiness and willingness of this Court to do the same for the Appropriate Judicial Authority in the United Kingdom in a similar case when required.

Dated:  New York, New York
       December___, 2004

_____
    UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

LEXINGTON INSURANCE COMPANY,

Plaintiff,

-against-

DAVID FORREST, T. BEAUCLERC ROGERS IV,
STANLEY MUNSON, MARTIN FINK, all
individually, and NEW BEGINNINGS ENTERPRISES
LLC, a California Limited Liability Company, and
TARLO LYONS, a partnership,

Defendants.

Civil Action No. 02-CV-4435
(Hon. Anita B. Brody)

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

TO:             The Appropriate Judicial Authorities of the
                United Kingdom

THROUGH:        The Senior Master of the Supreme Court of
                Judicature
                Queen's Bench Division
                Royal Courts of Justice
                The Strand
                London WC2A 2LL
                United Kingdom

FROM:           United States District Court for the Eastern
                District of Pennsylvania
                United States Courthouse
                601 Market Street
                Philadelphia, Pennsylvania 19106
                U.S.A.

RETURN          Edward P. Krugman, Esq.
REQUEST TO:     Cahill Gordon & Reindel LLP
                80 Pine Street
                New York, New York 10005
                U.S.A.

The undersigned, Judge Anita B. Brody of the United States District Court for the Eastern District of Pennsylvania, respectfully requests that you cause the testimony of the following individuals within your jurisdiction to be taken, and documents produced, as hereinafter described, in accordance with the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970 (the "Convention"). It has been represented to this Court that this inquiry is necessary for purposes of a full and fair determination at trial of matters in issue between the parties in the pending proceedings.

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following information regarding the instant request:

### 1.  *Names and Addresses of the Parties and their Representatives:*

|  | **Party** | **Representative** |
|---|---|---|
| PLAINTIFF | Lexington Insurance Company<br>100 Summer Street<br>Boston, Massachusetts 02110<br>U.S.A. | Edward P. Krugman<br>Cahill Gordon & Reindel LLP<br>80 Pine Street<br>New York, New York 10005<br>U.S.A. |
| DEFENDANTS | David Forrest<br>Fletland Mill House<br>Near Baston<br>Lincolnshire PE6 9NS<br>United Kingdom | Edward M. Dunham, Jr., Esq.<br>Shannon Hampton Sutherland, Esq.<br>Duane Morris LLP<br>One Liberty Place<br>Philadelphia, Pennsylvania 19103<br>U.S.A. |
|  | T. Beauclerc Rogers IV<br>901 Youngsford Road<br>Gladwyne, Pennsylvania 19035<br>U.S.A. | James J. Rohn, Esq.<br>Nicholas M. Centrella, Esq.<br>Kevin Dooley Kent, Esq.<br>Conrad O'Brien Gellman & Rohn, P.C.<br>1515 Market Street, 16th Floor<br>Philadelphia, Pennsylvania 19102<br>U.S.A. |

|  | Party | Representative |
|---|---|---|
|  | Stanley Munson<br>Webster's Farm<br>High Street<br>Glinton, Near Petersborough<br>United Kingdom | Conrad O. Kattner, Esq.<br>McShea Tecce P.C.<br>Mellon Bank Center, 16th Floor<br>1735 Market Street<br>Philadelphia, Pennsylvania 19103<br>U.S.A. |
|  | Martin Fink<br>3000 Olympic Blvd<br>Santa Monica, CA 90404<br>U.S.A. | Neil G. Epstein, Esq.<br>Eckert Seamans Cherin & Mellott, LLC<br>1515 Market Street - Ninth Floor<br>Philadelphia, Pennsylvania 19102<br>U.S.A.<br><br>Sanford I. Michelman, Esq.<br>Mora Z. Hanna, Esq.<br>Jeffrey D. Farrow, Esq.<br>Michelman & Robinson, LLP<br>4 Hutton Centre Drive, Suite 300<br>Santa Ana, California 92707<br>U.S.A. |
|  | New Beginnings Enterprises LLC<br>6855 Santa Monica Blvd<br>Los Angeles, California 90038<br>U.S.A. | Alexander Kerr, Esq.<br>Stephen P. McFate, Esq.<br>McCarter & English, LLP<br>Mellon Bank Center<br>1735 Market Street, Suite 700<br>Philadelphia, Pennsylvania 19103<br>U.S.A.<br><br>Charles A. Adamek, Esq.<br>Beverly Y. Lu, Esq.<br>Lord, Bissell & Brook LLP<br>300 S. Grand Avenue, Suite 800<br>Los Angeles, California 90071<br>U.S.A. |
|  | Tarlo Lyons, Solicitors<br>Watchmaker Court<br>33 St. John's Lane<br>London EC1M 4DB<br>United Kingdom | Thomas M. Kittredge<br>Morgan, Lewis & Bockius<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>U.S.A. |

## 2.    *Nature of the Proceedings*

This is a civil proceeding in which the plaintiff, Lexington Insurance Company ("Lexington"), brings claims against defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961 *et seq.*, common law fraud, tortious interference with contract, fraudulent inducement, constructive trust, money had & received, and declaratory judgment.  A copy of the Second Amended and Supplemental Complaint ("Complaint") in this proceeding is annexed hereto at Exhibit A.

The plaintiff has alleged as follows:

Defendants in this action include the following four individual defendants, who are Messrs. Forrest, Rogers, Munson, and Fink, two of whom — Forrest and Munson — are subjects of the United Kingdom (Complaint ¶¶ 7, 9); New Beginnings Enterprises LLC, a company Fink controls; and Tarlo Lyons, Solicitors, a U.K. law firm.  Each of these defendants was and/or is associated with a cluster of companies known generically as "Flashpoint."  Flashpoint financed movies by raising funds from investors.  It obtained credit support for these transactions in the form of insurance policies issued by Lexington and other insurers, who promised to pay off the investors if the films did not earn back their investment.

Plaintiff asserts that Flashpoint was effectively a complete fraud (Complaint ¶ 1).  The films it financed did not have the financial worth that they were represented to have, and Flashpoint diverted to itself much of the production money it had raised (Complaint ¶¶ 1, 3).  The investors made claims under the policies Lexington had issued, but Lexington refused to pay, asserting that the policies were tainted by this fraud.  The investors thereupon sued Lexington in England in three actions before the Court to which I have the honor to address this request.  Those actions were captioned *Hollywood Realisations Trust Limited* v. *Lexington Insurance Company and Others*, 2001 Folio No. 211/935 and *Law Debenture Trust Corporation (Channel Islands) Limited* v. *Lexington Insurance Company and JLT Risk Solutions Limited*, 2002 Folio No. 193 (the "*Hollywood Funding* actions").  Lexington asserts that it spent millions of dollars to

defend the suits and millions more to settle them  (Complaint ¶ 5).  Lexington now brings the instant action in order to seek, *inter alia*, recovery of these amounts from defendants, who (Lexington asserts) collectively constituted the architects and actors of the Flashpoint scheme.

### 3.    *Evidence to be Obtained*

Each of the witnesses set forth below has been represented to this Court to have personal knowledge (and, to the extent indicated, to be in possession of documents containing) evidence of direct relevance to the trial of this action.  The areas as to which the witnesses have knowledge, and as to which their testimony is sought, are set forth.  It has been represented to the undersigned that the testimony of these individuals and the documents sought will be used at trial.

| Witnesses | Last Known Address | Evidence Sought: |
|---|---|---|
| Gordon Dawson | 3 Rosehill Road<br>London SW18 2NY | Testimony<br>Prior Witness Statement and associated documents |
| Mark Drummond Brady | c/o JLT Risk Solutions Ltd.<br>6 Crutched Friars<br>London EC3N 2PH | Testimony<br>Prior Witness Statement and associated documents |
| Douglas Fenton | c/o Miller Insurance<br>    Services, Ltd.<br>5 Jewry Street<br>London EC3N 2PJ | Testimony<br>Prior Witness Statement and associated documents |
| JLT Risk Solutions Ltd. | 6 Crutched Friars<br>London EC3N 2PH | Documents (including witness statements from the *Hollywood Funding* actions), per Exhibit B. |

Mr. Dawson was an insurance broker and employee of Lloyd Thompson, JLT Risk Solutions and/or related entities (collectively, "JLT") from 1995 until 1997.  Mr. Drummond Brady was the head of JLT's Financial Risks Division throughout the relevant time period.  Mr. Fenton worked under Mr. Drummond Brady from 1994 to 2000.  JLT broked the Flashpoint risks to Lexington and others.  Mr. Dawson participated in the broking of television projects

known as *The New Professionals* and *The Secret Adventures of Jules Verne* ("*Jules Verne*") to Lexington, as well as other Flashpoint projects including what is known as the Award slate. Mr. Fenton participated in the broking of the Hollywood Funding Nos. 4, 5, and 6 transactions, particularly *Jules Verne*, *Regent 1*, and *Filmworks*. Mr. Drummond Brady was involved, at one level or another (and frequently directly), in the broking of all of the risks identified in the Complaint.

Mr. Dawson is believed to have knowledge, and his testimony is requested, concerning the allegations of paragraphs 27(a), (b), (c) of the Complaint. Mr. Fenton is believed to have knowledge, and his testimony is requested, concerning the allegations of paragraphs 27(c), (d), 33(a), (b) of the Complaint. Mr. Drummond Brady is believed to have knowledge, and his testimony is requested concerning, all of the foregoing and, as well, concerning two instances (in or around March 1998 and October 1998) in which Messrs. Forrest and Rogers assert that they attempted (in the event unsuccessfully) to disclose to insurers certain of the information Lexington asserts was misrepresented and/or concealed in the placement of the Flashpoint risks. Each of these witnesses is further requested to testify about background concerning presentation of Flashpoint risks in the London market and preparation and dissemination of sales estimates in connection therewith.

Each of these three witnesses gave witness statements in the *Hollywood Funding* actions, and Mr. Dawson gave a witness statement in a prior action concerning *The New Professionals*, captioned *HIH Casualty and General Insurance Limited and Others* v. *JLT Risk Solutions Limited and Others*, 2000 Folio No. 552. In addition, JLT disclosed certain documents in that litigation relating to the referred to above. All of those witness statements and documents are in the possession of Lexington, which has asserted that it is precluded by English law (CPR 31.22 and 32.12) from disclosing them in the action proceeding before me. I have the power under United States law to direct Lexington to disclose those statements and documents in the action before me, and they would appear to be directly relevant to this case. In the interests of

comity, however, I request that the Court to which I have the honor to address this request direct the production of such witness statements, the documents referred to therein, and the additional documents set forth in Exhibit B pursuant to the Hague Convention.

| Witness | Last Known Address | Evidence Sought: |
|---|---|---|
| Susan Wright | 18 Wilson Close Willesborough Ashford Kent TW24 0HX | Testimony |

Ms. Wright was a Flashpoint executive holding the title of Vice President of Finance and Risk Management. and worked closely with defendants Forrest, Rogers, Munson and Fink throughout the duration of the alleged scheme. As the Vice President of Finance, Ms. Wright has knowledge of Flashpoint's activities with regard to the alleged diversions of funds. (Complaint ¶¶ 26-36) It is requested that Ms. Wright give testimony relating to her knowledge of sales estimates prepared for Flashpoint projects, her dealings with the defendants with regard to sales estimates, the participation of the respective defendants in Flashpoint operations, and the alleged misappropriation of funds obtained to support Flashpoint projects, including the diversion of funds from the slates to which they were intended, the diversion of funds to a company or companies known as The Building LLC and/or New Standard Post, the diversion of funds to a chain of Russian movie theaters, and/or the diversion of funds to a company or companies known as "Ice Storm."

| Witnesses | Last Known Address | Evidence Sought: |
|---|---|---|
| Neil Dunn | 380 Upper Richmond Road London SW14 7JU | Testimony Prior Witness Statement and associated documents |

| Witnesses | Last Known Address | Evidence Sought: |
|---|---|---|
| Richard Jackson | c/o Talisman Films<br>5 Addison Place<br>London W11 4RJ | Testimony<br>Prior Witness Statement and associated documents |
| Carolyn Oulton | c/o Talisman Films<br>5 Addison Place<br>London W11 4RJ | Testimony |
| Allan Guest | c/o Mitsui Sumitomo Insurance (London Management) Ltd.<br>71 Fenchurch Street<br>London EC3M 4BS | Testimony |
| Mitsui Sumitomo Insurance (London Management) Ltd. | 71 Fenchurch Street<br>London EC3M 4BS | Documents |
| Talisman Films (U.K.) Ltd. | 5 Addison Place<br>London W11 4RJ | Documents, per Exhibit B |

Mr. Dunn was an employee of Talisman Films (U.K.) Ltd. ("Talisman") and a producer of *Jules Verne* in 1997. Mr. Dunn formulated the sales estimates for *Jules Verne* that were transmitted to Lexington, and also has knowledge pertaining to the proposed sale of *Jules Verne* broadcasting rights to the British Broadcasting Corporation ("BBC"), another element in the frauds alleged in the Complaint (¶¶ 27(c)(i)-(vi)). Mr. Jackson was an employee of Talisman and a producer of *Jules Verne*, Mr. Jackson has knowledge of the sales estimates for *Jules Verne* that were transmitted to Lexington and the proposed sale of *Jules Verne* broadcasting rights to the BBC. In addition, Messrs. Dunn and Jackson played a significant role in the "Ice Storm" group of companies and are believed to have knowledge of defendants' misappropriations to such companies (Complaint ¶ 33(a)). They are also believed to have knowledge of the proposed "Hollywood Funding No. 7" transaction (Complaint ¶ 52(c)), which Lexington has represented that Talisman was promoting jointly with Flashpoint.

Mr. Guest was and is the Chief Executive Officer of the London underwriting operation of Mitsui International (now Mitsui Sumitomo), to which the Hollywood Funding No. 7 transaction was presented.

Ms. Oulton is believed to have knowledge concerning the discussions with the BBC.

The witnesses' testimony is sought concerning these matters, and Talisman's and Mitsui Sumitomo's related documents are also sought.

As with the JLT witnesses, Mr. Dunn and Mr. Jackson gave witness statements in the *Hollywood Funding* litigation, and Talisman disclosed documents therein. These documents are in the possession of Lexington. As above, release of Lexington from its confidentiality obligations under English law is sought.

| Witness | Last Known Address | Evidence Sought: |
|---------|-------------------|------------------|
| David Lamping | Ferry House<br>South Stoke<br>Oxon RG8 0JL | Testimony<br>Prior Witness Statement and<br>associated documents |

Mr. Lamping was the sales agent for *The New Professionals* and formulated the original sales estimates for this project. Lexington alleges that these sales estimates were later altered by defendants in 1997 to be substantially higher (Complaint ¶ 27 (a)). It is requested that Mr. Lamping give testimony relating to his knowledge of the formulation of sales estimates for *The New Professionals* and his dealings with Messrs. Forrest and Rogers with regard to sales estimates. Mr. Lamping gave witness statements in both the *Hollywood Funding* and *New Professionals* actions, which are in the possession of Lexington, and release of Lexington from its obligations with respect to those statements and the associated documents is sought.

| Witnesses | Last Known Address | Evidence Sought: |
|---|---|---|
| Steve Mitchell | 17 Redbourne Lane<br>Bury Ramsey<br>Cambridgeshire B26 2PB | Testimony<br>documents associated with Prior<br>Witness Statement |
| Keith Peacock | Roseholm<br>Debden Green<br>Saffron Waldon<br>Essex CB11 3LX | Testimony<br>documents associated with Prior<br>Witness Statement |
| Marcus Ringrose | 6 Cotton Row<br>Plantation Wharf<br>London SW11 3UG | Testimony<br>documents associated with Prior<br>Witness Statement |

Messrs. Mitchell and Peacock are among Lexington's principal fact witnesses. In 1998 Mr. Mitchell was an underwriter for Lexington, reporting to Keith Peacock, who was then the general manager of Lexington's London office. Mr. Mitchell was also (as an employee of HIH (U.K.) Limited) the underwriter for the Hollywood Funding 1, 2, and 3 transactions. Mr. Mitchell has extensive knowledge of Lexington's involvement with Flashpoint regarding the projects known as *Prosperity 1*, *Regent 1*, *Filmworks*, and *Jules Verne*. Mr. Peacock signed off on the Hollywood Funding 4 and 5 transactions and underwrote the Hollywood Funding 6 transaction for Lexington. Mr. Ringrose is a former underwriter with Liberty Mutual Insurance Co. (U.K.) Ltd. and participated in insuring various Flashpoint projects. Mr. Ringrose has knowledge of the sales estimates for *Jules Verne* and *The New Professionals*, for which he wrote insurance coverage (Complaint ¶ 27).

It is requested that Mr. Mitchell and Mr. Peacock give testimony relating to all aspects of their dealings with Flashpoint and with JLT on the Hollywood Funding transactions, and that Mr. Ringrose testify concerning *The New Professionals* and *Jules Verne*. They have agreed that their witness statements may be made available to all parties in the action before me, but to the extent those statements refer to documents other than those disclosed by Lexington or other-

wise not subject to CPR 31.22, I request that Lexington be released from any obligations it may have under English law with respect to those statements.

| Witnesses | Last Known Address | Evidence Sought: |
|---|---|---|
| Peter Salmon<br>Tessa Ross | c/o British Broadcasting<br>Corporation<br>Broadcasting House<br>Portland Place<br>London W1A 1AA | Testimony |
| British Broadcasting Corp. | Broadcasting House<br>Portland Place<br>London W1A 1AA | Documents |

Ms. Ross and Mr. Salmon are believed to have been employees of the BBC in 1998 and to have knowledge of the proposed sale of *Jules Verne* broadcasting rights to the BBC and the BBC's eventual decision to not purchase such broadcast rights (Complaint, ¶¶ 27(c)(i)–(vi)). It is believed that Mr. Salmon was the individual at the BBC who declined to purchase the broadcast rights. Ms. Ross is the individual at the BBC that communicated their decision to not purchase the broadcast rights.

It is requested that Ms. Ross and Mr. Salmon give testimony as to their knowledge of the proposed sale of *Jules Verne* broadcasting rights to the BBC and that the BBC produce its documents related to the proposed sale.

### 4.    *Procedures for Examination*

IT IS REQUESTED, that, in accordance with Article 18, the witnesses be summoned to appear by the proper authorities at a place and time of mutual agreement between all parties and the witness in order to give testimony.

IT IS FURTHER REQUESTED, in accordance with Article 9: that all testimony be given under oath in accordance with Article 3; that such testimony be given before a commissioner mutually agreed upon by the parties and/or appointed by the appropriate authorities of the

United Kingdom pursuant to Article 17; that the attorneys for the parties be permitted to examine the witness directly; that all testimony be recorded verbatim in writing and on videotape; and that all transcripts of such testimony be authenticated in accordance with the procedures of the local court and be permitted to be delivered to the parties at the conclusion of the proceedings for eventual use at trial;

IT IS FURTHER REQUESTED, in accordance with Article 3, that the witnesses produce documents for inspection and copying as specified in Exhibit B.

IT IS FURTHER REQUESTED, that, in accordance with Article 7, the attorneys be notified of when and where the execution of this request take place, so that the parties and their attorneys may be present.

We shall be ready and willing to do the same for you in a similar case if required. The United States District Court for the Eastern District of Pennsylvania is prepared to assure: that the parties to this action will reimburse your Court for all costs incurred in the execution of the instant request; and that the parties to this action will reimburse the witness to any fees or expenses to which he is entitled in connection with the testimony under the laws of the United Kingdom or under the Hague Convention.

This Court extends to the judicial authorities of the United Kingdom assurances of its highest consideration and regard.

WITNESS, the Honorable Judge Anita B. Brody of the United States District Court for the Eastern District of Pennsylvania, this ____ day of December, 2004.


By the Court,


-12-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

     I, Michael E. Kunz, Clerk of Court of the United States District Court for the Eastern District of Pennsylvania, do hereby certify that the Honorable Anita B. Brody, whose name is signed to the accompanying pages, is now, and was at the time of the signing the same, a Judge for the United States District Court for the Eastern District of Pennsylvania.

     IN WITNESS WHEREOF, I have hereunto set the seal of the United States District Court for the Eastern District of Pennsylvania at the City of Philadelphia  this ___ day of December, 2004

_____
                            Clerk of the Court

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

I, Anita B. Brody, Judge of the United States District Court for the Eastern District of Pennsylvania, do hereby certify that Michael E. Kunz, whose signature is attached to the letter hereto annexed, was at the date thereof the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania; that the official acts and doings of said Clerk are entitled to full faith and credit; and that the attestation to said letter of request was in due form of law. I further certify that the seal attached to said letter of request is the seal of this Court

WITNESS my hand and seal of said Court in the City of Philadelphia on this __ day of December, 2004

_____
United States District Court Judge

-15-

**EXHIBIT B**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

LEXINGTON INSURANCE COMPANY,

                        Plaintiff,

      -against-

DAVID FORREST, T. BEAUCLERC ROGERS IV,
STANLEY MUNSON, MARTIN FINK, all
individually, and NEW BEGINNINGS ENTERPRISES
LLC, a California Limited Liability Company, and
TARLO LYONS, a partnership,

                        Defendants.

Civil Action No. 02-CV-4435
(Hon. Anita B. Brody)

**DOCUMENT REQUESTS**

        The following are the schedules of document requests to be served on the named entities as follows:

    1.    JLT Risk Solutions Ltd.

    2.    Talisman Films (UK) Ltd.

    3.    Mitsui Sumitomo Insurance (London Management) Ltd.

    4.    The British Broadcasting Corporation

-2-

## SCHEDULE 1

1.      The documents disclosed by you in the actions captioned *Hollywood Realisations Trust Limited* v. *Lexington Insurance Company and Others*, 2001 Folio Nos. 211/935, *HIH Casualty and General Insurance Limited and Others* v. *JLT Risk Solutions Limited and Others*, 2000 Folio No. 552, or *Law Debenture Trust Corporation (Channel Islands) Limited* v. *Lexington Insurance Company and JLT Risk Solutions Limited*, 2002 Folio No. 193 that relate to

    a.    sales estimates for the *Award* slate;

    b.    sales estimates for the *Regent 1* slate;

    c.    sales estimates for the *Jules Verne* television series;

    d.    sales estimates for the film *It Had To Be You*;

    e.    sales estimates for the television series *The New Professionals*;

    f.    negotiation and/or documentation of Collateral Agreements for any Hollywood Funding transaction;

    g.    Flashpoint's methodology in preparing sales estimates and vetting films; and/or

    h.    communications between you and Flashpoint regarding

        i.    Flashpoint's ownership interest in any film production, post-production, or related enterprise, and/or

        ii.    Flashpoint's actual, proposed, or contemplated use of any funds raised in any Hollywood Funding transaction.

2.      All witness statements and any exhibits thereto submitted by Gordon Dawson, Mark Drummond Brady, or Doug Fenton in any of the above-captioned actions.

**Please note:** Lexington is in possession of all of the foregoing documents. In lieu of actual production thereof, you may specify in writing that you consent to Lexington's disclosure and use of such documents in the litigation captioned *Lexington Insurance Company* v. *David Forrest, T. Beauclerc Rogers IV, Stanley Munson, Martin Fink, all individually, and New Beginnings Enterprises LLC, a California Limited Liability Company, and Tarlo Lyons, a partnership*, No. 02-CV-4435 (E.D. Pa.), and certify in writing that the documents previously produced are to the best of your knowledge authentic in the sense that they are what they purport to be.

-3-

## SCHEDULE 2

1.    The documents disclosed by you in the action captioned *Hollywood Realisations Trust Limited* v. *Lexington Insurance Company and Others*, 2001 Folio Nos. 211/935.

2.    All witness statements, including any exhibits thereto, submitted by current or former Talisman employees in the action captioned *Hollywood Realisations Trust Limited* v. *Lexington Insurance Company and Others*, 2001 Folio Nos. 211/935.

3.    All documents relating to any sales estimates relating to *The Secret Adventures of Jules Verne*, whether prepared by you or at your direction or request or received by you from a person outside of Talisman, whether or not such sales estimates were ever transmitted to any person outside of Talisman, including but not limited to any initial, changed, revised, corrected, or final sales estimates and all communications relating to any such sales estimates.

4.    All documents relating to any written or unwritten contracts, agreements, or understandings between you and any Flashpoint company, Forrest, Rogers, Fink, and/or Munson relating to the monitoring, production, financing, distribution, and/or sale of motion pictures.

5.    All documents relating to any monetary or other form of consideration that any Flashpoint company agreed to, sought or received from you with respect to *Jules Verne*.

6.    All documents relating to communications between you and the BBC with respect to *Jules Verne*.

7.    All documents relating to any company with the words "Ice Storm" in its name.

8.    All documents relating to the "Hollywood Funding No. 7" transaction and/or the broking of that transaction to Mitsui Insurance International Ltd., American Re-Insurance Company, or any other insurer.

-4-

*Please note:*  Lexington is in possession of certain of the foregoing documents.  To the extent a document is included in categories 1 or 2 above, you may, in lieu of actual production thereof, specify in writing that you consent to Lexington's disclosure and use of such documents in the litigation captioned *Lexington Insurance Company* v. *David Forrest, T. Beauclerc Rogers IV, Stanley Munson, Martin Fink, all individually, and New Beginnings Enterprises LLC, a California Limited Liability Company, and Tarlo Lyons, a partnership*, No. 02-CV-4435 (E.D. Pa.), and certify in writing that the documents previously produced are to the best of your knowledge authentic in the sense that they are what they purport to be.

-5-

## SCHEDULE 3

All documents relating to a transaction known as "Hollywood Funding No. 7," which was presented to you in 2000 and 2001 by David Forrest, Richard Jackson, and/or others associated with a Flashpoint company or Talisman Films (UK) Ltd.

-6-

## SCHEDULE 4

All documents relating to the television series *The Secret Adventures of Jules Verne*, which was presented to you for possible purchase in 1997 and 1998, including but not limited to any communications with Talisman Films (UK) Ltd., Neil Dunn, Richard Jackson, David Forrest, or Carolyn Oulton concerning any proposed or potential purchase of broadcast rights to the series.