EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | NO. 02-CV-4435 |
| DAVID FORREST et al, : | |
| Defendants. : | |

### AFFIDAVIT OF EDWARD M. DUNHAM

I, Edward M. Dunham, Jr. being duly sworn according to law, depose and say:

1. I am *Of Counsel* with the law firm of Duane Morris LLP ("Duane Morris"), One Liberty Place, Philadelphia, Pennsylvania, 19103.

2. Duane Morris is counsel to Defendant David Forrest.

3. I submit this Affidavit in Support of the Motion of Duane Morris for Leave to Withdraw as counsel for David Forrest.

4. Duane Morris has represented Mr. Forrest in connection with this matter since October 2002.

**A. Mr. Forrest's Failure to Abide By His Payment Obligations to Duane Morris and Inability to Pay Future Legal Bills**

5. At the time Mr. Forrest engaged Duane Morris, he agreed in his signed engagement letter that

> Our statements will be rendered monthly and are payable within 30 days. In the event that our statements are not timely paid, or that payment terms satisfactory to us are not established, we reserve the right to renegotiate the terms of this engagement, to terminate it and withdraw from this or any representation of you
> . . .

> Once a trial or hearing date is set, we will require you to pay all amounts then owing to us and to deposit with us the fees we estimate will be incurred in preparing for and completing the trial or arbitration, as well as jury fees and arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and to withdraw from the representation . . .
>
> You may terminate our representation at any time by notifying us. Your termination of our services will not affect your responsibility for payment of outstanding statements and accrued fees and expenses incurred before the termination or incurred thereafter in connection with an orderly transition of the matter . . .
>
> We may withdraw from representation if you fail to fulfill your obligations under this agreement, or as permitted or required under any applicable standards of professional conduct or rules of court, or upon our reasonable notice to you . . .

6. Unfortunately, Mr. Forrest has been unable to meet the requirements of his engagement with Duane Morris.

7. For example, after the exhaustion of Mr. Forrest's initial retainer in November 2002, he has taken between two and thirteen months to retire invoiced amounts.

8. Despite Mr. Forrest's untimely last payment to Duane Morris, on October 27, 2004, several invoices – dating as far back as nine months – remain outstanding.

9. As of December 14, 2004, Mr. Forrest's outstanding invoices for Duane Morris' costs and fees total approximately $46,226.74.

10. Although Mr. Forrest has represented to Duane Morris that he will retire this outstanding balance, he has not provided any timeframe or resource for its payment.

11. More significantly, Mr. Forrest has informed Duane Morris that he cannot afford, and is unwilling to pay, additional future legal fees or expenses.

### B. Mr. Forrest Has Requested That Duane Morris Terminate Its Representation As His Counsel.

12. Mr. Forrest has requested that Duane Morris terminate its representation as his counsel in this matter, as he is permitted to do both under the terms of his engagement of Duane Morris and applicable rules of professional conduct.

13. To this end, Mr. Forrest instructed Duane Morris to prepare a Motion for Leave to Withdraw as his Counsel.

14. Mr. Forrest has informed me that he is unable to retain or pay substitute counsel.

15. Although Duane Morris has made him aware of the attendant risks of representing himself, Mr. Forrest has indicated that he wishes to represent himself *pro se* from this point forward.

### C. Mr. Forrest and Duane Morris Would Face Great Hardship If Duane Morris is Forced to Continue to Represent Mr. Forrest.

16. As an initial matter, if the Court requires Duane Morris to continue to represent Mr. Forrest, it will prejudice Mr. Forrest, who has expressed his desire to terminate the attorney-client relationship with Duane Morris.

17. Moreover, if Duane Morris is forced to continue to represent Mr. Forrest, without the prospect of payment for future fees, Duane Morris also will incur a considerable economic hardship in that this litigation is, and will continue to be, protracted and expensive.

18. Duane Morris must obtain voluminous electronic documents from Plaintiff at a substantial cost, plus additional costs for paper and Hague Convention discovery. Duane Morris must also incur additional fees to establish the appropriate databases to review these hundreds of thousands of documents. Moreover, Duane Morris would further be forced

to forego legal fees for the many weeks of attorney and paralegal time it will require to review these documents.

19. These fees and expenses to be incurred only begin to address the initial discovery to be completed in this case. The parties anticipate approximately 30 to 33 depositions (approximately 18-21 on Plaintiff's part and approximately an additional 12 on Defendants' part). Only one deposition is expected to take place within the Eastern District of Pennsylvania. The majority of the remainder of the depositions will take place across the country, in the United Kingdom, and perhaps in Canada. Indeed, only six depositions have taken place to-date. Mr. Forrest has instructed Duane Morris <u>not</u> to attend these depositions or participate on his behalf.[1]

20. If the Court were not to permit Duane Morris to withdraw from the representation of Mr. Forrest, as Mr. Forrest has instructed us, all of these depositions will require Duane Morris to incur great expense in terms of attorney and paralegal preparation time, travel time, travel expenses, vendor expenses (including for court reporters, transcripts, copying, and other expenses), and other foregone revenue opportunities, <u>with absolutely no prospect of being reimbursed.</u>

21. Moreover, Duane Morris must engage financial and insurance experts to advise Mr. Forrest on the complex issues involved in the trial of this matter – all at its own expense – if the Court does not permit it to withdraw from Mr. Forrest's representation.

22. Given the contemplated discovery, even *conservative* estimates of Mr. Forrest's future legal bills for the next several months range from approximately $15,000.00

---

[1] Duane Morris filed an Unopposed Expedited Motion for Leave to Withdraw as Counsel to David Forrest on December 17, 2004. The Court instructed Duane Morris that it would not permit Duane Morris to withdraw prior to those depositions, but instructed Duane Morris to re-file the instant Motion to Withdraw after those depositions. The Court did not order Duane Morris to attend the depositions, but instead left Duane Morris' attendance as a matter between Mr. Forrest and Duane Morris.

to $20,000.00 per month. Considering Plaintiff's estimated $5.2 Million in litigation costs in the English action on related claims, which involved a review of many of the same documents and depositions (interviews) of many of the same witnesses that will need to be deposed in this case, any fee estimate of less than several hundred thousand dollars per year for Mr. Forrest's defense of this case is simply unrealistic. Duane Morris should not be required to incur such high legal fees without any prospect of remuneration.

23. Moreover, given Mr. Forrest's practice, and expressed continued intention, of limiting his communications with Duane Morris so as to limit his incurrence of legal fees, Duane Morris cannot continue in its representation of Mr. Forrest without infringing on and breaching its professional obligations as members of the bar to the Court and to Mr. Forrest.

24. For these reasons, and for the reasons set forth in the Motion for Leave to Withdraw as Counsel for David Forrest, in support of which I submit this declaration, I urge the Court to release Duane Morris from its representation of Mr. Forrest.

This _27th_ day of December 2004, I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Dated: December _28_, 2004

_____
EDWARD M. DUNHAM

Sworn to and subscribed before me
this _28th_ day of December, 2004

_____
NOTARY PUBLIC

Notarial Seal
Margaret M. Bilotta, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Aug. 13, 2005

Member, Pennsylvania Association of Notaries

PH2\709498.2

5

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 02-CV-4435 |
| DAVID FORREST et al, | |
| Defendants. | |

### AFFIDAVIT OF DAVID FORREST

I, David Forrest, of Fletland Mill House, Near Baston, Lincolnshire PE6 9NS England, being duly sworn according to law, depose and say that:

1. I am a citizen and resident of the United Kingdom.

2. I am a defendant in this action.

3. I submit this affidavit in support of the Motion of Duane Morris LLP ("Duane Morris") for Leave to Withdraw as my Counsel in the above-captioned action.

4. I have been represented by Duane Morris in this action since October 2002.

5. I have read the affidavit of Edward M. Dunham the contents of which I endorse.

6. At the time I retained Duane Morris, I agreed that

> [Duane Morris'] statements will be rendered monthly and are payable within 30 days. In the event that [Duane Morris'] statements are not timely paid, or that payment terms satisfactory to us are not established, [Duane Morris] reserve[s] the right to renegotiate the terms of this engagement, to terminate it and withdraw from this or any representation of [me] . . .
>
> Once a trial or hearing date is set, [Duane Morris] will require [me] to pay all amounts then owing to [them] and to deposit with [them] the fees [Duane Morris] estimate[s] will be incurred in preparing for and completing the trial or arbitration, as well as jury fees and arbitration fees likely to be assessed. If [I] fail to timely pay any additional

PH2\833042.1

>deposit requested, [Duane Morris] will have the right to cease performing further work and to withdraw from the representation . . .

7. I have tried to comply with my payment obligations, but have been unable to do so.

8. Since 2000, due to the allegations against me by the Lexington Insurance Company in this matter and in the English Administration proceedings for Flashpoint, I have been unable to secure employment, which has affected my ability to pay legal fees and costs associated with this litigation. Being unemployed for five years has resulted in the exhaustion of my savings.

9. In order to meet portions of Duane Morris' legal bills, I have recently re-mortgaged my house. Despite my most recent payment to Duane Morris at the end of October 2004, my outstanding invoices from Duane Morris total approximately $46,226.74. I also have substantial debts to my attorneys in London.

10. Although I fully intend to retire the current balance owed to Duane Morris, I do not presently have a source of funds with which to do so.

11. Moreover, there is no possibility at all of being able to pay the future legal fees and costs estimated by Mr Dunham in this case. I have no income and until this litigation has been resolved, the truth established and my reputation restored, I have no prospect of securing one.

12. In an attempt to limit my legal fees and costs, I have restricted my contact with Duane Morris. On several occasions, however, Duane Morris has expressed displeasure at the limited nature of their contact with me due to their professional obligations. I nevertheless am adamant that I must restrict this contact so as to prevent continuing to incur fees which I know that I cannot afford and which will serve only to place me further in debt.

13. Duane Morris also wishes to participate in depositions and engage expert witnesses on my behalf, but I cannot afford this representation. The result of my limited

contact with Duane Morris and my instructions to Duane Morris to limit their representation of me has caused an incurable conflict between my attorneys and me.

14. My engagement letter with Duane Morris permits me to terminate Duane Morris' relationship of me as follows:

> You may terminate our representation at any time by notifying us. Your termination of our services will not affect your responsibility for payment of outstanding statements and accrued fees and expenses incurred before the termination or incurred thereafter in connection with an orderly transition of the matter . . .

15. I recently informed Duane Morris that I wish for them to terminate their representation as my counsel in this matter and instructed them to prepare the Motion to Withdraw as my Counsel, in support of which I submit this declaration.

16. Duane Morris' engagement letter also permits them to withdraw as my counsel if I fail to meet my payment or other obligations under the agreement.

17. I am unable to retain substitute counsel, nor can I afford to pay substitute counsel.

18. Going forward, I wish to represent myself *pro se.*

19. Duane Morris has advised me of the risks of representing myself.

20. Although I am a citizen of the United Kingdom, I have previously testified as an expert in a United States District Court and feel reasonably comfortable with U.S. courtroom procedure. In fact, I have given expert testimony in more than 25 cases in three different countries and I am therefore familiar with Court procedures.

21. I understand that I must comply with all Court deadlines and Orders as if I were represented by counsel and that I must participate in all required activities in this case. I can be accessible to the Court and other parties in this litigation via e-mail, facsimile, and telephone. I also understand that I must make myself available for a deposition in this case.

I understand that, if I fail to do these things, that sanctions or a judgment may be entered against me.

22.  In light of the foregoing, I request that the Court permit Duane Morris to withdraw as my counsel and permit me to represent myself *pro se*.

The foregoing is true and correct based upon my personal knowledge and belief..

Dated: December 21st, 2004

_____
DAVID FORREST

Sworn to and subscribed before me

this 21st day of December, 2004

_____
NOTARY PUBLIC

ROBERT F. M. VIPAN
Solicitor & Notary Public

PH2\833042.1                                4