UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

LEXINGTON INSURANCE COMPANY,

                         Plaintiff,

-against-

DAVID FORREST, *et al.*,

                         Defendants.

Civil Action No. 02-CV-4435
(Hon. Anita B. Brody)

**PLAINTIFF'S POSITION CONCERNING
THE RENEWED MOTION TO WITHDRAW
OF COUNSEL FOR DEFENDANT FORREST**

When counsel for defendant Forrest originally sought leave to withdraw, Lexington did not oppose the request because, in part, it was hopeful that Mr. Forrest's proceeding *pro se* would not materially delay the progress of the litigation. On December 29, however, Lexington received Mr. Forrest's responses to Lexington's first set of Requests for Admission, which had been served in November. ***Astonishingly, Mr. Forrest did not admit the authenticity of a single document.*** His response, which was repeated 270 times, was as follows:

> "Upon a reasonable enquiry, the information known or readily obtainable by Mr Forrest is insufficient to enable him to admit or deny. To establish whether the document is an authentic copy, Mr Forrest would need to compare the document to the original both to satisfy himself that it is a **complete** authentic copy of the **final** document and to verify its source."

The bolding of the words "complete" and "final" was done by Mr. Forrest. With respect to those documents (eighty or so) as to which Lexington sought admission of business record status, Mr. Forrest responded as follows:

> [It is accepted] [It is not accepted] by Mr Forrest that the document is of a type which, if authentic, would have been produced at or near the time and would have been kept in the ordinary course of the business of Flashpoint.

In both their initial and renewed motions for leave to withdraw, counsel for Mr. Forrest stated that their client knew the documents better than anyone and that he was, at that very moment, working on the responses to the Requests for Admission. Apparently, the work con-

sisted of punching a boilerplate response out of a word processor with respect to authenticity and considering whether the documents were business records *of Flashpoint*. Lexington's business records requests, however, were not so limited — as any lawyer would instantly have recognized. They requested each responding party to admit that each specified document was, "subject to any objection on the basis of relevance, admissible as a record of regularly conducted activity within the meaning of Rule 803(6) of the Federal Rules of Evidence." Mr. Forrest's responses, being limited to *Flashpoint* business record status and not picking up each of the elements of Rule 803(6) even with that limitation, did not fairly meet the requests.

With respect to the business records requests, Lexington does have a remedy — it can move pursuant to Rule 36(a) (third paragraph) to determine the sufficiency of Mr. Forrest's responses. With respect to the nose-thumbing blanket refusal to admit authenticity, however, Lexington's only remedy may be to seek its expenses in proving authenticity under Rule 37(c)(2). With Mr. Forrest asserting that he is a pauper — an assertion, it should be said, that Lexington finds highly dubious[1] — this could be no remedy at all. And, of course, the effort of proving up authenticity for hundreds of noncontroversial documents will vastly increase the amount of discovery and trial time this litigation will require.

A lawyer would know all this and would also recognize his or her obligations under Rule 26(g) not to file such obstructive responses as Mr. Forrest has done. The Duane Morris firm has made it clear that it had no role in preparing Mr. Forrest's responses to the Requests, and it is, we submit, quite obvious why the firm was at such pains to note its non-involvement.

---

[1]   Mr. Forrest took many millions of dollars out of the Flashpoint operation in 1998 and 1999, and it is difficult to believe that he has since squandered *all* of that money. Mr. Forrest has shown himself capable of using offshore companies when it suits him (one of the main Flashpoint entities was incorporated in the Channel Islands), and Lexington will not believe without a substantial amount of proof that Mr. Forrest does not have a substantial nest egg squirreled away somewhere. We also note that an English lawyer — Tim Langton, of Goodman Derrick — is copied on the e-mails that distributed Mr. Forrest's responses to the Requests for Admission and disclaimed Duane Morris's participation. We assume that Mr. Langton did not play a role in the drafting of Mr. Forrest's responses (unless, of course, he is admitted to practice in the United States as well as in England), but his presence suggests that Mr. Forrest is capable of paying *some* lawyers.

With regret, Lexington submits that this litigation runs a serious risk of being derailed — or, at the very least, substantially slowed down — unless the policing effect of lawyers alive to their responsibilities under Rules 11 and 26(g) are present in the case for *all* parties.

Dated:    January 3, 2005

*Of Counsel*:
   Jeffrey R. Lerman
   Glenn F. Rosenblum

*Of Counsel*:
   Kevin J. Burke
   Ira J. Dembrow

MONTGOMERY, MCCRACKEN, WALKER
   & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

-and-

CAHILL GORDON & REINDEL LLP

By: _____
      Edward P. Krugman
80 Pine Street
New York, New York 10005
(212) 701-3000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing PLAINTIFF'S POSITION CONCERNING THE RENEWED MOTION TO WITHDRAW OF COUNSEL FOR DEFENDANT FORREST was served this 3rd day of January, 2005, by first class mail, upon:

James J. Rohn, Esq.
Nicholas M. Centrella, Esq.
Kevin Dooley Kent, Esq.
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

*Attorneys for T. Beauclerc Rogers, IV*


Edward M. Dunham, Jr., Esq.
Shannon Hampton Sutherland, Esq.
Duane Morris LLP
One Liberty Place
Philadelphia, PA 19103-7396

*Attorneys for David Forrest*


Neil G. Epstein, Esq.
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street - Ninth Floor
Philadelphia, PA 19102


Sanford L. Michelman, Esq.
Mora Z. Hanna, Esq.
Jeffrey D. Farrow, Esq.
Michelman & Robinson, LLP
4 Hutton Centre, Suite 300
Santa Ana, CA 92707

*Attorneys for Martin Fink*

Alexander Kerr, Esq.
Stephen P. McFate
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

-2-

Charles A. Adamek, Esq.
Beverly Y. Lu, Esq.
Lord, Bissell & Brook LLP
300 S. Grand Avenue, Suite 800
Los Angeles, CA  90071

*Attorneys for New Beginnings Enterprises*


Thomas Kittredge, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania  19103

John D. Gordan, III, Esq.
Eugene Bannigan, Esq.
John Thomas, Esq.
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York

*Attorneys for Tarlo Lyons*

Conrad O. Kattner, Esq.
McShea & Teece, P.C.
1735 Market Street, 16th Floor
Philadelphia, PA  19103

*Attorneys for Stanley Munson*

Dated:  New York, New York
        January 3, 2005

_____
Miguel A. Villarreal