# EXHIBIT 3

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>DAVID FORREST, *et al.*,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 02-CV-4435<br>(Hon. Anita B. Brody) |
| MARTIN FINK,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>NEW HAMPSHIRE INSURANCE CO., *et al.*,<br><br>　　　　　　　　　　Defendants.<br>　～～～～～～～～～～～～～～<br><br>LEXINGTON INSURANCE COMPANY,<br><br>　　　　　　　　Counterclaimant,<br><br>　　against-<br><br>MARTIN FINK and NEW BEGINNINGS<br>ENTERPRISES, LLC,<br><br>　　　　Counterclaim Defendants. | Civil Action No. 04-CV-5370<br>(Hon. Anita B. Brody) |

## OBJECTIONS OF AMERICAN INTERNATIONAL GROUP, INC. AND NEW HAMPSHIRE INSURANCE COMPANY TO SUBPOENAS DUCES TECUM

American International Group, Inc. ("AIG") and New Hampshire Insurance Company ("New Hampshire"), pursuant to the provisions of Fed. R. Civ. P. 45(c)(2)(B), make the following objections to the identical subpoenas duces tecum served on each of them on December 29, 2004. To the extent not objected, and not already produced in this action by Lexington Insurance Co., AIG and New Hampshire will produce documents in response to the subpoenas.

**Subpoena Request No. 3**

3. Any witness statement, affidavit, affirmation, deposition or trial or hearing testimony by any present or former employee of, or any attorney for, American International Group, Inc., Lexington Insurance Co. or New Hampshire Insurance Co., containing any information concerning any insurance-backed motion picture financing transaction or the termination of participation by any of those companies in that class of business.

**Objection to Request No. 3**

AIG and New Hampshire object to Request No. 3 to the extent that it seeks any documents other than Witness Statements submitted in the English litigation pertaining to Hollywood Funding Nos. 4 and 5, on the grounds that to such extent the Request seeks documents that are neither relevant to the issues raised in the Second Amended and Supplemental Complaint annexed to each subpoena (the "Complaint") nor reasonably calculated to lead to the discovery of admissible evidence.

**Subpoena Request No. 5**

5. All pleadings, court filings, documents produced by any party or non-party, witness statements and any pleading, authority or document bundles submitted to the High Court or the Court of Appeal in <u>HIH Casualty and General Insurance Ltd</u>. v. <u>New Hampshire Insurance Co. and others</u>.

**Objection to Request No. 5**

AIG and New Hampshire object to Request No. 5 on the grounds that it seeks documents that are neither relevant to any issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence as the lawsuit referred to in the Request concerns the construction and interpretation of provisions in insurance and reinsurance agreements, matters that are not raised in the Complaint. In addition, production of documents in response to the extensive and unparticularized scope of the Request would be extremely burdensome even if all such responsive documents were relevant to the issues in this action, which they are not. And,

many of the documents requested are prohibited from disclosure by English confidentiality restrictions.

**Subpoena Request No. 6**

6. Any document concerning the decision to terminate the underwriting by Lexington Insurance Co. or New Hampshire Insurance Co. of coverage for insurance-backed motion picture financing transactions, including but not limited to the meeting between Messrs. Greenberg and Peacock referenced at LEX-01 006954.

**Objection to Request No. 6**

AIG and New Hampshire object to Request No. 6 to the extent that it seeks documents other than those pertaining to Lexington Insurance Co. ("Lexington") on the grounds that to such extent the Request seeks documents that are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence.

**Subpoena Request No. 7**

7. Any document concerning the reinsurance contract referred to as "Project Kraut," including but not limited to the reason(s) for its formation, its negotiation, and any cession under it of any risk referred to in paragraphs 4, 27 and 33 of the Complaint insured or reinsured by New Hampshire Insurance Co.

**Objection to Request No. 7**

AIG and New Hampshire object to this Request on the grounds that it seeks documents that are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence as the reinsurance program referred to as "Project Kraut" pertained solely to the reinsurance of film finance risks insured by New Hampshire which is not a party to the Complaint, and New Hampshire's insurance of the film *It Had To Be You* is not relevant to the issues in the Complaint.

**Subpoena Request No. 8**

      8.    All documents concerning the settlement of any claim or litigation against Lexington Insurance Co. regarding Hollywood Funding Nos. 4, 5 or 6.

**Objection to Request No. 8**

      AIG and New Hampshire object to Request No. 8 as they are obligated to do by virtue of confidentiality provisions in the relevant settlement agreements sought by this Request. Upon entry of a suitable court order, the settlement documents sought by this Request will be produced.

Dated: January 12, 2005

                             CAHILL GORDON & REINDEL LLP

                             By: *Edward P. Krugman*

*Of Counsel:*                        Edward P. Krugman

    Kevin J. Burke                  80 Pine Street
    Ira J. Dembrow              New York, New York 10005
                               (212) 701-3000

                               *Attorneys for American International Group, Inc. and New Hampshire Insurance Company*

TO:

John D. Gordan, III
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

*Attorneys for Defendant Tarlo Lyons*

## CERTIFICATE OF SERVICE

I certify that a copy of "Objections of American International Group, Inc. and New Hampshire Insurance Company to Subpoenas Duces Tecum" was served this 12th day of January, 2005 by Federal Express, next day delivery, addressed to the following:

> Thomas M. Kittridge
> Kenneth L. Racowski
> Morgan, Lewis & Bockius LLP
> 170 Market Street
> Philadelphia, PA  19103
>
> John D. Gordan, III
> Eugene F. Bannigan
> John Thomas
> Morgan, Lewis & Bockius LLP
> 101 Park Avenue
> New York, New York  10178
>
> *Attorneys for Defendant Tarlo Lyons*

and by United States First Class Mail addressed to the following:

> Edward M. Dunham, Jr., Esq.
> Shannon Hampton Sutherland, Esq.
> Duane Morris LLP
> One Liberty Place
> Philadelphia, PA  19103-7396
>
> *Attorneys for David Forrest*
>
> Nicholas M. Centrella, Esq.
> Kevin Dooley Kent, Esq.
> Conrad O'Brien Gellman & Rohn, P.C.
> 1515 Market Street, 16th Floor
> Philadelphia, PA  19102
>
> *Attorneys for T. Beauclerc Rogers, IV*
>
> Neil G. Epstein, Esq.
> Eckert Seamans Cherin & Mellott, LLC
> 1515 Market Street - Ninth Floor
> Philadelphia, PA  19102

Sanford I. Michelman, Esq.
Mora Z. Hanna, Esq.
Jeffrey D. Farrow, Esq.
Michelman & Robinson, LLP
4 Hutton Centre Drive, Suite 300
Santa Ana, CA  92707

*Attorneys for Martin Fink*

Alexander Kerr, Esq.
Stephen P. McFate
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA  19103

Charles A. Adamek, Esq.
Beverly Y. Lu, Esq.
Lord, Bissell & Brook LLP
300 S. Grand Avenue, Suite 800
Los Angeles, CA  90071

*Attorneys for New Beginnings Enterprises*

Conrad O. Kattner
McShea Teece P.C.
Mellon Bank Center, 16th Floor
1735 Market Street
Philadelphia, PA  19103

*Attorneys for Stanley Munson*

Dated:   New York, New York
         January 12, 2005

                                      _____
                                      Ira J. Dembrow

-2-

# EXHIBIT 4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

LEXINGTON INSURANCE COMPANY,

　　　　　　　　Plaintiff,

-against-

DAVID FORREST, *et al.*,

　　　　　　　　Defendants.

---

MARTIN FINK,

　　　　　　　　Plaintiff,

-against-

NEW HAMPSHIRE INSURANCE CO., *et al.*,

　　　　　　　　Defendants.

~~~~~~~~~~~~~~~~~~~~~

LEXINGTON INSURANCE COMPANY,

　　　　　　　　Counterclaimant,

against-

MARTIN FINK and NEW BEGINNINGS
ENTERPRISES, LLC,

　　　　　　　　Counterclaim Defendants.

Civil Action No. 02-CV-4435
(Hon. Anita B. Brody)

Civil Action No. 04-CV-5370
(Hon. Anita B. Brody)

### RESPONSES OF AMERICAN INTERNATIONAL GROUP, INC. AND NEW HAMPSHIRE INSURANCE COMPANY TO SUBPOENAS DUCES TECUM

American International Group, Inc. ("AIG") and New Hampshire Insurance Company ("New Hampshire") make the following responses to the identical subpoenas duces tecum served on each of them on December 29, 2004. AIG and New Hampshire incorporate herein by reference their Objections to the Subpoenas, dated and served on January 12, 2005 (the "AIG/New Hampshire Objections").

**Subpoena Request No. 1**

1.    Any document concerning any transaction identified in paragraphs 4, 27 or 33 of the Complaint or reporting on any loss or claim made on any insurance or reinsurance applicable thereto.

**Response to Request No. 1**

Documents responsive to Request No. 1 have already been produced in this action by Lexington Insurance Company.

**Subpoena Request No. 2**

2.    Any document concerning the underwriting or placement of any insurance or reinsurance applicable to any transaction identified in paragraphs 4, 27 or 33 of the Complaint.

**Response to Request No. 2**

Documents responsive to Request No. 2 have already been produced in this action by Lexington Insurance Company.

**Subpoena Request No. 3**

3.    Any witness statement, affidavit, affirmation, deposition or trial or hearing testimony by any present or former employee of, or any attorney for, American International Group, Inc., Lexington Insurance Co. or New Hampshire Insurance Co., containing any information concerning any insurance-backed motion picture financing transaction or the termination of participation by any of those companies in that class of business.

**Response to Request No. 3**

See the documents accompanying these Responses numbered AIG 000001-AIG 001598. See also the Objection to Request No. 3, AIG/New Hampshire Objections.

**Subpoena Request No. 4**

4.    Any document prepared prior to August 4, 2000, alleging or discussing any alleged fraud, misrepresentation, non-disclosure or misappropriation in connection with any insurance-backed motion picture financing transaction in which Lexington Insurance Co. or New Hampshire Insurance Co. participated as an insurer or reinsurer.

**Response to Request No. 4**

AIG and New Hampshire have no documents responsive to Request No. 4.

**Subpoena Request No. 5**

5.  All pleadings, court filings, documents produced by any party or non-party, witness statements and any pleading, authority or document bundles submitted to the High Court or the Court of Appeal in <u>HIH Casualty and General Insurance Ltd</u>. v. <u>New Hampshire Insurance Co. and others</u>.

**Response to Request No. 5**

<u>See</u> the Objection to Request No. 5, AIG/New Hampshire Objections.

**Subpoena Request No. 6**

6.  Any document concerning the decision to terminate the underwriting by Lexington Insurance Co. or New Hampshire Insurance Co. of coverage for insurance-backed motion picture financing transactions, including but not limited to the meeting between Messrs. Greenberg and Peacock referenced at LEX-01 006954.

**Response to Request No. 6**

<u>See</u> the documents accompanying these Responses numbered AIG 001599-AIG 001602. <u>See also</u> the Objection to Request No. 6, AIG/New Hampshire Objections.

**Subpoena Request No. 7**

7.  Any document concerning the reinsurance contract referred to as "Project Kraut," including but not limited to the reason(s) for its formation, its negotiation, and any cession under it of any risk referred to in paragraphs 4, 27 and 33 of the Complaint insured or reinsured by New Hampshire Insurance Co.

**Response to Request No. 7**

<u>See</u> the Objection to Request No. 7, AIG/New Hampshire Objections.

-3-

## CERTIFICATE OF SERVICE

I certify that a copy of "Responses of American International Group, Inc. and New Hampshire Insurance Company to Subpoenas Duces Tecum" was served this 14th day of January, 2005 by hand addressed to the following:

> John D. Gordan, III
> Eugene F. Bannigan
> John Thomas
> Morgan, Lewis & Bockius LLP
> 101 Park Avenue
> New York, New York  10178
>
> *Attorneys for Defendant Tarlo Lyons*

and by United States First Class Mail addressed to the following:

> Thomas M. Kittridge
> Kenneth L. Racowski
> Morgan, Lewis & Bockius LLP
> 170 Market Street
> Philadelphia, PA  19103
>
> *Attorneys for Defendant Tarlo Lyons*
>
> Edward M. Dunham, Jr., Esq.
> Shannon Hampton Sutherland, Esq.
> Duane Morris LLP
> One Liberty Place
> Philadelphia, PA  19103-7396
>
> *Attorneys for David Forrest*
>
> Nicholas M. Centrella, Esq.
> Kevin Dooley Kent, Esq.
> Conrad O'Brien Gellman & Rohn, P.C.
> 1515 Market Street, 16th Floor
> Philadelphia, PA  19102
>
> *Attorneys for T. Beauclerc Rogers, IV*
>
> Neil G. Epstein, Esq.
> Eckert Seamans Cherin & Mellott, LLC
> 1515 Market Street - Ninth Floor
> Philadelphia, PA  19102

Sanford I. Michelman, Esq.
Mora Z. Hanna, Esq.
Jeffrey D. Farrow, Esq.
Michelman & Robinson, LLP
4 Hutton Centre Drive, Suite 300
Santa Ana, CA 92707

*Attorneys for Martin Fink*

Alexander Kerr, Esq.
Stephen P. McFate
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Charles A. Adamek, Esq.
Beverly Y. Lu, Esq.
Lord, Bissell & Brook LLP
300 S. Grand Avenue, Suite 800
Los Angeles, CA 90071

*Attorneys for New Beginnings Enterprises*

Conrad O. Kattner
McShea Teece P.C.
Mellon Bank Center, 16th Floor
1735 Market Street
Philadelphia, PA 19103

*Attorneys for Stanley Munson*

Dated:   New York, New York
         January 14, 2005

_____
              Ira J. Dembrow

-2-

# EXHIBIT 5

| | | |
|---|---|---|
| **John D. Gordan III/NY/MLBLaw**<br>01/24/05 12:22 PM | To | ekrugman@cahill.com, idembrow@cahill.com, kburke@cahill.com, mvillareal@cahill.com |
| | cc | John N. Thomas/NY/MLBLaw@MorganLewis, Eugene F. Bannigan/NY/MLBLaw@MorganLewis |
| | bcc | akerr@mccarter.com; blu@lordbissell.com; cadamek@lordbissell.com; ckattner@mcshea-tecce.com; ebannigan@morganlewis.com; emdunham@duanemorris.com; jfarrow@mrllp.com; jrohn@cogr.com; jthomas@morganlewis.com; kkent@cogr.com; ncentrella@cogr.com; nepstein@eckertseamans.com; SHSutherland@duanemorris.com; smcfate@mccarter.com; tkittredge@morganlewis.com; jmiller@bwlaw.co.uk |
| | Subject | Meet and Confer on January 19 |

Dear Ed:

I am writing to confirm what I think we agreed and disagreed about in our phone conference January 19. We intend to bring a motion to compel shortly with regard to items where we do not have agreement. In certain instances I will identify matters which we did not discuss and seek your position. Finally, I need you to let me know when you will provide the information you have agreed to provide, since the short discovery deadline makes that important.

In our telephone conversation, we discussed outstanding items in earlier correspondence and the objections and responses of AIG and New Hampshire to subpoenas served on them at the end of December.

*Outstanding items*

Maclay Report in full with appendices -- You indicated that you were now in a position to produce most of it and its appendices. I called your attention to the fact that item 50 of the docket shows that you filed five volumes of exhibits to the report many months ago.

You agreed to include the HF 4 and 5 pleadings and information on the calculation and movement of moneys from Hollywood Funding in your application to Justice Coleman.

We began discussions which, following the phone conference on January 20 and our further conversations on January 21, have lead to an agreed proposed order which we will submit today regarding the HF4/5 settlement. You have subsequently agreed to supply documents concerning the mediation leading to the settlement but did not wish that included in the order.

You are preparing a privilege log with regard to your earlier production. You advised that the blanking out in the AXA-AIG documents I drew to your attention were due to common interest privilege, and that this would be reflected on the log you are providing.

I had intended to discuss the gaps in the Denton Hall trial bundles produced but neglected to bring that up. Could you please advise me of the result of your inquiries ?

You are to send me the emails that concern the restrictions put on your disclosure of the Tarlo Lyons documents by Numerica, from which you got them, so that I can approach my client for the necessary clearance for you to produce them in discovery to the other parties to this action.

I would like to ask you whether the files of Loeb and Loeb and your firm have been reviewed for responsive documents. I see no evidence of any production from such files, but I might not recognize it.

You advised that your client has custody of many boxes of original Flashpoint documents in London that have not been produced. You undertook to make those available to me.

*Aig/New Hampshire Subpoenas*

Response to 1 and 2 -- You indicated that you had thought these requests were limited to HF4-6. You agreed to produce the requested documents, specifically New Hampshire's documents on HF 1-6 and responsive documents from Tom Ripp's files, which you represented is the only place in AIG where responsive documents would be..

Objection to 3 - You stood on your refusal. We discussed a search for such documents at Tarlo Lyons' expense since these two entities are third parties. I did not accept that characterization.

Response 4 - You again had thought that these requests were limited to HF 4-6. Now that you realize that they concern the film portfolios as a whole, you refuse to produce the documents.

Objection to 5 - Your refusal to produce documents from the HF1-2 litigation was based on a representation to you by your UK colleagues that nothing relevant to the present case was involved. I drew your attention to the sections of the opinion of Rix LJ discussion the 7.23 side-agreement and collateral agreement and the allegations of fraud. You agreed to reconsider your objection, noting that much of this material could be subject to the implied undertaking. **I would point out to you the portion that was before the High Court and the Court of Appeal is public record.**

Objections to 6 and 7 - You stood on your refusal, althouhgh you acknowledged that New Hampshire had ceded its Flashpoint exposures into the Project Kraut cover.

Objection to 8 - resolved in the Conference before Judge Brody on January 20.

I need to hear from you about any substantive mistakes I have made, and when you intend to deliver these documents. Obviously the same goes for the witness statements you told Judge Brody you expected to have permission to produce the exhibits to, as well as the statement, on January 21.