# EXHIBIT 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
THE CHASE MANHATTAN BANK                        :
                                                :     Index No.: 600996/2000
                         Plaintiff,             :
                                                :     ANSWER
              - against -                       :
                                                :
NEW HAMPSHIRE INSURANCE COMPANY,                :
                                                :
                         Defendant.             :
-----------------------------------------------------------------X

       Defendant New Hampshire Insurance Company ("New Hampshire"), by its attorneys, D'Amato & Lynch, as and for its answer to the complaint herein (the "Complaint"):

       1.     Declines to respond to the allegations contained in paragraph 1 of the Complaint inasmuch as they require no response, and refers to the Complaint for the contents thereof.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

       3.     Admits the allegations contained in paragraph 3 of the Complaint.

       4.     Denies the allegations contained in paragraph 4 of the Complaint, except admits that AIG Europe (UK) Ltd. sometimes acts as its agent in connection with insurance policies issued pursuant to solicitations from the London insurance market.

       5.     Denies the allegations contained in paragraph 5 of the Complaint, except admits that it has an office and transacts business in New York.

       6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that it maintains on office in New York County.

       7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint inasmuch as the "written agreement" referred to is not defined, and no such agreement is attached to the Complaint.

       8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and refers to any such insurance policy for the terms thereof.

10. Admits that it subscribed to and became the insurer under a policy of insurance brokered by Stirling Cooke Brown Insurance Brokers Limited, under Cover Note No. AHO112398, dated March 16, 1998 (the "Relevant Policy"), and that such policy was amended by addenda dated January 12, 1999 and November 18, 1999, and refers to such policy and the addenda thereto for the contents thereof, and further states that, pursuant to "Cut-Through Endorsements" annexed to the Relevant Policy at the time it was issued, other insurance companies became directly responsible to the insured for portions of any loss covered by such policy.

11. In response to paragraph 11 of the Complaint, admits, upon information and belief, that plaintiff paid the premium payable under the Relevant Policy.

12. In response to paragraph 12 of the Complaint, refers to the Relevant Policy for the contents thereof.

13. In response to paragraph 13 of the Complaint, refers to the Relevant Policy for the contents thereof.

14. In response to paragraph 14 of the Complaint, refers to the Relevant Policy for the contents thereof.

15. In response to paragraph 15 of the Complaint, refers to the Relevant Policy and the addenda thereto for the contents thereof.

16. In response to paragraph 16 of the Complaint, refers to the Relevant Policy for the contents thereof.

17. In response to paragraph 17 of the Complaint, refers to the Relevant Policy for the contents thereof.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that the materials apparently incorporated pursuant to the addendum to the Relevant Policy dated November 18, 1999 state that the definition of "Claim Date" set forth in such policy was to be amended read as follows: "January 1, 2000; provided that Delivery of the Project occurs prior to that date."

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, except admits that plaintiff sent letters dated December 16, 1999 and January 2, 2000 to Striling Cooke Brown Insurance Brokers Limited, with copies to New Hampshire and others, and refers to such letters for the contents thereof.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the Claim Date contained in paragraph 22 of the Complaint, and denies the remaining allegations of said paragraph, except admits that it has made no payment to plaintiff pursuant to the terms of the Relevant Policy.

23. Repeats and realleges in response to paragraph 23 of the Complaint its allegations to the paragraphs of the Complaint repeated and realleged therein.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, ALLEGES:**

26. Plaintiff has, upon information and belief, failed to satisfy the conditions precedent and has otherwise failed to comply with the terms and conditions of the Relevant Policy, thereby excusing any performance by New Hampshire under such policy.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE, ALLEGES:**

27. Plaintiff has failed to join indispensable parties necessary to the complete adjudication of the issues raised by the Complaint herein.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, ALLEGES:**

28. Upon information and belief, the Relevant Policy was induced, procured and obtained through the use of false and/or misleading representations and/or material omissions inasmuch as the agreements and other documents submitted by plaintiff prior to the issuance of such policy provided inadequate information and inaccurate representations concerning the foreseeable risks attendant to the contemplated business venture and the financing thereof.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, ALLEGES:**

29. New Hampshire is not responsible in any event for payment of all losses, if any, covered and payable pursuant to the terms and conditions of the Relevant Policy.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, ALLEGES:**

30.     Any loss suffered or damages sustained by plaintiff in connection with the matters alleged in the Complaint were caused and/or brought about, in whole or material part, by the affirmative wrongdoing, fault and/or negligence of plaintiff and/or persons other than New Hampshire, without similar acts of New Hampshire contributing thereto.

WHEREFORE, defendant New Hampshire Insurance Company demands judgment dismissing the Complaint herein in its entirety, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           April 4, 2000

                                        D'AMATO & LYNCH

                                        By: _____
                                            Richard F. Russell
                                        Attorneys for Defendant
                                         New Hampshire Insurance Company
                                        70 Pine Street
                                        New York, New York 10270
                                        (212) 269 - 0927

4

# EXHIBIT 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
THE CHASE MANHATTAN BANK,

            Plaintiff,

  -against-

AXA REINSURANCE UK PLC, NEW
HAMPSHIRE INSURANCE COMPANY,
GREAT LAKES REINSURANCE (UK) PLC,
ODYSSEY RE (LONDON) LTD. PER
ODYSSEY MANAGEMENT LTD., GENERAL
STAR INTERNATIONAL INDEMNITY LTD.,
ROYAL AND SUN ALLIANCE INSURANCE PLC,
AND HIH CASUALTY & GENERAL INSURANCE
LIMITED,

            Defendants.
---------------------------------------------------------------x

Index No. 601068/2000

ANSWER AND
COUNTERCLAIM

Defendants, New Hampshire Insurance Company ("New Hampshire"), Great Lakes Reinsurance (UK) PLC ("Great Lakes"), Odyssey Re (London) Ltd. per Odyssey Management Ltd. ("Odyssey Re"), General Star International Indemnity Ltd. ("GenStar"), Royal and SunAlliance Insurance PLC ("Royal"), and HIH Casualty & General Insurance Limited ("HIH"), (referred to collectively as the "Defendants"), by their attorneys, Mound, Cotton & Wollan, as and for their Answer and Counterclaim, allege as follows:

1.     Neither admit nor deny the allegations in paragraph 1 of the Complaint and refer the Court to the Complaint for its nature and substance.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except New Hampshire admits that it is a Pennsylvania corporation and that it maintains an office and transacts business in New York.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, except Great Lakes admits that it is a company organized under the laws of England and Wales, with its principal place of business in London, England.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except Odyssey Re admits that it is a company organized under the laws of England and Wales, with its principal place of business in London, England.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, except GenStar admits that it is a company organized under the laws of England and Wales, with its principal place of business in London, England.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, except Royal admits that it is a company organized under the laws of England and Wales, with its principal place of business in London, England.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except HIH admits that it is a company organized under the laws of Australia, with its principal place of business in Sydney, Australia.

10. Deny the allegations in paragraph 10, except admit that the Defendants have, from time to time, subscribed insurance policies issued pursuant to solicitations in the London market.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, as the "written agreement" referred to therein is not identified, and refer all questions of law to the Court.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and refer all questions of law to the Court.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint, except admit that Defendants issued to Chase a policy of insurance dated September 25, 1998 bearing No. OL091A (the "Policy") and refer the Court to the Policy for its terms and conditions.

15. Deny the allegations in paragraph 15 of the Complaint, except refer the Court to the Policy for its terms and conditions.

16. Deny the allegations contained in paragraph 16 of the Complaint except each of the Defendants admits that it received premium in connection with the Policy.

17. Deny the allegations in paragraph 17 of the Complaint, except refer the Court to the Policy for its terms and conditions.

18. Deny the allegations in paragraph 18 of the Complaint, except refer the Court to the Policy for its terms and conditions.

19. Deny the allegations in paragraph 19 of the Complaint, except refer the Court to the Policy for its terms and conditions.

20. Deny the allegations in paragraph 20 of the Complaint, except refer the Court to the Policy for its terms and conditions.

21. Deny the allegations in paragraph 21 of the Complaint, except refer the Court to the Policy for its terms and conditions.

22. Deny the allegations in paragraph 22 of the Complaint, except refer the Court to the Policy for its terms and conditions.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint, except admit that Chase sent letters dated January 25, 2000 and March 7, 2000 and refer the Court to the letters for their contents.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except admit that Defendants have not made any payments to Chase under the Policy.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. In response to the allegation in paragraph 28 of the Complaint, repeat paragraphs 1 through 27 of this Answer as though fully set forth herein.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Upon information and belief, Chase has failed to satisfy the conditions precedent to coverage under the Policy, thereby excusing the performance of the Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. The Policy provides under GENERAL CONDITIONS:

Due diligence        2. The Insured shall at all times do and concur in doing all things reasonably necessary after the date hereof to avoid or diminish a loss to Insurers under

> this Policy. Insurers confirm that the due diligence obligation of the Insured shall mean that it shall at all times do and concur in doing all things reasonably necessary to avoid or diminish a loss to Insurers under this Policy in the same manner as a similarly situated prudent uninsured banker...

33. Upon information and belief, Chase failed to act in the same manner as a similarly situated prudent uninsured banker and, therefore, its claim against Defendants is barred.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. The Policy provides under GENERAL EXCLUSIONS:

> This Insurance will not indemnify the Insured against any Ascertained Net Loss directly or indirectly arising out of, contributed by or resulting from:
>
> Fraud    1. Any fraud, misrepresentation or concealment against the Insurers by the Insured, any employee of the Insured, or the Production Company, or any employee of the Production Company, it being acknowledged that the only information that the Production Company has provided upon which the Insurers are relying is contained in Section 1 of the Questionnaire...

35. Upon information and belief, Chase misrepresented and/or concealed facts and information material to the risk insured under the Policy peculiarly within its knowledge including, but not limited to, its superior knowledge regarding the manner in which the risk would be packaged, structured and presented to the Defendants, which did not accurately reflect the facts pertinent to the risk, e.g. the potential value of the production being insured, the *bona fides* of the representations being made concerning the risk, the *bona fides* of the various parties who were participating either directly or indirectly in the risk being insured, the risk insured and its value, and the relationships

(both past and present) among and between Chase, the risk manager, the broker, the sales agent, and others who played a role in the placement of the risk.

36. Upon information and belief, the loss alleged by Chase resulted from the fraud, misrepresentation and/or concealment of Chase, by virtue of which Defendants are not obligated to indemnify Chase under the Policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Defendants repeat and reallege the allegations in paragraph 35 as if fully set forth herein.

38. Upon information and belief, Chase concealed material facts from Defendants with respect to the Policy and amendments thereto that in good faith it was bound to disclose.

39. Upon information and belief, Chase concealed these material facts from Defendants in order to induce them to issue the Policy.

40. Upon information and belief, the facts concealed by Chase were peculiarly within the knowledge of Chase.

41. Based on the foregoing, the Policy is void *ab* *initio* and Chase's claim is barred.

## COUNTERCLAIM FOR RESCISSION

42. Defendants repeat and reallege paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. Counterclaim-Defendant Chase is a New York banking corporation with its principal place of business at 270 Park Avenue, New York, NY.

44. Chase is a world-wide banking organization which, *inter alia*, is in the business of financing the production of motion pictures in the United States and elsewhere.

45. Upon information and belief, Chase has been an aggressive and substantial participant in insurance-backed financing for the motion picture industry and has collected millions of dollars in fees, interest, and commissions for its participation in insurance-backed motion picture loans and related transactions.

46. Upon information and belief, Chase misrepresented to and/or concealed material facts peculiarly within its knowledge from Defendants in connection with its procurement of the Policy including, but not limited to, its superior knowledge regarding the manner in which the risk would be packaged, structured and presented to Defendants, which did not accurately reflect the facts pertinent to the risk, e.g. the potential value of the production being insured, the *bona fides* of the representations being made concerning the risk, the *bona fides* of the various parties who were participating either directly or indirectly in the risk being insured, the risk insured and its value, and the relationships (both past and present) among and between Chase, the risk manager, the broker, the sales agent, and others who played a role in the placement of the risk.

47. Upon information and belief, Chase knowingly and intentionally made misrepresentations and concealed material facts with the intent that Defendants would rely on them in their decision to issue the Policy.

48. Defendants were induced to enter into this transaction by Chase's misrepresentations and/or concealments.

49. Defendants reasonably relied to their serious detriment upon the truth and completeness of Chase's representations and have suffered damages as a result thereof.

50. In view of the foregoing, the Policy is rendered void <u>ab initio</u>.

WHEREFORE, Defendants demand judgment:

1) Dismissing the Complaint in its entirety and awarding Defendants their costs and attorneys' fees;

2) rescinding the Policy; and

3) for such other relief as the Court deems just and proper.

Dated: New York, New York
April 26, 2000

MOUND, COTTON & WOLLAN

By: _____
Stuart Cotton
Emilie L. Bakal
One Battery Park Plaza
New York, NY 10004
(212) 804-4200
Attorneys for Defendants New Hampshire
Insurance Company, Great Lakes Reinsurance (UK)
PLC, Odyssey Re (London) Ltd. per Odyssey
Management Ltd., General Star International Indemnity
Ltd., Royal and SunAlliance Insurance PLC, and
HIH Casualty & General Insurance Limited